**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**KELTON DAVIS, WILLIAM TURNER,**
**ALTAGRACIA HERNANDEZ, EDWIN**
**LARREGUI, ROMAN JACKSON, KRISTIN**
**JOHNSON, ELEANOR BRITT, ANTHONY**
**ANDERSON, LASHAUN SMITH, SHAWNE**                    **10 Civ. 0699 (SAS)**
**JONES, HECTOR SUAREZ, ADAM COOPER,**
**ANDREW WASHINGTON, P.L. BY HIS PARENT**
**LISA PIGGOTT, DAVID WILSON, AND**
**GENEVA WILSON, individually and on behalf of a**
**class of all others similarly situated;**

                                    **Plaintiffs,**

                    **- against -**

**THE CITY OF NEW YORK and NEW YORK**
**CITY HOUSING AUTHORITY;**

                                    **Defendants.**

Defendant New York City Housing Authority ("NYCHA" or "Housing Authority"), by its General Counsel, Sonya M. Kaloyanides, answers the complaint as follows:

1.    Denies the allegations set forth in paragraph "1" of the complaint except admits that plaintiffs purport to proceed as set forth therein.

2.    Denies the allegations set forth in paragraph "2" of the complaint except admits that the City of New York, through the New York City Police Department ("NYPD") conducts vertical patrols of housing developments owned and operated by NYCHA pursuant to a Memorandum of Understanding with NYCHA.

3.    Denies the allegations set forth in paragraph "3" of the complaint except admits that a vertical patrol is a patrol of the common areas of a NYCHA housing development.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegation set forth in paragraph "4" of the complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.    Denies the allegations set forth in paragraph "6" of the complaint.

7.    Denies the allegations set forth in paragraph "7" of the complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.    Denies the allegations set forth in paragraph "9" of the complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint except admits that NYCHA tenant leaders authored a document entitled *The Public Housing Police and Public Housing Resident Perceptions* and respectfully refers the Court to that document for a complete and accurate description of its contents.

11.    Denies the allegations set forth in paragraph "11" of the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Denies the allegations set forth in paragraph "13" of the complaint except admits plaintiffs purport to proceed as set forth therein.

14.    Denies the allegations set forth in paragraph "14" of the complaint except admits that this Court has jurisdiction of this action.

15.    Denies the allegations set forth in paragraph "15" of the complaint except admits that this Court has jurisdiction of this action.

16.    Denies the allegations set forth in paragraph "16" of the complaint except admits that this Court has jurisdiction of this action.

17.    Denies the allegations set forth in paragraph "17" of the complaint except admits that venue is proper in the United States District Court for the Southern District of New York; that NYCHA's principal place of business is in New York County; and that NYCHA does business in the Counties of Bronx and New York.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint except admits that some of the named plaintiffs are NYCHA residents and have identified themselves as Latino or African American.

20.    Denies the allegations set forth in paragraph "20" of the complaint except admits that some of the named plaintiffs are NYCHA residents and have identified themselves as Latino or African American.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "21" of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "22" of the complaint except admits that Kelton Davis previously represented himself to NYCHA as Black.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "23" of the complaint except admits that Altagracia Hernandez is a tenant of record at NYCHA Carver Houses , 60 East 102nd Street in the City of New York, Borough of Manhattan and has identified herself as Hispanic and Latina.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "24" of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "26" of the complaint except admits that Eleanor Britt is the tenant of record at NYCHA Taft Houses, 131 St. Nicholas Avenue in Manhattan, and has identified herself as Black.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "27" of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "28" of the complaint except admits that Shawne Jones is a tenant of record at the NYCHA Langston Hughes Houses at 301 Sutter Avenue in Brooklyn and that she has identified herself as Black.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "29" of the complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "30" of the complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "31" of the complaint except admits that Hector Suarez is a tenant of record at the NYCHA Louis H. Pink Houses at 1211 Loring Avenue in Brooklyn and that he has identified himself as Latino and Puerto Rican.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "32" of the complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "33" of the complaint except admits that a person with the initials PL is an authorized resident of an apartment in Eastchester Gardens at 1236 Burke Avenue in the Bronx and that his parent, Lisa Piggott, identified him as Black and American Indian/Native

Alaskan.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "34" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "35" of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "36" of the complaint except admits that Geneva Wilson is a tenant of record at NYCHA's Randolph Houses, at 255 West 114th Street in Manhattan, and has identified herself as Black.

