UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

KELTON DAVIS, WILLIAM TURNER, EDWIN
LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON,
ELEANOR BRITT, ANTHONY ANDERSON,
LASHAUN SMITH, SHAWNE JONES, HECTOR
SUAREZ, ADAM COOPER, ANDREW WASHINGTON,
P.L. BY HIS PARENT LISA PIGGOTT, DAVID
WILSON, AND GENEVA WILSON, individually and on
behalf of a class of all others similarly situated;

**STIPULATION AND
PROTECTIVE ORDER**

10 Civ. 0699 (SAS)

                                              Plaintiffs,

                        -against-

THE CITY OF NEW YORK and NEW YORK CITY
HOUSING AUTHORITY;

                                              Defendants.

----------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 21 10

        **WHEREAS,** defendants the City of New York (the "City") and the New York

City Housing Authority ("NYCHA") (collectively, "Defendants") have sought certain

information from plaintiffs Kelton Davis, William Turner, Edwin Larregui, Roman Jackson,

Kristin Johnson, Eleanor Britt, Anthony Anderson, LaShaun Smith, Shawne Jones, Hector

Suarez, Adam Cooper, Andrew Washington, P.L. by his parent Lisa Piggott, David Wilson, and

Geneva Wilson (collectively, "Plaintiffs") in discovery in this action, which Plaintiffs deem

"CONFIDENTIAL INFORMATION" and;

        **WHEREAS,** Plaintiffs object to the production of certain requested discovery

unless appropriate protection for its confidentiality is assured, and;

**WHEREAS,** Plaintiffs have sought certain information and documents from Defendants in discovery in this action, which Defendants deem CONFIDENTIAL INFORMATION and;

**WHEREAS,** Defendants and Plaintiffs object to the production of the discovery unless appropriate protection for its confidentiality is assured, and;

**WHEREAS,** good cause exists for the entry of this Order and;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiffs and Defendants as follows:

1.  As used herein, CONFIDENTIAL INFORMATION shall mean (1) any records of stops, arrests, or prosecutions of Plaintiffs (a) which are not directly related to the incidents that are the subject of this action, and (b) where the charges against Plaintiffs were dismissed and sealed pursuant to N.Y.C.P.L. § 160.50 or any other statutory equivalent; (2) Tax ID numbers of members of the New York City Police Department ("NYPD"); (3) documents that contain identifying information, such as tattoos, with full names or statements in the "narrative" fields that could identify the individual stopped; (4) the dates of birth and whole or partial social security numbers of any party to this action; (5) all personnel and disciplinary records in the possession of the New York City Police Department, the City of New York or the New York City Department of Citywide Administrative Services (DCAS), concerning employees of the City of New York, (6) any medical information; (7) any mental health information; (8) any employment records; (9) any educational records; (10) any documents that the parties agree in writing are subject to this order; and (11) any documents that the Court directs to be produced subject to this order, unless publicly available or otherwise lawfully obtained.

2.  If any party believes a document not described in the above paragraph should

nevertheless be considered confidential, it shall inform the opposing party of such belief, and the parties shall endeavor in good faith to reach agreement regarding the nature of the document.  If the parties are unable to reach an agreement, then the party seeking to have the document deemed confidential may make the application to the Court.  Such application shall only be granted for good cause shown.

3.  Nothing in this Stipulation and Order shall limit or restrict the parties' use of the CONFIDENTIAL INFORMATION at the trial of this case.  However, Plaintiffs or Defendants must provide the opposing party with reasonable notice of their intention to use the CONFIDENTIAL INFORMATION at the trial of this case to afford the opposing party an opportunity to make any application to the Court governing the continued confidential treatment of the CONFIDENTIAL INFORMATION during trial.

4.  The parties shall have a reasonable time to inspect documents sought by subpoena with an executed release in this case from third parties and seek designation of the documents as CONFIDENTIAL INFORMATION, and such documents shall be treated as CONFIDENTIAL INFORMATION during such reasonable period of inspection.

5.  The parties reserve the right to designate any documents confidential pursuant to this agreement, if necessary, after production of such documents to the opposing party.  In the event that documents deemed "Confidential" are or were produced without the "Confidential" label and are otherwise designated as "Confidential" at any time pursuant to this stipulation, the producing party shall provide labeled copies upon request, but unlabeled copies of such documents shall be treated as confidential under this agreement.

