UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELTON DAVIS, WILLIAM TURNER, ALTAGRACIA HERNANDEZ, EDWIN LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON, ELEANOR BRITT, ANTHONY ANDERSON, LASHAUN SMITH, SHAWNE JONES, HECTOR SUAREZ, ADAM COOPER, ANDREW WASHINGTON, P.L. BY HIS PARENT LISA PIGGOTT, DAVID WILSON, AND GENEVA WILSON, individually and on behalf of a class of all others similarly situated;<br><br>Plaintiffs,<br><br>- against -<br><br>THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY;<br><br>Defendants. | 10 Civ. 0699 (SAS)<br><br>**DECLARATION OF STEVEN J. RAPPAPORT IN SUPPORT OF DEFENDANT CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

      STEVEN J. RAPPAPORT, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

      1. I am an attorney at law admitted to practice before this Court. I am of counsel to Sonya M. Kaloyanides, General Counsel for defendant New York City Housing Authority (the "Housing Authority" or "NYCHA"). I am also a member of the Safety and Security Task Force ("Task Force") co-chaired by Housing Authority Chairman John B. Rhea and Reginald Bowman, Chairman of the Citywide Council of Presidents ("CCOP"), and of its Subcommittees on NYCHA rules and on New York City Police Department Policies and its Relationship with NYCHA Residents. As such, I am fully familiar with all of the proceedings in this case and the facts stated herein.

      2. I submit this declaration in connection with Defendant City of New York's ("City's")

Motion for Partial Summary Judgment on the ground of mootness to (1) supplement the City's Submissions concerning the makeup and conduct of the Task Force; (2) point out that the work of the Task Force negates the allegations in the complaint to the effect that the Housing Authority has ignored its residents' concerns about relations with the Police Department; (3) support the City's motion because the work of the Task Force has addressed the concerns in the complaint and (4) demonstrate that, to the extent the claims against the City are moot, the claims against the Housing Authority fall because all claims against the Housing Authority are predicated on allegations of unlawful behavior by the Police Department.

## The Tenant Leadership Structure

### Resident Associations

3. Most NYCHA developments have Resident Associations, which are also known as Tenant Associations, Resident Councils, or Tenant Councils. These are democratic organizations dedicated to improving the quality of life in NYCHA developments and the surrounding neighborhoods. They give residents a real voice in the operation of the developments.

4. Each Resident Association Executive Board, which is elected by Association members, typically consists of a president, vice-president, secretary, treasurer, and sergeant-at arms.

### Citywide Council of Presidents

5. Every president of a recognized Resident Association is a member of one of nine Citywide Council of Presidents districts in the city. Resident Association presidents of each district elect a Chair who represents that district on the CCOP. The CCOP works with senior NYCHA staff on a variety of issues.

### Formation of The Safety and Security Task Force

6. NYCHA has been proactive in seeking to improve relations between its residents and the Police Department since before the commencement of this lawsuit.  Shortly after taking office last year, NYCHA Chairman John Rhea collaborated with resident leaders and the Police Department to establish a Safety and Security Task Force, consisting of resident leaders, NYCHA personnel, and representatives of several City agencies, including the Police Department.

7. All nine members of the CCOP are active participants in the Safety and Security Task Force.  The Task Force is co-chaired by NYCHA Chairman Rhea and Reginald Bowman, Chairman of the Citywide Council of Presidents.  Other members include NYCHA General Manager Michael Kelly, Assistant Chief Edward Delatorre of the Police Department's Housing Bureau, other senior Housing Authority and Police Department staff, representatives of various other city agencies involved in criminal justice issues, and several resident Association Presidents not on the CCOP.

8. The Task Force was formed in October, 2009 and had its first meeting December 10, 2009.  At the first meeting, CCOP Chairman Bowman presented NYCHA Chairman Rhea with a report, entitled, *The Public Housing Police and Public Housing Residents' Perceptions* (November 30, 2009), cited in the complaint herein, that was critical of police behavior in NYCHA developments and towards NYCHA residents.

9. Accordingly, far from ignoring concerns of its residents about their relations with the Police Department, the Housing Authority began addressing the issues before the concerns were expressed to it and before it received any notice of a potential lawsuit.

### The Instant Complaint

10. In November, 2009, plaintiffs' counsel contacted defendants' counsel to inform them

of their intent to file a lawsuit, without revealing the identity of any particular plaintiffs, unless the "vertical patrol and trespass policies and procedures" were revised "immediately ." See Exhibit I to the Declaration of Edward Delatorre in support of City Defendant's Motion for Partial Summary Judgment ("Delatorre Declaration").

11. A series of meetings ensued between counsel in which defendants' counsel informed plaintiffs' counsel of the working of the Task Force and asked that they hold off on filing a lawsuit to give the Task Force a chance to do its job.

12. The complaint in this action is dated January 28, 2010 and was served on January 29, 2010.

13. By letter dated January 30, 2010, CCOP Chairman Bowman asked plaintiffs' counsel to withdraw the lawsuit, calling it "premature and counterproductive" in light of the work of the Task Force, and invited counsel "to become a part of the process." Delatorre Declaration, Exhibit J.

14. To my knowledge, counsel never responded to Mr. Bowman's invitation.

### The Work of the Task Force

15. The Task Force meets as a whole regularly, for about three hours per session, at first every three weeks and, more recently, every month.

