UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KELTON DAVIS, WILLIAM TURNER, EDWIN
LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON,
ELEANOR BRITT, ANTHONY ANDERSON,
LASHAUN SMITH, SHAWNE JONES, HECTOR
SUAREZ, ADAM COOPER, ANDREW WASHINGTON,
P.L. by his parent LISA PIGGOTT, DAVID WILSON, and
GENEVA WILSON, individually and on behalf of a class
of all others similarly situated;

**DEFENDANTS' RESPONSE TO PLAINTIFFS' COUNTER STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

                                              Plaintiffs,

        -against-

10 CV 699 (SAS)

THE CITY OF NEW YORK and NEW YORK CITY
HOUSING AUTHORITY,

                                              Defendants.

------------------------------------------------------------------------X

Pursuant to Local Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants, defendant the City of New York ("City"), hereby sets forth its response to Plaintiffs' Local Rule 56.1 Counter Statement of Material Facts ("Plaintiffs' Statement") as follows:

**General Objections**

The City objects to plaintiffs' statement to the extent it relies on mere conclusions, hearsay, or unsupported inferences from the declarations of Erik Crawford; Daniel Barber; Katherine E.G. Brooker and Anthony Elitcher.

The City objects to Plaintiffs' Statement to the extent it relies on purported factual assertions from the moving declarations of Anthony Elitcher and Katharine E. G. Brooker about which plaintiffs have failed to produce discovery pursuant to their continuing obligations under Federal Rule of Civil Procedure 26.

The City objects to Plaintiffs' Statement to the extent assertions are not followed by citation to the record evidence.

**Specific Responses**

Subject to and without waiving any of the foregoing objections, the City responds to Plaintiffs' Statement of Additional Material Facts as follows:

1. Admit, but the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment.

2. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained therein with admissible evidence from the record as required. Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a). Statement No. 2 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

3. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained therein with admissible evidence from the record as required. Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26(a). Statement No. 3 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

4. The alleged facts are not material or necessary for the Court to determine the

instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained therein with admissible evidence from the record as required. Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a). Statement No. 4 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

5.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

6.     The City objects to No. 6 the extent that it incorporates improper legal characterizations and legal argument. In addition, plaintiffs have failed to support the assertions with admissible evidence from the record as required. Furthermore, the City disputes the characterization of the alleged facts concerning vertical patrols and refers the Court to Interim Order 23, annexed to the Declaration of Edward Delatorre ("Delatorre Decl.") dated December 10, 2010 as Ex. "A," which addresses interior vertical patrols of NYCHA buildings, as well as patrols of NYCHA property generally, in conjunction with other related sections of the Patrol Guide such as PG 208-01 (Law of Arrest) and PG 212-11 (Stop and Frisk), and directives such as Operations Order 11 (Department Policy Regarding Racial Profiling). In addition, the City refers the Court to Paragraph 8(a) – (c) of the Delatorre Declaration, which specifically states that "an officer may not stop (temporarily detain) a suspected trespasser unless the officer <u>reasonably suspects</u> that the person ins in the building without authority." (emphasis in original). Finally, *People v. Powell*, 180 Misc. 2d 627, 691 N.Y.S.2d 263 (Sup. Ct. Bronx County 1999) is a twelve year-old case that addressed an "Operation Clean Halls" search incident. At present, a "vertical patrol" for NYCHA buildings is defined as set forth in Interim Order 23.

7. The City objects to No. 7 the extent that it incorporates improper legal characterizations and legal argument. In addition, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 7 with admissible record evidence as required. Furthermore, the City disputes the characterization of the alleged facts concerning vertical patrols and refers the Court to paragraphs 8(a)-(c) of the Delatorre Decl. and Interim Order 23, annexed as Exhibit A to the Delatorre Decl., which addresses interior vertical patrols of NYCHA buildings, as well as patrols of NYCHA property generally, in conjunction with other related sections of the Patrol Guide such as PG 208-01 (Law of Arrest) and PG 212-11 (Stop and Frisk), and directives such as Operations Order 11 (Department Policy Regarding Racial Profiling).

8. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment and thus need not be controverted. However, plaintiffs have failed to support the assertions contained therein with admissible record evidence as required. Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party, the identity of whom plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a). Statement No. 8 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

9. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment and need not be controverted. However, plaintiffs have failed to support the assertions contained therein with admissible record evidence as required. Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26(a). Statement No. 9 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

10.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted.  However, plaintiffs have failed to support the assertions contained therein with admissible record evidence as required.  Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26(a).  Statement No. 10 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

11.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.  However, plaintiffs have failed to support the assertions contained therein with admissible record evidence as required.  Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a).  Statement No. 11 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

12.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted.  However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 12 with admissible record evidence as required.  Further, plaintiffs have merely cited to a self-serving affidavit executed by a third party who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a).  Statement No. 12 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

13.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

14. Admit, but the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment.

15. Admit, but the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment.

16. Admit, but the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment.

17. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, the City disputes plaintiffs' characterization of Inspector Dieckmann's statements. Inspector Dieckmann's full statement is as follows: "I wish I could tell you that every one of my officers acts professionally all the time, but I can tell you we had forty thousand contacts in Brooklyn this year, between UF-250's, which is when we stop somebody, and writing a criminal court summons and arresting somebody. Those can all be seen as negative contacts. We have less than a hundred civilian complaints against the officers in Brooklyn this year on forty thousand contacts. I like to think 99 percent of my officers, when they interact with the residents, are doing it on a professional basis." Booker Decl. Ex. B at 64.

18. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 18 with admissible evidence as required.

19. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs

have failed to support the assertions contained in Plaintiffs' Statement No. 19 with admissible record evidence as required.

20. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 20 with admissible evidence as required.

21. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 21 with admissible record evidence as required.

22. Deny No. 22 as it is a complete misstatement of the facts and not properly supported by plaintiffs' citation. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

23. Admit.

24. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in No. 24 with admissible record evidence as required.

25. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in No. 25 with admissible evidence as required.

26. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus need not be controverted. However, plaintiffs have failed to support the assertions contained in No. 26 with admissible evidence as required.

27. Deny the assertion contained in No. 27, as it is a complete misstatement of the facts and is not supported by citation to any evidence. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

28. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

29. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

30. Deny the assertion contained in No. 30, as it is a complete misstatement of the facts and is not properly supported by plaintiffs' citation. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

31. The City disputes the characterization of the alleged facts concerning vertical patrols and refer the Court to Interim Order 23, annexed to the Delatorre Decl. as Ex. "A," which addresses interior vertical patrols of NYCHA buildings, as well as patrols of NYCHA property generally, in conjunction with other related sections of the Patrol Guide such as PG 208-01 (Law of Arrest) and PG 212-11 (Stop and Frisk), and directives such as Operations Order 11 (Department Policy Regarding Racial Profiling). The City further refers the Court to Delatorre Decl. Ex. F, Highlights of NYCHA House Rules, Lease Terms and Policy, Sections 18-21.

32. The City disputes the characterization of the alleged facts concerning vertical patrols and refer the Court to Interim Order 23, annexed to the Delatorre Decl. as Ex. "A," which addresses interior vertical patrols of NYCHA buildings, as well as patrols of NYCHA property generally, in conjunction with other related sections of the Patrol Guide such as PG 208-01 (Law of Arrest) and PG 212-11 (Stop and Frisk), and directives such as Operations Order 11 (Department Policy Regarding Racial Profiling). The City further refers the Court to Delatorre Decl. Ex. F, Highlights of NYCHA House Rules, Lease Terms and Policy, Sections 18-21.

33. Admit.

34. The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

35. Deny the assertion contained in No. 35, as it is a complete misstatement of the facts and is not supported by citation to any record evidence. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

36. Deny the assertion contained in No. 36, as it is a complete misstatement of the facts and is not properly supported by plaintiffs' citation. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

37. Deny the assertion contained in No. 37, as it is a complete misstatement of the facts and is not properly supported by plaintiffs' citation. As such, the alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

38. The alleged facts are not material or necessary for the Court to determine the

instant motion for summary judgment, and thus they need not be controverted.

39.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.

40.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.  However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 40 with admissible evidence as required.  Further, that plaintiffs have merely cited to a self-serving affidavit executed by a third party, who plaintiffs failed to disclose as a person likely to have discoverable information pursuant to their obligations under FRCP 26 (a).  Statement No. 40 is therefore not supported by any documentation or admissible evidence, but rather is mere hearsay by plaintiffs.

41.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.  However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 41 with admissible evidence from the record as required.

42.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.  However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 42 with admissible evidence from the record as required.

43.     The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted.  However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 43 with admissible evidence from the required as required.

44.	The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted. However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 44 with admissible evidence from the record as required.

45.	The alleged facts are not material or necessary for the Court to determine the instant motion for summary judgment, and thus they need not be controverted. However, plaintiffs have failed to support the assertions contained in Plaintiffs' Statement No. 45 with admissible evidence from the record as required.

**The City's Rule 56.1 Statement of Additional Facts In Further Support of Its Motion for Summary Judgment.**

1.	The NYPD has developed a training curriculum for Interim Order 23. Delatorre Decl. 12/10/10 Decl. ¶¶ 21-22, 25. Presentation of the training curriculum to police officers is ongoing. Phase I of the training is now approximately 95% complete. Declaration of Supplemental Declaration of Edward Delatorre dated 1/07/11, ¶ 2 ("Delatorre Supplemental Decl.").

2.	In addition to the training of officers already on duty, or "in-service training," all new police recruits are also receiving the training curriculum at the Police Academy. In fact, the class of approximately 1150 recruits that graduated in December 2010 received this training. Delatorre Supplemental Decl. ¶ 3.

3. As it applies to the Organized Crime Control Bureau ("OCCB"), which includes the Narcotics Division, all OCCB trainers have received the curriculum and the training to implement Phase II, and all members of OCCB will be trained within the timeframe previously outlined for Phase II. Delatorre Supplemental Decl., ¶ 4.

Dated:     New York, New York
             January 7, 2011

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the
                                       City of New York
                                       *Attorney for Defendant City of New York*
                                       100 Church Street
                                       New York, New York 10007
                                       (212) 788-0993

                                       By:                 /s/
                                           Tonya Jenerette
                                           Senior Corporation Counsel
                                           Special Federal Litigation Division