UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELTON DAVIS, WILLIAM TURNER, EDWIN LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON, ELEANOR BRITT, ANTHONY ANDERSON, LASHAUN SMITH, SHAWNE JONES, HECTOR SUAREZ, ADAM COOPER, ANDREW WASHINGTON, P.L. by his parent LISA PIGGOTT, DAVID WILSON, and GENEVA WILSON, individually and on behalf of a class of all others similarly situated;<br><br>                Plaintiffs,<br><br>              -against-<br><br>THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY;<br><br>              Defendants. | 10 Civ. 699 (SAS) |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT CITY OF NEW YORK'S RESPONSE TO PLAINTIFFS' COUNTER STATEMENT <u>PURSUANT TO LOCAL CIVIL RULE 56.1</u>**

Pursuant to the Court's Order of January 18, 2011, Plaintiffs hereby submit the following sur-reply to address new facts raised by Defendant City of New York's (the "City") Response to Plaintiffs' Counter Statement Pursuant to Local Rule 56.1 ("City's Statement") and the Supplemental Declaration of Edward Delatorre, dated January 7, 2011 ("Supplemental Delatorre Decl.").

The City, in the papers filed in conjunction with its Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiffs' Claims for Declaratory and Injunctive Relief, raised, for the first time, three factual assertions: (i) that Phase I of the New York Police Department's ("NYPD") training curriculum for Interim Order 23 is 95% complete,

(ii) that all new recruits, including the approximately 1,150 recruits that graduated in December 2010, receive the training curriculum at the Police Academy, and (iii) that trainers for the NYPD's Organized Crime Control Bureau ("OCCB") have received the training curriculum and that all OCCB members will be trained at a later date.  *See* Supplemental Delatorre Decl. at ¶¶ 2–4; City's Statement at 11–12.

Plaintiffs lack the discovery necessary to fully respond to these assertions by the City.  Although Plaintiffs have propounded interrogatories and document requests concerning all training programs developed and/or implemented by the NYPD in connection with Interim Order 23,[1] the City, to date, has not produced that requested discovery to Plaintiffs.  *See* Rule 56(d) Declaration of Johnathan J. Smith in Support of Plaintiffs' Opposition to Defendant City of New York's Motion for Partial Summary Judgment, dated December 23, 2010, at ¶¶ 15–18.  Further, while Plaintiffs intend to conduct depositions of NYPD personnel involved in the development and implementation of these training programs, the parties, at the request of the City, have not yet commenced depositions.  *Id*. at ¶¶ 4, 18.

However, even assuming *arguendo* that the factual assertions raised by the City are true, the City is still woefully short of meeting the stringent summary judgment standard as to Plaintiffs' claims for declaratory and injunctive relief.  These "new facts" do not establish that the City has discontinued the *practice* of unlawful trespass stops and arrests, let alone

---

[1] The City contends that Plaintiffs only served discovery requests regarding Interim Order 23 and related training programs on December 14, 2010.  *See* Declaration of Bradford C. Patrick in Response to Plaintiffs' Rule 56(d) Declaration, dated January 7, 2011, at ¶ 9.  That is incorrect.  Plaintiffs initially propounded discovery requests concerning Patrol Guide Section 212-60 (the provision modified by Interim Order 23), including any training materials, in our Second Request for the Production of Documents from Defendant City of New York, which was served on July 26, 2010.  Because the City failed to provide the requested materials, Plaintiffs propounded additional discovery requests on December 14, 2010.

"completely and irrevocably eradicated the effects of the alleged violation[s]." *Campbell* v. *Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996) (abrogated on other grounds) (citation omitted).  At best, these new facts establish that the City is in the process of implementing its training program.  They do not address the effectiveness of the training curriculum or its ability to curtail unlawful trespass enforcement practices among NYPD officers.  Additionally, these "new facts" in no way address Plaintiffs' claims concerning the City's failure to adequately monitor, supervise, or discipline NYPD officers or Plaintiffs' claims of discrimination based on race and/or ethnicity.

        For the reasons set forth herein, as well as those raised in Plaintiffs' Memorandum of Law in Opposition to Defendant City of New York's Motion for Summary Judgment on Plaintiffs' Claim for Declaratory and Injunctive Relief, this Court should deny the City's motion.  Alternatively, Plaintiffs seek additional time for discovery pursuant to Federal Rule of Civil Procedure 56(d).

Dated:  January 26, 2011
New York, New York

By:    /s/ Johanna B. Steinberg
       Johanna B. Steinberg

NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, NY 10013-2897
Tel.: (212) 965-2200
Fax: (212) 219-2052

John Payton
Debo P. Adegbile
Christina Swarns
Johanna B. Steinberg
Jin Hee Lee
Johnathan Smith

THE LEGAL AID SOCIETY
199 Water Street 6th Fl.
New York , NY 10038
Tel: (212) 577-3300
Fax: (212) 509-8141

Steven Banks
William Gibney
Steven Wasserman
Amanda Moretti
Nancy Rosenbloom

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

Michele Hirshman
Katharine E. G. Brooker

*Counsel for Plaintiffs*