UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

KELTON DAVIS, WILLIAM TURNER, EDWIN
LARREGUI, ROMAN JACKSON, KRISTIN JOHNSON,
ELEANOR BRITT, ANTHONY ANDERSON,
LASHAUN SMITH, SHAWNE JONES, HECTOR
SUAREZ, ADAM COOPER, ANDREW WASHINGTON,
PATRICK LITTLEJOHN, DAVID WILSON, GENEVA
WILSON, RAYMOND OSORIO, VAUGHN
FREDERICK, and R.E., by her parent D.E.,individually
and on behalf of a class of all others similarly situated;

**ANSWER TO AMENDED
COMPLAINT ON BEHALF
OF DEFENDANT CITY OF
NEW YORK**

10 Civ. 0699 (SAS)

Jury Trial Demanded

                                                      Plaintiffs,

                       -against-

THE CITY OF NEW YORK and NEW YORK CITY
HOUSING AUTHORITY;

                                                      Defendants.

----------------------------------------------------------------------- x


          Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for its Answer to the Amended Complaint ("Amended

Complaint"), respectfully alleges, upon information and belief, as follows:

          1.       Denies the allegations set forth in paragraph "1" of the Amended

Complaint, except admits that plaintiffs purport to proceed as stated therein.

          2.       Denies the allegations set forth in paragraph "2" of the Amended

Complaint.

          3.       Denies the allegations set forth in paragraph "3" of the Amended

Complaint.

4.      Denies the allegations set forth in paragraph "4" of the Amended Complaint.

5.      Denies the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Denies the allegations set forth in paragraph "6 " of the Amended Complaint.

7.      Denies the allegations set forth in paragraph "7 " of the Amended Complaint.

8.      Denies the allegations set forth in paragraph "8 " of the Amended Complaint.

9.      Denies the allegations set forth in paragraph "9 " of the Amended Complaint.

10.     Denies the allegations set forth in paragraph "10 " of the Amended Complaint

11.     Denies the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Denies the allegations set forth in paragraph "12" of the Amended Complaint, except respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the New York City Police Department's functions and duties and respectfully refers the Court to the document entitled *The Public Housing Police and Public Housing Resident Perceptions* (Nov. 30, 2009) for a description of its contents.

13.     Denies the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Denies the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Denies the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Amended Complaint, , except admits that plaintiffs purport to proceed as stated therein.

17.     Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

18.     Defendant states that the allegations set forth in paragraph "18" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendant denies the allegations set forth in paragraph "18" of the Complaint and respectfully refers the Court to 28 U.S.C. §§ 2201 and 2202 and applicable case law for the statutes' full content and meaning.

19.     Denies the allegations set forth in paragraph "19" of the Amended Complaint, except admits that plaintiffs purport to invoke the supplemental jurisdiction of this Court as stated therein.

20.     Denies the allegations set forth in paragraph "20" of the Amended Complaint, except admits that plaintiffs purport to base venue as stated therein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Denies the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Amended Complaint, except admits that the City of New York is a municipal entity created and authorized under the laws of the State of New York, admits that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a description of the City of New York and the New York City Police Department's functions and duties.

43.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint, except respectfully refers the Court to Public Housing Law Section 402, et seq, for an accurate and complete description of the powers and duties of NYCHA..

44.      Denies the allegations set forth in paragraph "44" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

45.      Denies the allegations set forth in paragraph "45" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

46.      Denies the allegations set forth in paragraph "46" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

47.      Denies the allegations set forth in paragraph "47" of the Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

48.      Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49.      Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50.      Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51.      Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52.      Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' race, whether plaintiffs' are residents of NYCHA housing, and whether plaintiffs are frequent guests of NYCHA residents.

55.     Denies the allegations set forth in paragraph "55" of the Amended Complaint and respectfully refers the Court to the letter dated January 30, 2010 written to counsel for plaintiffs from the City-Wide Council of Presidents (CCOP), the Official Representative Body of the Public Housing Community of Resident Associations of Public Housing in the City of New York, which advised counsel for plaintiffs that CCOP was working with the NYPD to address the residents' concerns, invited counsel for plaintiffs to become a partner in the process, and asked plaintiffs to withdraw their lawsuit so that the cooperative process with the NYPD was not derailed by the lawsuit which may "plunge the issue into an adversarial judicial process.""