37.     Denies the allegation set forth in paragraph "37" of the complaint that NYCHA engages in law enforcement activities and admits the remainder of the allegations in paragraph "37."

38.     Denies the allegations set forth in paragraph "38" of the complaint, except admits the allegation in the third sentence of the paragraph and respectfully refers the Court to Public Housing Law Section 402 et seq. for an accurate and complete description of the powers and duties of NYCHA.

39.     Denies the allegations set forth in paragraph "39" of the complaint except admits that the named plaintiffs purport to proceed as described therein.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint except admits that there are more than

400,000 residents in NYCHA developments, the majority of whom are nonwhite.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.    Denies the allegations set forth in paragraph "46" of the complaint.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the paragraph except admits that some named plaintiffs are authorized residents of NYCHA developments and some have identified themselves as Black or Latino.

50.    Denies the allegations set forth in paragraph "50" of the complaint except admits the allegations regarding plaintiffs' counsel.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    Denies the allegations set forth in paragraph "52" of the complaint.

53.    Denies the allegations set forth in paragraph "53" of the complaint.

54.    Denies the allegations set forth in paragraph "54" of the complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint except admits that Kelton Davis is 42 years old, previously represented himself to NYCHA as Black, and lived at NYCHA's Drew Hamilton Houses at 2698 Eighth Avenue, Apt. 5G in Manhattan.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Turner's experiences.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64.     Denies the allegations set forth in paragraph "64" of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the assertions about Mr. Davis' experiences.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint except admits that Roman Jackson was 25 years old at the time of the complaint, has been an authorized resident of Eleanor Britt's apartment at 131 St. Nicholas Avenue, #15A; Ms. Britt identified him as Black; and NYCHA was once notified that he had been arrested.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "67" of the complaint except admits that NYCHA was once notified that Kristin Johnson had been arrested and that the notification identified her as 23 years old and Black.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint except admits that Eleanor Britt is 61 years old, has identified herself as Black, has lived in NYCHA public housing for more than 33 years, is Roman Jackson's grandmother, and is a tenant of record in the building in which Mr. Jackson was arrested.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint except admits that NYCHA was notified that Roman Jackson and Kristin Johnson had been arrested at 131 St. Nicholas Avenue on January 31, 2009.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint except admits the allegations in the second sentence.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84.     Denies the allegation set forth in paragraph "84" of the complaint that NYCHA caused plaintiff pain, suffering, humiliation, and emotional distress and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph "84" of the complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint except admits that Shawne Jones is 34 years old, has identified herself as Black, and has been a resident of the NYCHA Langston

Hughes Apartments at 301 Sutter Ave., Apartment 3D for 20 years.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the complaint.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint except denies that Mr. Smith or Ms. Jones suffered, pain, suffering, humiliation, emotional distress, or loss of liberty as a result of NYCHA's actions.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the complaint.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "96" of the complaint.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99.    Denies the allegations set forth in paragraph "99" of the complaint as to Hector Suarez's age and length of residence in public housing, affirmatively states that Mr. Suarez is 56 years old and has been an authorized resident of Louis H. Pink Houses for 15 years, and admits the allegations in the second sentence of the paragraph.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint except denies that Mr. Suarez suffered pain, suffering, humiliation, or emotional distress as a result of NYCHA's actions.

105.    Denies the allegations set forth in paragraph "105" of the complaint except admits that Lisa Piggott is the mother and legal guardian of P.L., a 17 year old whom she has identified as Black and who is an authorized resident of NYCHA's Eastchester Gardens at 1236 Burke Avenue with his mother, Ms. Piggott.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint except admits that Geneva Wilson is 79 years old and a tenant of record at 255 West 114th Street in Manhattan.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "117" of the complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint except denies that Ms. Wilson suffered pain, suffering, humiliation, or emotional distress as a result of NYCHA's actions.