6.  If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith

effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7.  The parties shall not use the CONFIDENTIAL INFORMATION for any purpose other than for the preparation or presentation of Plaintiffs', the City's, or NYCHA's case in the above-captioned action.

8.  The parties shall not disclose the CONFIDENTIAL INFORMATION to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

   a.  Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action.

   b.  Disclosure before trial may be made only to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action; to a witness at deposition; or to the Court.

   c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the CONFIDENTIAL INFORMATION for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the CONFIDENTIAL INFORMATION except in testimony taken in this case.  The signed consent shall be retained by counsel for the party disclosing the information.

9. If any party whose CONFIDENTIAL INFORMATION is protected pursuant to this Order publicly discloses documents or information that were previously deemed as CONFIDENTIAL INFORMATION pursuant to paragraph 1 *supra*, then the party waives the confidentiality of said documents and/or information.

10. If an individual police officer or other member of the NYPD in the ordinary course of performing his or her daily job duties as a New York City police officer, unrelated to this litigation, discloses records containing any of the CONFIDENTIAL INFORMATION listed in subsections (1), (3), and (6) of Paragraph No. 1 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order. This exemption applies only to the use of documents by the NYPD in the ordinary course of business.

11. The parties agree that if information or materials are inadvertently produced in discovery that could be withheld as confidential or privileged, then counsel for the receiving party will immediately return the information or material to counsel for the producing party.

12. At the time of deposition, or within ten (10) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript concerning any CONFIDENTIAL INFORMATION, and the portion of the transcript, together with any exhibits which contain CONFIDENTIAL INFORMATION referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be CONFIDENTIAL INFORMATION within the meaning of this Stipulation and Protective Order. If any party wishes to file with the Court any documents that incorporate any CONFIDENTIAL INFORMATION or reveals the contents thereof, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an Order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

13. Within 90 days after the termination of this case, including any appeals, the CONFIDENTIAL INFORMATION, including all copies, notes, and other materials containing or referring to information derived there from, shall be returned to the parties' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the parties' attorneys.

14. Should any of the parties wish to disclose any information contained in the CONFIDENTIAL INFORMATION, they must meet and confer with the opposing party and attempt to agree on what may be disclosed. If the parties are unable to reach an agreement, then the parties may seek review of confidentiality designations under this Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated:  New York, New York

       October 1, 2010

Johanna B. Steinberg
NAACP Legal Defense & Educational Fund, Inc.
99 Hudson Street, 16th Floor
New York, NY 10013
212.965.2269

MICHAEL A. CARDOZO
Corporation Counsel
    of the City of New York
Attorney for Defendants
100 Church Street, Room 3-186
New York, N.Y.  10007

jsteinberg@naacpldf.org

By: _____
       Johanna B. Steinberg

*Attorney for Plaintiffs*


Jason D. Williamson
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, New York 10019
212.373.3224
jwilliamson@paulweiss.com

By: _____
       Jason D. Williamson

*Attorney for Plaintiffs*


William Gibney
The Legal Aid Society
199 Water Street
New York, NY 10038
212.577.3419
WDGibney@legal-aid.org

By: _____
       William Gibney

*Attorney for Plaintiffs*


212.788.0963
preddy@law.nyc.gov

By: _____ 10/21/10
       Prathyusha Reddy
       Senior Counsel
       Special Federal Litigation Division

*Attorney for Defendant City of New York*


Steven Rappaport
New York City Housing Authority
250 Broadway
New York, NY 10007
212.776.5152
Steven.Rappaport@nycha.nyc.gov

By: _____
       Steven Rappaport

*Attorney for Defendant New York City Housing
Authority*


SO ORDERED:

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE   10/21/10

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Kelton Davis, et al. v. City of New York, et al.*, 10 Civ. 699 (SAS), and understands the terms thereof.  The undersigned agrees not to use the CONFIDENTIAL INFORMATION defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the CONFIDENTIAL INFORMATION except in testimony taken in this case.

_____    _____
Date                                   Signature

                                                  _____
Print Name

                                                  _____
Occupation