16. In addition, from its inception, the Task Force established five subcommittees, each composed of representatives of residents, the Housing Authority, and the Police Department. Some subcommittees also include representatives of other city agencies, such as the Special Narcotics Prosecutor and the Department of Youth and Community Development.

17. Each subcommittee meets regularly for one and a half hours in between the meetings of the whole Task Force.

18. The Resident Engagement Subcommittee works on various programs to bring together residents and the Police Department, usually under the auspices of the Housing Authority.  Issues have included a revitalized Resident Watch program and greater cooperation to provide safety during summer Family Day activities.

19. The Resident Survey Subcommittee designed a survey to be sent to residents in pilot developments to assess residents' views on crime and police activity in their developments.  Residents received and responded to this survey.  The subcommittee has received the responses and has begun tabulating and analyzing the data.  The Task Force intends to use these results to address residents' concerns.

20. The Security Measures Subcommittee has looked at layered access approaches to securing development entrances, including electronic access control, mechanical locks, and electromagnetic locks.

21. Among many other things, the NYCHA Rules Subcommittee has developed a standard sign to be place in the lobbies of all NYCHA buildings informing people of the behavior expected of them and a notice to be mailed to all residents annually, informing them of their various responsibilities.

**The Development of Patrol Guide Procedures and Training Curriculum**

22. Most relevant to the subject of this motion, the Subcommittee on New York City Police Department Policies and its Relationship with NYCHA Residents ("NYPD Policies Subcommittee"), held a series of spirited discussions which led to the Police Department's adoption of new Patrol Guide procedures and a new training curriculum regarding those procedures.

23. The NYPD Policies Subcommittee has had four CCOP district chairs and a Vice-Chair

on it. Rose Bergin, Chair of Manhattan South and John Johnson, Chair of Bronx South, have attended virtually every meeting. Rosia Wyche, Chair of Brooklyn South, Raymond Ballard, Chair of Brooklyn West, and Charlene Nimmons, Vice Chair of Brooklyn West, attended many meetings and provided their points of view.

24. Each resident on the subcommittee relayed personal experiences and gave his or her input on what should be in the police procedures.

25. The Police Department representatives on the subcommittee listened to the residents and incorporated many of their suggestions in the procedures.

26. Although the Police Department representatives did not share initial or interim drafts of the procedures with the subcommittee, they provided updates on their progress and on the incorporation of the residents' suggestions. See Exhibit G to the Delatorre Declaration.

27. The subcommittee expressed satisfaction with the new procedures and they were presented to the whole Task Force, which also approved.

28. The same procedure was then followed with respect to the training curriculum, resulting in a new curriculum, approved by both the subcommittee and the Task Force. See Exhibit H to the Delatorre Declaration.

29. All of the top elected leaders of NYCHA residents have formally and enthusiastically endorsed the new Police procedures and training.

## **There is no Basis for Any Claims Against NYCHA.**

30. The complaint in this action alleges nine claims against NYCHA. All of them, however, are predicated on the notion that the Police Department is unlawfully stopping and arresting people in NYCHA developments.

31. To the extent the new procedures and training ensure that persons are not unlawfully

stopped or arrested in NYCHA developments, no injunctive relief against NYCHA is necessary or appropriate.

32.  Further, as demonstrated above, the only substantive claim against NYCHA - - that it ignored its residents' complaints of unlawful police activity - - is categorically untrue in light of the establishment of the Task Force and the ongoing collaboration among NYCHA, its residents, and the Police Department to address the very concerns at the core of this lawsuit.  Accordingly, there is no basis for any claim against NYCHA.

WHEREFORE, this declaration is submitted for the court's consideration.

DATED:     New York, New York
           December 23, 2010

                              SONYA M. KALOYANIDES
                              General Counsel
                              New York City Housing Authority
                              Attorney for Defendant NYCHA
                              250 Broadway, 9th Floor
                              New York, New York 10007
                              Tel. No.: (212) 776-5152

By:   /s/_____
      Steven J. Rappaport (SR7666)

To:   **Via ECF and First Class Mail**
      Johanna B. Steinberg
      NAACP Legal Defense and Educational Fund Inc.
      99 Hudson Street, Suite 1600
      New York, NY 10013-2897

      William Gibney
      Legal Aid Society
      199 Water Street, 6th Fl.
      New York, NY 10038

      Jason Williamson
      Paul, Weiss, Rifkind, Wharton & Garrison LLP
      1285 Avenue of the Americas
      New York, NY 10019-6064

Judson Vickers
Heidi Grossman
Tonya Jenerette
New York City Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELTON DAVIS, WILLIAM TURNER, ALTAGRACIA HERNANDEZ, EDWIN LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON, ELEANOR BRITT, ANTHONY ANDERSON, LASHAUN SMITH, SHAWNE JONES, HECTOR SUAREZ, ADAM COOPER, ANDREW WASHINGTON, P.L. BY HIS PARENT LISA PIGGOTT, DAVID WILSON, AND GENEVA WILSON, individually and on behalf of a class of all others similarly situated,

10 Civ. 0699 (SAS)

Plaintiffs,

- against -

THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY,

Defendants.

---

# DECLARATION OF STEVEN J. RAPPAPORT IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**SONYA M. KALOYANIDES**
General Counsel
Attorney for Defendants
NEW YORK CITY HOUSING AUTHORITY
250 Broadway, 9th Floor
Borough of Manhattan     New York,  NY  10007
212 776-5152
Steven J. Rappaport, of Counsel (SR7666)