56.     Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

regarding plaintiff's physical condition and regarding whether "many friends and visitors come to his home due to his limited mobility."

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Turner visited plaintiff Davis in his apartment  on January 27, 2008.

62.     Denies the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

65.     Denies the allegations set forth in paragraph "65" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Turner's employment.

66.     Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Denies the allegations set forth in paragraph "69" of the Amended Complaint, except admits that plaintiff Larregui was inside 60 East 102 Street on November 9, 2008.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71.     Denies the allegations set forth in paragraph "71" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff Larregui carried out of state identification on November 9, 2008.

72.     Denies the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Denies the allegations set forth in paragraph "73" of the Amended Complaint, except admits that plaintiff Larregui was arrested for criminal trespass.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Amended Complaint

75.     Denies the allegations set forth in paragraph "75" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Larregui was suspended from his job.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Denies the allegations set forth in paragraph "78" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations regarding whether plaintiff Anderson spent the day with his niece and whether he dropped her off at 325 East  112th Street.

79.     Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Denies the allegations set forth in paragraph "81" of the Amended Complaint, except admits that plaintiff Anderson was arrested and that the charges against him were ultimately dismissed.

82.     Denies the allegations set forth in paragraph "82" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Anderson's employment status.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Denies the allegations set forth in paragraph "86" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Cooper delivered a meal to plaintiff Suarez.

87.     Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89 " of the Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90 " of the Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91 " of the Amended Complaint.

92.     Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Denies the allegations set forth in paragraph "93" of the Amended Complaint.

94.     Denies the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Denies the allegations set forth in paragraph "95" of the Amended Complaint.

96.     Denies the allegations set forth in paragraph "96" of the Amended Complaint.

97.     Denies the allegations set forth in paragraph "97" of the Amended Complaint.

98.     Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Amended Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Wilson missed a job interview.

101.    Denies the allegations set forth in paragraph "101" of the Amended Complaint, except denies knowledge of information sufficient to form a belief as to the truth of the allegations regarding Mr. Jackson's age.

102.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "102" of the Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Denies the allegations set forth in paragraph "104 of the Amended Complaint.

105.    Denies the allegations set forth in paragraph "105" of the Amended Complaint.

106.    Denies the allegations set forth in paragraph "106" of the Amended Complaint.

107.    Denies the allegations set forth in paragraph "107" of the Amended Complaint, except admits that Eleanor Britt gave the officers Mr. Jackson's identification.

108.    Denies the allegations set forth in paragraph "108" of the Amended Complaint, except admits that plaintiffs Jackson and Johnson were issued Desk Appearance Tickets.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Amended Complaint.

110.    Denies the allegations set forth in paragraph "110" of the Amended Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Amended Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Amended Complaint.

113.    Denies the allegations set forth in paragraph "113" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Smith spent the night at plaintiff Jones' home on May 10, 2009.

114.    Denies the allegations set forth in paragraph "114" of the Amended Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Amended Complaint, except admit that plaintiff Smith was arrested.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Amended Complaint, except admit that plaintiff Smith was arrested on May 11, 2009.

117.    Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Amended Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Amended Complaint.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120 " of the Amended Complaint.

121.     Denies the allegations set forth in paragraph "121" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff Washington spent time with plaintiff Patrick Littlejohn on June 29, 2009 in plaintiff Patrick Littlejohn's apartment.

122.     Denies the allegations set forth in paragraph "122" of the Amended Complaint, except admits that the officers asked plaintiff Washington where he was coming from, that plaintiff Washington advised that he had come from Apartment 5B and the officers escorted plaintiff Washington to Apartment 5B.

123.     Denies the allegations set forth in paragraph "123" of the Amended Complaint.

124.     Denies the allegations set forth in paragraph "124" of the Amended Complaint, except admits that Bronx County Supreme Court case number 42269C-2009 was ultimately dismissed.