126.    Denies the allegations set forth in paragraph "126" of the complaint.

127.    Denies the allegations set forth in paragraph "127" except admits the allegations set forth in the second two sentences of the paragraph.

128.    Denies the allegations set forth in paragraph "128" of the complaint.

129.    Denies the allegations set forth in paragraph "129" of the complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "130" of the complaint except admits that NYPD officers

outside of the Housing Bureau patrol NYCHA's residences.

131.     Denies the allegations set forth in paragraph "131" of the complaint.

132.     Denies the allegations set forth in paragraph "132" of the complaint as an

incomplete and inaccurate statement of law and respectfully refers the Court to New York Penal

Law Sections 140.00 through 140.17 for a full and accurate description of New York trespass

law.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "133" of the complaint.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "134" of the complaint.

135.     Denies the allegations set forth in paragraph "135" of the complaint except denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

forms used by the Manhattan and Bronx District Attorney's Offices.

136.     Denies the allegations set forth in paragraph "136" of the complaint.

137.     Denies the allegations set forth in paragraph "137" of the complaint.

138.     Denies the allegations set forth in paragraph "138" of the complaint.

139.     Denies the allegations set forth in paragraph "139" of the complaint except denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

forms used by the Manhattan and Bronx District Attorneys' Offices.

140.     Denies the allegations set forth in paragraph "140" of the complaint.

141.     Denies the allegations set forth in paragraph "141" of the complaint.

142.     Denies the allegations set forth in paragraph "142" of the complaint except denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

Inspector Phipps' testimony and admits that the NYPD has the authority to arrest building

residents and charge them with trespass for knowingly entering areas of their building in which

they have no permission or authority to be.

143.    Deny the allegations set forth in paragraph "143" of the complaint except admits

that some NYCHA buildings have signs posted in or around the lobby containing language such

as that quoted, and  respectfully refer the court to a NYCHA lease for a complete and accurate

description of its contents.

144.    Denies the allegations set forth in paragraph "144" of the complaint as an

incomplete and inaccurate statement of law and respectfully refers the Court to New York Penal

Law Sections 140.00 through 140.17 for a full and accurate description of New York trespass

law.

145.    Denies the allegations set forth in paragraph "132" of the complaint as an

incomplete and inaccurate statement of law and respectfully refers the Court to the cited

provisions for a full and accurate description of their contents.

146.    Denies the allegations set forth in paragraph "146" of the complaint.

147.    Denies the allegations set forth in paragraph "147" of the complaint.

148.    Denies the allegations set forth in paragraph "148" of the complaint.

149.    Denies the allegations set forth in paragraph "149" of the complaint.

150.    Denies the allegations set forth in paragraph "150" of the complaint except admits

that most of NYCHA's residents are not white.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "151" of the complaint.

152.    Denies the allegations set forth in paragraph "152" of the complaint.

153.    Denies the allegations set forth in paragraph "153" of the complaint.

154.    Denies the allegations set forth in paragraph "154" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the percentages of persons arrested for trespass and of the city's population who are African or Latino.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the complaint.

160.    Denies the allegations set forth in paragraph "160" of the complaint.

161.    Denies the allegations set forth in paragraph "161" of the complaint.

162.    Denies the allegations set forth in paragraph "162" of the complaint.

163.    Denies the allegations set forth in paragraph "163" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegation as to what Sargeant McReynolds said.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the complaint.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the complaint.

170.    Admits the allegations set forth in paragraph "170" of the complaint.

171.    Admits the allegations set forth in paragraph "171" of the complaint.

172.    Denies the allegations set forth in paragraph "172" of the complaint except admits that NYCHA has permitted the Police Department to engage in vertical patrols in its buildings.

173.    Admits the allegations set forth in paragraph "173" of the complaint.

174.    Denies the allegations set forth in paragraph "174" of the complaint as and incomplete and/or inaccurate description of the Memorandum of Understanding and respectfully refers the court to its contents for a complete and accurate description.