125.     Denies the allegations set forth in paragraph "125" of the Amended Complaint.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Amended Complaint

127.    Denies   the allegations set forth in paragraph "127" of the Amended Complaint.

128.    Denies the allegations set forth in paragraph "128" of the Amended Complaint.

129.    Denies the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Amended Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Amended Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Amended Complaint.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Amended Complaint.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Amended Complaint.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Amended Complaint.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Amended Complaint.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Amended Complaint.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Amended Complaint.

144.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Amended Complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Amended Complaint.

146.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Amended Complaint.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Amended Complaint.

148.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Amended Complaint.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Amended Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Amended Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Amended Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Amended Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Amended Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Amended Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Amended Complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Amended Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Amended Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Amended Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Amended Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Amended Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Amended Complaint.

162.    Denies the allegations set forth in paragraph "162" of the Amended Complaint.

163.    Denies the allegations set forth in paragraph "163" of the Amended Complaint, except admits that the NYPD conducts vertical patrols on NYCHA properties.

164.    Denies the allegations set forth in paragraph "164" of the Amended Complaint.

165.    Denies the allegations set forth in paragraph "165" of the Amended Complaint, except admit that, during a vertical patrol, police officers walk through the common areas of a NYCHA building from the rooftop to the lobby.

166.    Defendant states that the allegations set forth in paragraph "166" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendant denies the allegations and  respectfully refers the Court to the New York State Penal Code and applicable case law for a full and accurate definition of  "trespass" and its legislative history.

167.    Denies the allegations set forth in paragraph "167" of the Amended Complaint.

168.    Denies the allegations set forth in paragraph "168" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations regarding the content of "supporting depositions" in the District Attorneys' offices.

169.    Denies the allegations set forth in paragraph "169" of the Amended Complaint.

170.    Denies the allegations set forth in paragraph "170" of the Amended Complaint.

171.    Denies the allegations set forth in paragraph "171" of the Amended Complaint, except denies knowledge or information sufficient to form a belief about the truth of the allegations regarding the *New York Times* article quoted therein.

172.    Denies the allegations set forth in paragraph "172" of the Amended Complaint, except denies knowledge or information sufficient to form a belief about the truth or accuracy of the quotations from the November, 2008, "81st Precinct Recordings" quoted therein.

173.    Denies the allegations set forth in paragraph "173" of the Amended Complaint, except denies knowledge or information sufficient to form a belief about the truth or accuracy of the quotations from the November, 2008, "81st Precinct Recordings" quoted therein.

174.    Denies the allegations set forth in paragraph "174" of the Amended Complaint.

175.    Denies the allegations set forth in paragraph "175" of the Complaint, except respectfully refers the Court to the document entitled *No Place Like Home: A Preliminary Report on Police Interactions With Public Housing Residents* (Sept. 2008) for a description of its methodology, contents and conclusions.

176.    Denies the allegations set forth in paragraph "176" of the Amended Complaint.

177.     Denies the allegations set forth in paragraph "177" of the Amended Complaint.

178.     Denies the allegations set forth in paragraph "178" of the Amended Complaint.

179.     Denies the allegations set forth in paragraph "179" of the Amended Complaint.

180.     Denies the allegations set forth in paragraph "180" of the Amended Complaint.

181.     Denies the allegations set forth in paragraph "181" of the Amended Complaint, except admits that on June 8, 2010, the New York City Police Department promulgated Interim Order No. 23, which supersedes Patrol Guide 212-60 provision on vertical patrols in NYCHA residences.

182.     Denies the allegations set forth in paragraph "182" of the Amended Complaint and respectfully refers the Court to Interim Order No. 23 for a full and accurate description of its terms.

183.     Denies the allegations set forth in paragraph "183" of the Amended Complaint.

184.     Denies the allegations set forth in paragraph "184" of the Amended Complaint, except admits that after Interim Order No. 23 was issued, the NYPD developed a training curriculum for  the Order and began implementing that training in the fall of 2010.