175.    Denies the allegations set forth in paragraph "175" of the complaint except admits that, pursuant to the Memorandum of Understanding,  NYCHA annually pays the NYPD a sum of money for services over and above those provided to the general public.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the complaint except admits that the NYPD maintains a dedicated Housing Bureau to police NYCHA residences and that NYCHA residents receive additional police services from other NYPD units.

177.    Denies the allegations set forth in paragraph "177" of the complaint.

178.     Denies the allegations set forth in paragraph "178" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding a survey of households in Thomas Jefferson Houses and Walt Whitman Houses.

179.     Denies the allegations set forth in paragraph "179" of the complaint except admits that NYCHA tenant leaders delivered a statement to Commissioner Kelly and respectfully refers the Court to that statement for an accurate and complete description of its contents.

180.     Denies the allegations set forth in paragraph "180" of the complaint.

181.     Denies the allegations set forth in paragraph "181" of the complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the percentages of people arrested for trespass in New York City and of the City's population who are African American or Latino.

182.     Denies the allegations set forth in paragraph "182" of the complaint.

183.     Denies the allegations set forth in paragraph "184" of the complaint.

184.     Denies the allegations set forth in paragraph "184" of the complaint.

185.     In response to paragraph "185" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "184" above.

186.     Denies the allegations set forth in paragraph "186" of the complaint.

187.     Denies the allegations set forth in paragraph "187" of the complaint.

188.     Denies the allegations set forth in paragraph "188" of the complaint.

189.     Denies the allegations set forth in paragraph "189" of the complaint.

190.      Denies the allegations set forth in paragraph "190" of the complaint.

191.     Denies the allegations set forth in paragraph "191" of the complaint.

192.     Denies the allegations set forth in paragraph "192" of the complaint.

193.     In response to paragraph "193" of the complaint, NYCHA realleges and

incorporates by reference its responses to paragraphs "1" through "192" above.