185.     Denies the allegations set forth in paragraph "185" of the Amended Complaint.

186.    Denies the allegations set forth in paragraph "186" of the Amended Complaint.

187.    Denies the allegations set forth in paragraph "187" of the Amended Complaint.

188.    Denies the allegations set forth in paragraph "188" of the Amended Complaint.

189.    Denies the allegations set forth in paragraph "189" of the Amended Complaint.

190.    Denies the allegations set forth in paragraph "190" of the Amended Complaint.

191.    Denies the allegations set forth in paragraph "191" of the Amended Complaint.

192.    Denies the allegations set forth in paragraph "192" of the Amended Complaint.

193.    Denies the allegations set forth in paragraph "193" of the Amended Complaint and respectfully refers the Court to the Memorandum of Understanding Between the New York City Housing Authority and the City of New York on the Merger of The New York City Housing Authority Police Department and the New York City Police Department, dated March 31, 1995, (hereinafter the "MOU"), for a full and accurate description of the NYPD's functions  in NYCHA developments.

194.    Denies the allegations set forth in paragraph "194" of the Amended Complaint and respectfully refers the Court to the MOU for a full and accurate description of the NYPD's functions in NYCHA Housing Developments.

195.     Denies the allegations set forth in paragraph "195' of the Amended Complaint.

196.     Denies knowledge or information sufficient to form a belief as the truth of the allegations in paragraph "196" of the Amended Complaint.

197.     Denies the allegations set forth in paragraph "197" of the Amended Complaint.

198.     Denies the allegations set forth in paragraph "198" of the Amended Complaint.

199.     Denies the allegations set forth in paragraph "199" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations  regarding demographic data maintained by NYCHA.

200.     Denies the allegations set forth in paragraph "200" of the Amended Complaint.

201.     Denies the allegations set forth in paragraph "201" of the Amended Complaint.

202.     Denies the allegations set forth in paragraph "202" of the Amended Complaint.

203.     Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "203" of the Amended Complaint.

204.     Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph "204" of the Amended Complaint.

205.     Denies the allegations set forth in paragraph "205" of the Amended Complaint.

206.     Denies the allegations set forth in paragraph "206" of the Amended Complaint.

207.     Denies the allegations set forth in paragraph "207" of the Amended Complaint.

208.     Denies the allegations set forth in paragraph "208" of the Amended Complaint.

209.     Denies the allegations set forth in paragraph "209" of the Amended Complaint.

210.     Denies the allegations set forth in paragraph "210" of the Amended Complaint.

211.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Amended Complaint.

212.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Amended Complaint.

213.     Denies the allegations set forth in paragraph "213" of the Amended Complaint, except admits that a lawsuit was filed in or about 1999 bearing the caption National Congress for Puerto Rican Rights v. The City of New York, et. al., Case No. 99 Civ. 1695 (SAS) and respectfully refers the Court to the Complaint filed in said action for a description of the claims alleged therein.

214.     Denies the allegations set forth in paragraph "214" of the Amended Complaint.

215.     Denies the allegations set forth in paragraph "215" of the Amended Complaint, except admits that a lawsuit was filed entitled Floyd v. City of New York, et al., Case

No. 08-1034 (SAS) and respectfully refers the Court to the Complaint filed in <u>Floyd</u> for a description of the claims alleged therein.

216.    Denies the allegations set forth in paragraph "216" of the Amended Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Amended Complaint.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Amended Complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Amended Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Amended Complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Amended Complaint.

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Amended Complaint.

223.    Denies the allegations set forth in paragraph "223" of the Amended Complaint.

224.    Denies the allegations set forth in paragraph "224" of the Amended Complaint and respectfully refers the Court to the <u>MOU</u> for a full and accurate description of the NYPD's functions in NYCHA Housing Developments.

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Amended Complaint.

226.    Admits that the New York City Police Department provides "above baseline services" to NYCHA developments and respectfully refers the Court to the MOU for a full and accurate description of those services.

227.    Denies the allegations set forth in paragraph "227" of the Amended Complaint and respectfully refers the Court to the MOU for a full and accurate description of the NYPD's functions in NYCHA Housing Developments.

228.    Denies the allegations set forth in paragraph "228" of the Amended Complaint and respectfully refers the Court to the MOU for a complete and accurate description of its provisions.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the Amended Complaint.

230.    Denies the allegations set forth in paragraph "230" of the Amended Complaint and respectfully refers the Court to the MOU for a complete and accurate description of its provisions.