194.    Denies the allegations set forth in paragraph "194" of the complaint.

195.    Denies the allegations set forth in paragraph "195" of the complaint.

196.    Denies the allegations set forth in paragraph "196" of the complaint.

197.    Denies the allegations set forth in paragraph "197" of the complaint.

198.    Denies the allegations set forth in paragraph "198" of the complaint.

199.    In response to paragraph "199" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "198" above.

200.    Denies the allegations set forth in paragraph "200" of the complaint.

201.    Denies the allegations set forth in paragraph "201" of the complaint.

202.    In response to paragraph "202" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "201" above.

203.    Denies the allegations set forth in paragraph "203" of the complaint.

204.    Denies the allegations set forth in paragraph "204" of the complaint.

205.    Denies the allegations set forth in paragraph "205" of the complaint.

206.    Denies the allegations set forth in paragraph "206" of the complaint.

207.    Denies the allegations set forth in paragraph "207" of the complaint.

208.    In response to paragraph "208" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "207" above.

209.    Denies the allegations set forth in paragraph "209" of the complaint.

210.    Denies the allegations set forth in paragraph "210" of the complaint.

211.    Denies the allegations set forth in paragraph "211" of the complaint.

212.    Denies the allegations set forth in paragraph "212" of the complaint.

213.    Denies the allegations set forth in paragraph "213" of the complaint.

214.    In response to paragraph "214" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "213" above.

215.    Denies the allegations set forth in paragraph "215" of the complaint.

216.    Denies the allegations set forth in paragraph "216" of the complaint.

217.    Denies the allegations set forth in paragraph "217" of the complaint.

218.    Denies the allegations set forth in paragraph "218" of the complaint.

219.    Denies the allegations set forth in paragraph "219" of the complaint.

220.    In response to paragraph "220" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "219" above.

221.    Denies the allegations set forth in paragraph "221" of the complaint.

222.    Denies the allegations set forth in paragraph "222" of the complaint.

223.     In response to paragraph "223" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "222" above.

224.    Denies the allegations set forth in paragraph "224" of the complaint.

225.    Denies the allegations set forth in paragraph "225" of the complaint.

226.    Denies the allegations set forth in paragraph "226" of the complaint.

227.    Denies the allegations set forth in paragraph "227" of the complaint.

228.    Denies the allegations set forth in paragraph "228" of the complaint.

229.    In response to paragraph "229" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "228" above.

230.    Denies the allegations set forth in paragraph "230" of the complaint.

231.    Denies the allegations set forth in paragraph "231" of the complaint.

232.    Denies the allegations set forth in paragraph "232" of the complaint.

233.    Denies the allegations set forth in paragraph "233" of the complaint.

234.    Denies the allegations set forth in paragraph "234" of the complaint.

235.    In response to paragraph "235" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "234" above.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the complaint.

242.    In response to paragraph "242" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "241" above.

243.    Denies the allegations set forth in paragraph "243" of the complaint.

244.    Denies the allegations set forth in paragraph "244" of the complaint.

245.    Denies the allegations set forth in paragraph "245" of the complaint.

246.    Denies the allegations set forth in paragraph "246" of the complaint.

247.    In response to paragraph "247" of the complaint, NYCHA realleges and incorporates by reference its responses to paragraphs "1" through "246" above.

248.    Denies the allegations set forth in paragraph "248" of the complaint.

249.   Denies the allegations set forth in paragraph "249" of the complaint.

250.   Denies the allegations set forth in paragraph "250" of the complaint.

## AS AND FOR A FIRST DEFENSE

251.   The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

252.   NYCHA has not violated any rights, privileges, and immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, specifically including, but not limited to, 42 U.S.C. §1983, 42 U.S.C. §1981, the Fourth and Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d), Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §3601 *et seq.* ("Fair Housing Act"), the United States Housing Act, 42 U.S.C. §1437, *et seq.*, the Constitution and Laws of the State of New York, and the New York City Human Rights Law.

## AS AND FOR A THIRD DEFENSE

253.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of NYCHA.

## AS AND FOR A FOURTH DEFENSE

254.   Plaintiffs' claims are barred in whole or in part, by the applicable limitations periods.

## AS AND FOR A FIFTH DEFENSE

255.   Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit.

## AS AND FOR A SIXTH DEFENSE

256.   NYCHA played no role in any stop or arrest of any named plaintiff.

## AS AND FOR A SEVENTH DEFENSE

257.   Plaintiffs were not injured by any policy, practice, or custom of NYCHA.

## AS AND FOR AN EIGHTH DEFENSE

258.   To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A NINTH DEFENSE

259.   Any acts or omissions complained of by plaintiffs were taken for legitimate reasons.

## AS AND FOR A TENTH DEFENSE

260.   Plaintiffs do not meet the requirements for class certification under Federal Rule of Civil Procedure 23.

WHEREFORE, the Housing Authority respectfully prays for an order:

1.  dismissing plaintiffs' complaint in its entirety with prejudice;

2.  awarding the Housing Authority costs and expenses in defending against this

    action, including reasonable attorneys' fees; and

3.  awarding the Housing Authority such other and further relief as the Court deems

    just and proper.

DATED:   New York, New York
         April 5, 2010

                              SONYA M. KALOYANIDES
                              General Counsel
                              New York City Housing Authority
                              Attorney for Defendant NYCHA
                              250 Broadway, 9th Floor
                              New York, New York 10007
                              Tel. No.: (212) 776-5152

                     By:   /s/_____
                              Steven J. Rappaport (SR7666)

To:   **Via ECF and First Class Mail**
      Johanna B. Steinberg
      NAACP Legal Defense and Educational Fund Inc.
      99 Hudson Street, Suite 1600
      New York, NY 10013-2897

      Steve Banks
      Attorney-in-Chief
      199 Water Street, 6th Fl.
      New York, NY 10038

      David G. Clunie
      Paul, Weiss, Rifkind, Wharton & Garrison LLP
      1285 Avenue of the Americas
      New York, NY 10019-6064

      David M. Hazan
      Assistant Corporation Counsel
      100 Church Street
      New York, NY 10007