231.    Denies the allegations set forth in paragraph "231" of the Amended Complaint.

232.    Denies the allegations set forth in paragraph "232" of the Amended Complaint.

233.    Denies the allegations set forth in paragraph "233" of the Amended Complaint.

234.    Denies the allegations set forth in paragraph "234" of the Amended Complaint.

235.    Denies the allegations set forth in paragraph "235" of the Amended Complaint.

236.    Denies the allegations set forth in paragraph "236" of the Amended Complaint.

237.    In response to the allegations set forth in paragraph "237" of Complaint, defendant repeats and realleges paragraphs "1" through "236" of this answer as if fully set forth herein

238.    Denies the allegations set forth in paragraph "238" of the Amended Complaint.

239.    Denies the allegations set forth in paragraph "239" of the Amended Complaint.

240.    Denies the allegations set forth in paragraph "240" of the Amended Complaint.

241.    Denies the allegations set forth in paragraph "241" of the Amended Complaint.

242.    Denies the allegations set forth in paragraph "242" of the Amended Complaint.

243.    Denies the allegations set forth in paragraph "243" of the Amended Complaint.

244.    Denies the allegations set forth in paragraph "244" of the Amended Complaint.

245.    In response to the allegations set forth in paragraph "245" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "244" of this answer as if fully set forth herein.

246.    Denies the allegations set forth in paragraph "246" of the Amended Complaint.

247.    Denies the allegations set forth in paragraph "247" of the Amended Complaint.

248.    Denies the allegations set forth in paragraph "248" of the Amended Complaint.

249.    Denies the allegations set forth in paragraph "249" of the Amended Complaint.

250.    Denies the allegations set forth in paragraph "250" of the Amended Complaint.

251.    In response to the allegations set forth in paragraph "251" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "250" of this answer as if fully set forth herein.

252.    Denies the allegations set forth in paragraph "252" of the Amended Complaint.

253.    Denies the allegations set forth in paragraph "253" of the Amended Complaint.

254.    In response to the allegations set forth in paragraph "254" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "253" of this answer as if fully set forth herein.

255.   Denies the allegations set forth in paragraph "255" of the Amended Complaint, and its subparts.

256.   Denies the allegations set forth in paragraph "256" of the Amended Complaint.

257.   Denies the allegations set forth in paragraph "257" of the Amended Complaint.

258.   Denies the allegations set forth in paragraph "258" of the Amended Complaint.

259.   Denies the allegations set forth in paragraph "259" of the Amended Complaint.

260.   In response to the allegations set forth in paragraph "260" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "259" of this answer as if fully set forth herein.

261.   Denies the allegations set forth in paragraph "261" of the Amended Complaint.

262.   Denies the allegations set forth in paragraph "262" of the Amended Complaint.

263.   Denies the allegations set forth in paragraph "263" of the Amended Complaint.

264.   Denies the allegations set forth in paragraph "264" of the Amended Complaint.

265.   Denies the allegations set forth in paragraph "265" of the Amended Complaint.

266.    In response to the allegations set forth in paragraph "266" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "265" of this answer as if fully set forth herein.

267.    Denies the allegations set forth in paragraph "267" of the Amended Complaint.

268.    Denies the allegations set forth in paragraph "268" of the Amended Complaint.

269.    Denies the allegations set forth in paragraph "269" of the Amended Complaint.

270.    Denies the allegations set forth in paragraph "270" of the Amended Complaint.

271.    Denies the allegations set forth in paragraph "271" of the Amended Complaint.

272.    In response to the allegations set forth in paragraph "272" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "271" of this answer as if fully set forth herein.

273.    Denies the allegations set forth in paragraph "273" of the Amended Complaint.

274.    Denies the allegations set forth in paragraph "274" of the Amended Complaint.

275.    In response to the allegations set forth in paragraph "275" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "274" of this answer as if fully set forth herein.

276.    Denies the allegations set forth in paragraph "276" of the Amended Complaint.

277.    Denies the allegations set forth in paragraph "277" of the Amended Complaint.

278.    Denies the allegations set forth in paragraph "278" of the Amended Complaint.

279.    Denies the allegations set forth in paragraph "279" of the Amended Complaint.

280.    Denies the allegations set forth in paragraph "280" of the Amended Complaint.

281.    In response to the allegations set forth in paragraph "281" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "280" of this answer as if fully set forth herein.

282.    Denies the allegations set forth in paragraph "282" of the Amended Complaint.

283.    Denies the allegations set forth in paragraph "283" of the Amended Complaint.

284.    Denies the allegations set forth in paragraph "284" of the Amended Complaint.

285.    Denies the allegations set forth in paragraph "285" of the Amended Complaint.

286.    Denies the allegations set forth in paragraph "286" of the Amended Complaint.

287.     In response to the allegations set forth in paragraph "287" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "286" of this answer as if fully set forth herein.

288.     Denies the allegations set forth in paragraph "287" of the Amended Complaint.

289.     Denies the allegations set forth in paragraph "289" of the Amended Complaint

290.     Denies the allegations set forth in paragraph "290" of the Amended Complaint.

291.     Denies the allegations set forth in paragraph "291" of the Amended Complaint.

292.     Defendant states that the allegations set forth in paragraph "292" of the Amended Complaint are conclusions of law rather than averments of fact to which no response is required.  To the extent a response is required, defendant denies the allegations.

293.     Denies the allegations set forth in paragraph "293" of the Amended Complaint.

294.     In response to the allegations set forth in paragraph "294" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "293" of this answer as if fully set forth herein.

295.     Denies the allegations set forth in paragraph "295" of the Amended Complaint.

296.     Denies the allegations set forth in paragraph "296" of the Amended Complaint.

297.    Denies the allegations set forth in paragraph "297" of the Amended Complaint.

298.    Denies the allegations set forth in paragraph "298" of the Amended Complaint.

299.    In response to the allegations set forth in paragraph "299" of Amended Complaint, defendant repeats and realleges paragraphs "1" through "298" of this answer as if fully set forth herein.

300.    Denies the allegations set forth in paragraph "300" of the Amended Complaint.

301.    Denies the allegations set forth in paragraph "301" of the Amended Complaint.

302.    Denies the allegations set forth in paragraph "302" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

251.    The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

252.    Defendant City of New York, has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

253.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

254.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

255.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

256.    To the extent applicable, there was probable cause for plaintiffs' arrests and to search plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

257.    To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or frisks conducted of plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

258.    Plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

259.    Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

260.    To the extent that the Amended Complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

261.    To the extent applicable, plaintiffs do not have standing to assert the claims pled in the Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

262.    The claims pled in the Amended Complaint are moot.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Amended Complaint, in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 5, 2010

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-0993

                              By:  _____/s/_____
                                   Tonya Jenerette
                                   Senior Counsel
                                   Special Federal Litigation Division


To:    Katherine E. G. Brooker, Esq. (Via E-Mail and First Class Mail)
       Matthew Moses, Esq. (Via E-Mail)
       William Gibney, Esq. (Via E-Mail)
       Nancy Rosenbloom, Esq.  (Via E-Mail)
       Steve Banks, Esq.  (Via E-Mail)
       Amanda Moretti, Esq.  (Via E-Mail)
       Johanna Steinberg, Esq. (Via E-Mail)
       Johnathan Smith, Esq. (Via E-Mail)
       Stephen Rappaport, Esq.  (Via E-Mail and First Class Mail)

Docket No. 10 Civ. 0699 (SAS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELTON DAVIS, WILLIAM TURNER, EDWIN
LARREGUI, ROMAN JACKSON, KRISTIN
JOHNSON, ELEANOR BRITT, ANTHONY
ANDERSON, LASHAUN SMITH, SHAWNE
JONES, HECTOR SUAREZ, ADAM COOPER,
ANDREW WASHINGTON, PATRICK
LITTLEJOHN, DAVID WILSON, GENEVA
WILSON, RAYMOND OSORIO, VAUGHN
FREDERICK, AND R.E., by her parent, D.E.,
individually and on behalf of a class of all others
similarly situated;

Plaintiffs,

-against-

THE CITY OF NEW YORK and NEW YORK
CITY HOUSING AUTHORITY;

Defendants.

---

**ANSWER TO AMENDED COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Tonya Jenerette*
*Tel:  (212) 788-0993*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2011*

*.................................................................... Esq.*

*Attorney for ........................................................*

---