UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

KELTON DAVIS, <u>et</u> <u>al</u>.,                :

         Plaintiffs,        :    10 Civ. 699 (SAS)(HBP)

  -against-                   :    OPINION
                                   <u>AND ORDER</u>
THE CITY OF NEW YORK, <u>et</u> <u>al</u>.,     :

        Defendants.        :

----------------------------------X

       PITMAN, United States Magistrate Judge:

## I.  <u>Introduction</u>

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983, and other federal and state laws, in which the plaintiffs, on behalf of themselves and a class of similarly situated individuals, seek injunctive and declaratory relief and damages resulting from defendants' allegedly unlawful trespass enforcement policies and practices.

      By notice of motion dated October 21, 2011, plaintiffs move for an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling the production of certain documents[1]

---

[1] A list of the documents plaintiffs challenge is attached as Exhibit B to the Amended Declaration of Jon Hee Lee in Support of Plaintiffs' Motion to Compel Production of Documents, dated Oct. 26, 2011 (Docket Item 122)("Lee Decl.").

that defendants are withholding on the basis of the attorney-client and the deliberative process privileges (Docket Item 119). For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

II. <u>Facts</u>

    A. <u>Background</u>

        Plaintiffs allege that defendants, the City of New York (the "City") and the New York City Housing Authority ("NYCHA"), "operating through and in conjunction with the New York City Police Department ("NYPD"), conduct, enforce and sanction unlawful trespass arrest policies and practices [which] result in a pattern and practice of unlawful stops, seizures, questioning, frisks, searches, and arrests of residents of, and authorized visitors to, NYCHA public housing residential property" (Amended Complaint, dated May 27, 2011 (Docket Item 69) at ¶ 2). Plaintiffs' allegations are set forth in greater detail in an opinion issued by the Honorable Shira A. Scheindlin, United States District Judge, denying the City's motion for partial summary judgement. <u>Davis v. City of N.Y.</u>, 10 Civ. 699 (SAS), 2011 WL 2652433 (S.D.N.Y. July 5, 2011). Judge Scheindlin summarized the

facts relevant to the present discovery dispute in an Order,

dated May 5, 2011, as follows:

> At the time this suit was instituted, the NYPD policy at issue was reflected, in part, in section 212-60 of the NYPD Patrol Guide ("P.G. 212-60"), entitled "Interior Vertical Patrol of Housing Authority Buildings."
>
> In response to complaints [and] concerns . . . . NYPD Police Commissioner Raymond Kelly delegated to S. Andrew Schaffer, NYPD Deputy Commissioner for Legal Matters, the task of revising P.G. 212-60 in consultation with high-ranking NYPD personnel and attorneys from the New York City Corporation Counsel.  On July 8, 2010, P.G. 212-60 was replaced by Interim Order number 23 ("I.O. 23").  Although I.O. 23 contains much of the same information as its predecessor, it differs in that it "discusses in enhanced detail when 'a uniformed member of the service may approach and question persons who may be violating Housing Authority rules and regulations, including potentially unauthorized persons found in Housing Authority buildings.'"
>
> I.O. 23 was issued after the commencement of this suit, but plaintiffs assert that their claims "challenge[ ] generally Defendants' overall vertical patrol policies and trespass enforcement practices, including I.O. 23."  Plaintiffs have accordingly demanded that the City produce, as part of its discovery obligations, "any drafts, correspondence or memoranda concerning the development and implementation of Interim Order 23" and "any drafts, correspondence or memoranda concerning the development and implementation of the corresponding training curriculum, as well as all revisions to the curriculum."

Davis v. City of N.Y., 10 Civ. 699 (SAS), 2011 WL 1742748 at *1-

*2  (S.D.N.Y. May 5, 2011)(footnotes omitted).

   Two categories of documents concerning the revisions to

P.G. 212-60 are at issue here:  "(1) legal memoranda and NYPD

Legal Bureau analysis of vertical patrols in NYCHA developments;
[and] (2) correspondence and draft revisions to PG 212-60"
("Category One" and Category Two," respectively) (Letter Brief of
Tonya Jenerette, counsel to the City, dated Mar. 15, 2011
("City's Letter Brief"), at 3).  In support of its assertions of
privilege, the City submitted a declaration from S. Andrew
Schaffer, dated March 15, 2011, two privilege logs dated February
25, 2011 and April 7, 2011, and a copy of P.G. 212-60 and I.O. 23
(see City's Letter Brief and attached exhibits) .

Judge Scheindlin, in her May 5 Order addressing the
City's assertion of the deliberative process privilege, held that
"[o]n the whole, the privilege logs submitted by the City are
insufficiently detailed to allow the Court to assess the legiti-
macy and scope of its assertion of the deliberative process
privilege."  Davis v. City of N.Y., supra, 2011 WL 1742748 at *3.
Judge Scheindlin noted "two major deficiencies in the City's logs
that render them inadequate.  First, one or more columns [are]
marked 'N/A' for a significant number of entries.  Second, the
City too often employs vague, confusing, or conclusory descrip-
tions in the 'Subject' column."  Davis v. City of N.Y., supra,
2011 WL 1742748 at *3.  Judge Scheindlin noted that, although
"[t]he use of "'N/A' may in certain circumstances be appropriate,
[when] combined with a vague description of the subject matter of

4

the document, [the index submitted by defendants] leave[s] the Court unable to assess" whether the assertion of a privilege, as to a given document, is proper.  <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *3.

Next, Judge Scheindlin noted that documents that fall within Categories One and Two "are most likely" privileged pursuant to the deliberative process privilege.  However, "to the extent that documents in Category One do not relate to the revisions of P.G. 212-60 [which is the operative policy under deliberation during the relevant period], but rather constitute analysis of NYPD's <u>past</u> policy and practice of vertical patrols in NYCHA developments, they cannot be considered predecisional," and would not, therefore, be protected by the deliberative process privilege.  <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *5.  Accordingly, Judge Scheindlin ordered the City to "revise its privilege logs [and provide] more detailed information about what is actually contained in the documents subsumed under Category One . . . so that plaintiffs and the Court can assess

the propriety of the assertions of privilege."[2] <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *5.

Finally, Judge Scheindlin noted that "[c]ertain entries in the [City's privilege] log reflect a blatant abuse of the assertion of privilege," and issued the following instruction to the City:

> Thus while I do not rule here on the applicability of the attorney-client . . . privilege[] as [it has] not been briefed, the City is cautioned to reassess its assertion of all privileges carefully prior to resub-mitting the logs.  If a random in camera review of a selected group of documents on the privilege logs reveals that the assertion of privilege was baseless, the Court will not hesitate to find that the City has waived any claim of privilege with regard to the re-mainder of the documents.

<u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *4.

B.   The Present
     <u>Discovery Dispute</u>

Pursuant to Judge Scheindlin's May 5 Order, the City submitted a revised privilege log on May 27, 2011, as well as a "redlined" version illustrating the revisions made to the origi-

---

[2] Judge Scheindlin also ordered the City to revise its privilege logs with respect to Category Two documents; however, plaintiffs do not presently challenge the assertion of the deliberative process privilege with respect to Category Two documents (Exhibit D to the Lee Decl.).  Plaintiffs do argue, however, that they have a substantial need for the Category Two documents sufficient to overcome the deliberative process privilege (<u>see</u> <u>infra</u> Part III.A.4).

6

nal privilege log (Amended Declaration of Jon Hee Lee in Support
of Plaintiffs' Motion to Compel Production of Documents, dated
Oct. 26, 2011 ("Lee Decl.")(Docket Item 122), at ¶¶ 3-4).  125
documents are at issue in this motion; the City asserts they are
protected by the deliberative process privilege, the attorney-
client privilege, or both (see Exhibit J to the Declaration of
Judson Vickers in Opposition to Plaintiffs' Motion to Compel
Production of Documents, dated Nov. 9, 2011 ("Vickers
Decl.")(Docket Item 128)).[3]

        The City asserts the deliberative process privilege as
to 107 documents; the plaintiffs challenge the assertion of this
privilege as to 19 of these documents, on the grounds that the
City has not established, through the information provided in the
revised privilege log, or through other evidence, that these
documents are predecisional and deliberative -- the two essential
elements of the deliberative process privilege.  The plaintiffs
also argue that all 107 documents withheld on the basis of the
deliberative process privilege should be produced because the

_____

        [3] The index contained in Exhibit J to the Vickers
Declaration effectively summarizes the privilege log entries in
issue here, as well as plaintiffs' arguments as to each entry.
Accordingly, for the purposes of this Opinion and Order, I shall
use the document numbers from Exhibit J to the Vickers
Declaration to refer to the individual documents, rather then
referring to the documents by Bates number.

plaintiffs' need for the documents, outweighs the publics' interest in nondisclosure (Exhibit J to Vickers Decl.).

The City also asserts the attorney-client privilege as to all 125 documents in issue; the plaintiffs challenge that assertion with respect to 124 of those documents, either on the ground that the City has provided insufficient information in its revised privilege log to support the assertions of privilege, or on the ground that the information in the privilege log does not suggest a communication to a client containing legal advice (Exhibit J to Vickers Decl.).

III.  <u>Analysis</u>

    A.   Deliberative
        <u>Process Privilege</u>

        1.   Legal Principals
            Related to the Deliberate
            <u>Process Privilege</u>

Questions of privilege in federal civil rights cases are governed by federal law.  Fed. R. Evid. 501; <u>von Bulow by Auersperg v. von Bulow</u>, 811 F.2d 136, 141 (2d Cir. 1987).  The deliberative process privilege was comprehensively described by the Honorable Richard J. Sullivan, United States District Judge,

in <u>MacNamara v. City of N.Y.</u>, 249 F.R.D. 70, 77-78 (S.D.N.Y. 2008):

> "The deliberative process privilege is designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials. It is based on 'the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news.'" <u>Nat'l Council of La Raza v. Dep't of Justice</u>, 411 F.3d 350, 356 (2d Cir. 2005) (quoting <u>Dep't of Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 8-9, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001)). An "inter- or intra-agency document" may be subject to the privilege if it is both (1) "predecisional" and (2) "deliberative." <u>La Raza</u>, 411 F.3d at 356 (quoting <u>Grand Cent. P'ship, Inc. v. Cuomo</u>, 166 F.3d 473, 482 (2d Cir. 1999)) (additional internal citations omitted).

> A document is predecisional "when it is prepared in order to assist an agency decisionmaker in arriving at his decision." <u>Tigue v. United States Dep't of Justice</u>, 312 F.3d 70, 80 (2d Cir. 2002). The Second Circuit has noted some factors to consider in determining whether a document is "predecisional," including whether the organization asserting the privilege can (1) "pinpoint the specific . . . decision to which the document correlates" and (2) "verify that the document precedes, in temporal sequence, the 'decision' to which it relates." <u>Grand Cent. P'ship</u>, 166 F.3d at 482 (quoting <u>Providence Journal Co. v. United States Dep't of the Army</u>, 981 F.2d 552, 557 (1st Cir. 1992)).

> A document is deliberative when it is "actually . . . related to the process by which policies are formulated." <u>Grand Cent. P'ship</u>, 166 F.3d at 482 (citing <u>Hopkins</u>, 929 F.2d at 84) (additional citation and internal quotation marks omitted). In other words, "the privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." <u>Tigue</u>, 312 F.3d at 80 (internal quotation marks and citation omitted). Thus,

the privilege "focus[es] on documents 'reflecting
advisory opinions, recommendations and deliberations
comprising part of a process by which governmental
decisions and policies are formulated.'"  Grand Cent.
P'ship, 166 F.3d at 482 (quoting Hopkins, 929 F.2d at
84-85) (additional internal quotation marks and cita-
tion omitted).  In particular, it is well-settled that
"[d]raft documents, by their very nature, are typically
predecisional and deliberative.  They reflect only the
tentative view of their authors; views that might be
altered or rejected upon further deliberation either by
their authors or by superiors."  Exxon Corp. v. Dep't
of Energy, 585 F. Supp. 690, 698 (D.D.C. 1983) (inter-
nal quotation marks and citation omitted); see also
Nat'l Council of La Raza v. Dep't of Justice, 339 F.
Supp. 2d 572, 573 (S.D.N.Y. 2004) ("Drafts and comments
on documents are quintessentially predecisional and
deliberative.").

Nevertheless, a document is not "deliberative"
where it concerns "purely factual" information regard-
ing, for example, investigative matters or factual
observations.  See Grand Cent. P'ship, 166 F.3d at 482;
Hopkins v. U.S. Dep't of Hous. and Urban Dev., 929 F.2d
81, 85 (2d Cir. 1991).  "Thus, factual findings and
conclusions, as opposed to opinions and recommenda-
tions, are not protected."  E.B. v. New York City Bd.
of Educ., 233 F.R.D. 289, 292 (E.D.N.Y. 2005) (internal
quotation marks and citation omitted).

2.   The Requirement of
an Index of Documents
Withheld on the
<u>Ground of Privilege</u>

Federal Rule of Civil Procedure Section 26(b)(5)[4] and

Local Civil Rule 26.2[5] both require a party withholding documents

---

[4] Fed.R.Civ.P. 26(b)(5) provides:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must:

(i)  expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

[5] Local Civil Rule 26.2 provides:

(a) Unless otherwise agreed by the parties or directed by the Court, where a claim of privilege is asserted in objecting to any means of discovery or disclosure . . . and an answer is not provided on the basis of such assertion,

(1) the person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) the following information shall be provided in the objection . . . unless divulgence of such information would cause disclosure of the allegedly privileged information:

(continued...)

on the basis of a privilege to prepare an index of the withheld documents.  In order to satisfy the requirements of these rules, the index of documents withheld must, "as to each document, . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." Golden Trade, S.r.L. v. Lee Apparel Co., 90 Civ. 6291 (JMC), 1992 WL 367070 at *5 (S.D.N.Y. Nov. 20, 1992) (Dolinger, M.J.); see also Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429, 1439 (D. Del. 1989) ("[A] party asserting work product protection must 'identify the withheld documents with sufficient particularity that the opposing counsel can intelligently argue that the privilege ought not to ap-ply.'"), quoting Petz v. Ethan Allen, Inc., 113 F.R.D. 494, 497 (D. Conn. 1985).

Where a properly prepared index of withheld documents has been served, the withholding party's obligation to produce evidence to sustain its assertions of privilege should be limited

---

[5](...continued)

> (A) For documents:  (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other. . . .

to those elements of the privilege or protection challenged by the adversary.  ECDC Envtl. L.C. v. N.Y. Marine & Gen. Ins. Co., 96 Civ. 6033 (BSJ)(HBP), 1998 WL 614478 at *3-*4 (S.D.N.Y. June 4, 1998) (Pitman, M.J.).  As the parties asserting privilege, defendants have the burden of establishing through its privilege log, affidavits, or other evidentiary material that the elements of the privilege exist.  See Johnson Matthey, Inc. v. Research Corp., 01 Civ. 8115 (MBM)(FM), 2002 WL 31235717 at *3 (S.D.N.Y. Oct. 3, 2002) (Mass, M.J.) ("[W]here the information in the privilege log is insufficient to establish a factual basis for the privilege, the proponent of the privilege bears the burden of showing its applicability, a gap which often is filled through an affidavit or deposition testimony.").

> 3.   Plaintiffs' Specific
>      Challenges to
>      the Assertion of the
>      Deliberative
>      Process Privilege

The plaintiffs' argue that, as to 19 of the documents in issue,[6] "[t]he City has not established that [they] are both predecisional and deliberative" (Memorandum of Law in Support of

---

[6] These are Documents 2, 15, 16, 17, 19, 21, 24, 25, 46, 50, 51, 54, 55, 60, 68, 73, 74, 96, and 105 on Exhibit J to the Vickers Decl.

Plaintiffs' Motion to Compel Production of Documents, dated Oct. 21, 2011 ("Memo. in Support")(Docket Item 120), at 5).

Except for Document 96, each of these documents appears to fall within Category One -- "legal memoranda and NYPD Legal Bureau analysis of vertical patrols in NYCHA developments." Judge Scheindlin, in her May 5 Order, specifically directed the City to "revise its privilege logs with more detailed information about what is actually contained in the documents subsumed under Category One," because, "to the extent that documents in Category One do not relate to the revisions of P.G. 212-60, but rather constitute analysis of NYPD's <u>past</u> policy and practice of vertical patrols in NYCHA developments, they cannot be considered predecisional." <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *5.

A review of the "redlined" version of City's Court-ordered revised privilege log clearly demonstrates that the City has made only the slightest revisions to the descriptions of some of the Category One documents,[7] while others were not revised at

---

[7] For example, in Documents 17 and 51, the City merely added a parentheses stating "w/Handwritten Notations" to the "Subject" description; in Document 54, the City removed the word "issues" from the "Subject" description; and in Document 74, the City added the word "Draft" to the "Subject" description.  None of these changes addressed Judge Scheindlin's request for more substantive information related to the nature of the document.

all.[8]  It appears as though the City made no attempt to comply with Judge Scheindlin's Order and provide the Court with information it can use to determine whether the "legal memoranda" and "analysis" in these Category One documents relate to past policies, or future revisions to a policy under deliberation.

Given the insufficient information provided in the revised privilege log, I find that the City has failed to meet its burden in establishing the deliberative process privilege with respect to Documents 2, 15, 16, 17, 19, 21, 24, 25, 46, 50, 51, 54, 55, 60, 68, 73, 74, and 105.[9]  See Local Civil Rule 26.2;

_____

[8] Documents 2, 15, 21, 24, 25, 50, 60, and 105.

[9] Although the City has offered to make the documents in issue available for in camera review, this is not an adequate or appropriate cure for the deficiencies in the City's privilege log.  First, Judge Scheindlin ordered the City to supplement its privilege log.  She did not give the City an option of electing either to supplement its privilege log or submit the withheld documents for in camera review.  Second, if in camera review were an adequate remedy to a deficient privilege log, there would be little reason for litigants to comply with the Federal Rules of Civil Procedure and the Local Rules and prepare an index of documents withheld on the ground of privilege.  Litigants could merely submit the documents to the Court and let the Court try to guess what privileges might be applicable and why, while the adverse party would have no meaningful opportunity to participate or to be heard.  Third, in camera review of documents withheld on the ground of privilege is only conducted in exceptional cases. "In camera inspection is the exception rather than the rule . . . ." American S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Alcoa S.S. Co., 04 Civ. 4309 (LAK)(JCF) 2006 WL 278131 at *2 (S.D.N.Y. Feb. 2, 2006) (Francis, M.J.), citing Collens v. City of N.Y., No. 03 Civ. 4477 (JGK)(HBP), 2004 WL 1395228 at *2 (S.D.N.Y. June 22, 2004) (Pitman, M.J.).

United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996)("general allegations" and "cursory description[s]" "simply do not provide enough information to support the privilege claim"); Safeco Ins. Co. of Am. v. M.E.S., Inc., 09-cv-3312 (ARR)(ALC), 2011 WL 6105014 at *4 (E.D.N.Y. Dec. 7, 2011) (holding when a privilege log is not "adequately de-tailed," the proponent does not meet its "heavy burden of proving that the privilege or protection applies to the documents or communications at issues" (internal quotation marks omitted)); Bodega Invs., LLC ex rel. Kreisberg v. United States, 08 Civ. 4065 (RMB)(MHD), 2009 WL 2634767 at *3 (S.D.N.Y. Aug. 21, 2009) (Dolinger, M.J.); Resolution Trust Corp. v. Diamond, 773 F. Supp. 597, 602-06 (S.D.N.Y. 1991) (Carter, R., D.J.).  The City has also waived the privilege, as to documents 2, 15, 16, 17, 19, 21, 24, 25, 46, 50, 51, 54, 55, 60, 68, 73, 74, and 105 by their noncompliance with Judge Scheindlin's May 5 Order.

       Because the plaintiffs do not challenge the City's assertion of the attorney-client privilege as to Document 96 -- which does not seem to be a Category One document -- the plain-tiffs' motion to compel this Document is denied.  See Five Borough Bicycle Club v. City of N.Y., 07 Civ. 2448 (LAK), 2008 WL 4302696 at *2 (S.D.N.Y. Sept. 16, 2008) (Kaplan, D.J.) ("There is no need to rule on the deliberative process privilege claim as to

the remaining documents as long as the attorney-client and other
privilege claims with respect to them remain unchallenged and
unresolved.").

>       4.    Balancing of the
>             Parties' Interests

Plaintiffs challenge eighty-eight Category Two documents[10] comprised of "correspondence and draft revisions to PG 212-60" on the ground that the deliberative process privilege should be pierced due to their need to access these documents in this litigation.  Plaintiffs do not otherwise challenge the applicability of the deliberative process privilege to these documents.

Unlike the attorney-client privilege, the deliberative process privilege is not absolute.

> [T]he deliberative process [is a] qualified privi-
> lege[] and, therefore, "when the existence of [the]
> privilege is established, there is a need to balance
> the public interest in nondisclosure against the need
> of the particular litigant for access to the privileged
> information." United States v. United States Currency
> in Sum of Twenty One Thousand Nine Hundred Dollars, No.

---

[10] These are Documents 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 20, 22, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 52, 56, 57, 58, 59, 63, 64, 65, 66, 67, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, and 121.

98 Civ. 6168 (SJ), 1999 WL 993721, at *2 (E.D.N.Y. Sept. 21, 1999) (citing Friedman v. Bache Halsey Stuart Shields, 738 F.2d 1336, 1341 (D.C. Cir. 1984), and Raphael v. Aetna Cas. & Sur. Co., 744 F. Supp. 71, 74-75 (S.D.N.Y. 1990)) (additional internal citation omitted).

Thus, in assessing the government's assertion of privilege, "[t]he court must balance the interests favoring and disfavoring disclosure, keeping in mind that the burden of persuasion rests on the party seeking to prevent disclosure.  The court must also consider the value of appropriate protective orders and redactions."  King, 121 F.R.D. at 190-91; see also Kitevski v. City of New York, No. 04 Civ. 7402 (RCC)(RLE), 2006 WL 680527, at *3 (S.D.N.Y. March 16, 2006) ("Whether the showing of relevance and need rises to the requisite level is a discretionary determination that must necessarily be made on a case-by-case basis."); United States v. Sawinski, No. 00 Crim. 0499 (RPP), 2000 WL 1702032, at *3 (S.D.N.Y. Nov. 14, 2000) (citing In re Sealed Case, 856 F.2d 268, 272 (D.C. Cir. 1988)).

MacNamara v. City of N.Y., supra, 249 F.R.D. at 79-80.

In balancing the parties interests,

[f]actors favoring disclosure include (1) the relevance of the requested materials to the [requesting party's] case, (2) the importance of the materials to the [requesting party's] case, including the availability of the information from alternative sources, (3) the strength of the [requesting party's] case . . . , and (4) the importance [of disclosure] to the public interest.  Factors against disclosure include (1) threats to public safety, (2) the invasion of government officials' privacy, (3) the weakening of government programs, and (4) the chilling of internal candor.

In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 643 F. Supp. 2d 439, 442-43 (S.D.N.Y. 2009) (Scheindlin, D.J.); see also In re Delphi Corp. v. United States, 276 F.R.D. 81, 85-86

18

(S.D.N.Y. 2011) (Castel, D.J.), <u>citing</u> <u>Export-Import Bank of the</u>
<u>United States v. Asia Pulp & Paper Co.</u>, 232 F.R.D. 103, 109
(S.D.N.Y. 2005) (Francis, M.J.).

      The importance of the evidence to the plaintiffs' case,
or the plaintiffs' need for the evidence, has consistently been
viewed as "the most important of all factors." <u>King v. Conde</u>,
121 F.R.D. 180, 194 (E.D.N.Y. 1988); <u>Otterson v. Nat. R.R.</u>
<u>Passenger Corp.</u>, 228 F.R.D. 205, 209 (S.D.N.Y. 2005) (Kaplan,
D.J.); <u>Export-Import Bank of the United States v. Asia Pulp &</u>
<u>Paper Co.</u>, <u>supra</u>, 232 F.R.D. at 109, <u>citing</u> <u>In re Franklin Nat.</u>
<u>Bank Sec. Litig.</u>, 478 F. Supp. 577, 580-82 (E.D.N.Y. 1979).  The
critical factor is frequently whether the government's delibera-
tions, motivations, or thought process themselves are genuinely
in issue in the case.  The privilege is routinely found to be
inapplicable where the agency deliberations are central to the
case.  <u>See</u>, <u>e.g.</u>, <u>MacNamara v. City of N.Y.</u>, 04 Civ. 9612
(KMK)(JCF), 2007 WL 755401 at *10 (S.D.N.Y. Mar. 14, 2007)
(Francis, M.J.) ("Accordingly, 'in a civil rights action where
the deliberative process of State or local officials is itself
genuinely in dispute, privileges designed to shield that process
from public scrutiny must yield to the overriding public policies
expressed in the civil rights laws.'" (<u>quoting</u> <u>Grossman v.</u>
<u>Schwarz</u>, 125 F.R.D. 376, 381 (S.D.N.Y. 1989) (Wood, D.J.)); <u>Nat.</u>

19

Res. Def. Council v. Fox, 94 Civ. 8424 (PKL)(HBP), 1998 WL 158671
at *5 (S.D.N.Y. Apr. 6, 1998) (Pitman, M.J.); Dep't of Econ. Dev.
v. Arthur Anderson & Co., 139 F.R.D. 295, 299 (S.D.N.Y. 1991)
(Stewart, D.J.) ("Where the adjudication of fraud claims turns
upon issues of [the agency's] knowledge, reliance, and causation,
direct evidence of the deliberative process is irreplaceable.");
Burka v. N.Y.C. Transit Auth., 110 F.R.D. 660, 667 (S.D.N.Y.
1986) (Francis, M.J.) ("Where the decision-making process itself
is the subject of the litigation, the deliberative privilege may
not be raised as a bar against disclosure of critical informa-
tion.").  Other courts have found it to be a critical factor in a
balancing of interests test.  See, e.g., In re Delphi Corp. v.
United States, supra, 276 F.R.D. at 85-86 ("Where the delibera-
tive or decisionmaking process is the 'central issue' in the
case, the need for the deliberative documents will outweigh the
possibility that disclosure will inhibit future candid debate
among agency decision-makers."); Resolution Trust Corp. v.
Diamond, supra, 773 F. Supp. at 605 ("[T]he considerations that
RTC took into account in its deliberations are directly in issue
in this case, making the contested evidence highly relevant by
the very fact that it is deliberative.").

   Here, the plaintiffs do not contest the applicability
of the deliberative process privilege to the requested documents;

rather, they argue that they have substantial need for these documents and that their need is sufficient to overcome the privilege (Memo. in Support at 7).  I find that the plaintiffs have not "demonstrated a sufficiently 'strong need' for the materials to overcome the privilege."  <u>Ingles v. City of N.Y.</u>, 01 Civ. 8279 (DC), 2004 WL 2274653 at *2 (S.D.N.Y. Oct. 8, 2004) (Chin, then D.J., now Cir. J.); <u>see also</u> <u>Otterson v. Nat. R.R. Passenger Corp.</u>, <u>supra</u>, 228 F.R.D. at 209.  The NYPD Deputy Commissioner for Legal Matters S. Andrew Schaffer, states in his Declaration that:

> [t]he personal views and opinions expressed are not reflective of the ultimate reasons and rationales for issuing Interim Order 23 . . . .  The disclosure of this information would create confusion as to the ultimate basis for revising the Patrol Guide.  In addition, disclosure would inhibit the frank and candid exchange of opinions that are part of the deliberative process and which best inform final agency decisions [and] would inhibit ongoing and future consultations and deliberations that take place in the Department's review of its procedures.

(Schaffer Decl. ¶¶ 13-14).  These concerns are the precise reasons the deliberative process privilege has been recognized.  See <u>MacNamara v. City of N.Y.</u>, <u>supra</u>, 249 F.R.D. at 77-78 ("[The privilege] is based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and from page news." (internal quotation marks and citations omitted)).

Although the Court in MacNamara v. City of N.Y., supra, 249 F.R.D. at 83, was not ultimately persuaded by the argument that disclosure of protected documents would chill internal candor, I find Deputy Commissioner Schaffer's concerns to be compelling.  The City was faced with complaints about the NYPD's practices which were brought before the Civilian Complaint Review Board and raised by NYCHA representatives and tenant leaders, and later, raised in the context of the current litigation (Schaffer Decl. ¶ 4).  The NYPD, therefore, sought to modify its official policy so as to provide enhanced guidance to its officers (Schaffer Decl. ¶ 11).  Deputy Commissioner Schaffer does not claim that discussions about modifying policy will never occur in the future; rather, he believes that openness in future discussions will be made more difficult if public disclosure in litigation is a real possibility.  See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., supra, 643 F. Supp. 2d at 114 ("There is a danger that a fear of public disclosure could chill candid debate among the case team members, resulting in inefficient or ineffective site remediation decisions." (footnote omitted)).

Moreover, unlike MacNamara, this is not a case in which the deliberations themselves are in issue.  The plaintiffs are not arguing, for example, that the City intentionally designed

22

I.O. 23 to set impermissibly vague standards for NYPD officers, and, thereby, sanction illegal trespass enforcement policies and practices.  Rather, the plaintiffs argue that the "[d]efendants implemented and applied vertical patrol policies and trespass enforcement practices in violation of state and federal law and 'in an intentionally discriminatory and race-based manner'" (Memo. in Support at 7, citing Amended Complaint ¶¶ 198-216, 249) (emphasis added).[11]

In addition, the plaintiffs fail to sufficiently articulate a need for the draft documents.  Because plaintiffs have not alleged the unlawfulness of I.O. 23 independent of its application and implementation, and considering the fact that plaintiffs have a copy of I.O. 23, there is no apparent need for documents reflecting the underlying deliberations.  See Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., supra, 643 F. Supp. 2d at 114 ("Evaluation of the propriety of the NJDEP's actions can be made through the use of non-privileged information

---

[11] Additionally, Judge Scheindlin held, in her May 5 Order, that the plaintiffs were not challenging the legality of I.O. 23 itself, but rather "seek to challenge defendants' overall vertical patrol policies and trespass enforcement practices. Plaintiffs' position is that those practices have been and remain discriminatory, regardless of whether they are manifested in P.O. 212-60, I.O. 23, or any other policy."  Davis v. City of N.Y., supra, 2011 WL 1742748 at *1 n.11; see also Letter Brief of Johnathan Smith, counsel to the plaintiffs, dated Mar. 29, 2011, at 7.

-- access to internal communications is unnecessary to advance the argument that the NJDEP's orders did not constitute appropriate remediation."). Although the information in the withheld documents may be relevant under the Federal Rules of Evidence, the plaintiffs have not shown why these documents are critical or necessary to their case.

Although the burden of persuasion continues to rest with the party seeking to prevent disclosure, and the allegations at issue in this litigation are very serious, after considering the nature of these documents, the City's proffered reasons for withholding them, the lack of allegations which would bring the deliberations directly in issue and the lack of a sufficiently articulated need for these documents, I find that, on balance, the plaintiffs' need does not outweigh the "public interest in nondisclosure."[12]

Because plaintiffs have not demonstrated an adequate basis to pierce the deliberative process privilege, I need not address the validity of the City's assertion of the attorney-

_____

[12] Although the Court in <u>MacNamara v. City of N.Y.</u>, 249 F.R.D. at 83, suggests that protective orders can be useful to minimize the risk of chilling internal candor, I find that, considering the overall balance of interests in this case, ordering disclosure of these documents subject to a protective order would not adequately protect the interests that underlie the deliberative process privilege.

client privilege, as to these documents.  <u>Five Borough Bicycle Club v. City of N.Y.</u>, <u>supra</u>, 2008 WL 4302696 at *2.  Accordingly, the plaintiffs' motion to compel the following documents, is denied:  1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 20, 22, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 52, 56, 57, 58, 59, 63, 64, 65, 66, 67, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, and 121.

     B.   Attorney-Client
          <u>Privilege</u>

Still in dispute are thirty-six documents, with respect to which either the City asserts only the attorney-client privilege, or the City asserts both privileges but has failed to meet its burden and waived, the deliberative process privilege.[13]

     1.   Applicable
          <u>Legal Principles</u>

The elements of the attorney-client privilege are well settled:

---

[13] These are Documents 2, 15, 16, 17, 19, 21, 23, 24, 25, 26, 46, 50, 51, 53, 54, 55, 60, 61, 62, 68, 69, 73, 74, 97, 98, 99, 100, 101, 102, 103, 104, 105, 122, 123, 124, and 125 on Exhibit J to the Vickers Declaration.

"The [attorney-client] privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 441 (S.D.N.Y. 1995) (Francis, M.J.), quoting United States v. United Shoe Mach. Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950); see United States v. Davis, 131 F.R.D. 391, 398 (S.D.N.Y. 1990) (Conboy, D.J.). The privilege "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). Therefore, "[i]t is now [also] well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., supra, 160 F.R.D. at 441-42; see also O'Brien v. Board of Educ.,

86 F.R.D. 548, 549 (S.D.N.Y. 1980) (Leval, then D.J., now Cir. J.); SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 520-22 (D. Conn. 1976).

"'[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.'" von Bulow by Auersperg v. von Bulow, supra, 811 F.2d at 144, quoting In re Grand Jury Subpoena Dated Jan. 4, 1984, 750 F.2d 223, 224 (2d Cir. 1984). Thus, the party seeking to invoke the privilege must establish all elements of the privilege. Bowne of NYC, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (Dolinger, M.J.) (collecting cases).

### 2.   Application

With respect to ten of the remaining documents,[14] I find that the City has met its burden in providing a description sufficient to demonstrate either the giving of legal advice, or the creation of a document which most likely contains client confidences disclosed in connection with a request for legal advice. As to each of these documents, the City has identified the author and recipient, and has provided a description of the

_____

[14] These are Documents 2, 15, 19, 24, 25, 46, 50, 55, 60, and 105.

27

document which either includes a legal term of art, such as
"administrative stops," or some other language suggesting the
document relates to legal advice.[15]   Accordingly, I find the City
has sustained its burden as to Documents 2, 15, 19, 24, 25, 46,
50, 55, 60, and 105 and the plaintiffs motion to compel, as to
these documents, is denied.   See MacNamara v. City of N.Y.,
supra, 2007 WL 755401 at *7.

----

[15] The plaintiffs argue that the City's revised privilege
log does not indicate a communication between a client and an
attorney, but rather a communication between attorneys at the
NYPD Legal Bureau and that these documents are, therefore,  not
protected by the attorney-client privilege (see Memo. in Support
at 12-15, citing Jackson v. City of N.Y., 05 Civ. 721 (RWS)(MHD),
2006 WL 2789990 (S.D.N.Y. Sept. 27, 2006) (Dolinger, M.J.)).
However, with respect to government lawyers, it is not uncommon
for attorneys to participate in the provision of legal advice in
dual capacities -- both giving legal advice to agency employees
and requesting legal advice from in-house or outside counsel.
See In re the County of Erie, 473 F.3d 413, 421 (2d Cir. 2007).
Here, because it is the NYPD as an entity which is the client and
the holder of the privilege, see United States v. Int'l Bhd. Of
Teamsters, 119 F.3d 210, 214-15 (2d Cir. 1997), it is likely that
certain members of the NYPD Legal Bureau, such as Deborah Zoland,
Assistant Deputy Commissioner for Legal Matters, were essentially
functioning as the requester of legal advice.  The fact that Ms.
Zoland or others may have played the role as the requester of
legal advice on behalf of the NYPD is especially likely
considering the delegation of all matters related to the
revisions of P.G. 212-60 to S. Andrew Schaffer, head of the NYPD
legal bureau and Ms. Zoland's supervisor.  Additionally,
documents created by attorneys which contain client confidences
obtained in the course of rendering legal advice, even if not a
communication between attorney and client, are properly
privileged.  ECDC Envtl., L.C. v. N.Y. Marine Gen. Ins. Co., 96
Civ. 6033 (BSJ)(HBP), 1998 WL 614478 at *10-*11 (S.D.N.Y. June 4,
1998) (Pitman, M.J.).

As to the remaining twenty-six documents,[16] I find the description of each document is insufficient to sustain an assertion of privilege.  Some documents describe the subject matter as "Memo re: Vertical Patrol Stops in NYCHA Owned Buildings (s/Handwritten Notations)," or "Handwritten Notes Regarding Vertical Patrols" with no indication that legal advice was requested or given.  Other documents in this category are insufficiently described because the log does not identify the author and intended or actual recipients—required information under Local Civil Rule 26.2.  Still other documents indicate "revisions" to "Lesson: Policing Housing Developments Including Conducting Interior Vertical Patrols," without indicating who created the underlying document or the nature of the revisions.[17] The City's descriptions simply do not suggest that an attorney's legal skills were involved in the preparation of these documents. An attorney and client can have many communications which are not privileged, for example, correspondence advising of the date and time of meetings, correspondence transmitting documents, memo-

---

[16] These are Documents 16, 17, 21, 23, 26, 51, 53, 54, 61, 62, 68, 69, 73, 74, 97, 98, 99, 100, 101, 102, 103, 104, 122, 123, 124, 125.

[17] Although I conclude that even non-legal revisions to a document which itself was privileged, would be privileged, there is no information provided as to the nature of the underlying "Lesson" document.

randa containing purely factual material, and non-substantive

edits and revisions to a draft document.  Because the proponent

of the privilege bears the burden of proof, where it is not clear

that a document involves a legal communication and a client

confidence, production must be ordered.

Given the insufficient information provided in the

revised privilege log, and Judge Scheindlin's strict instructions

in her May 5 Order, I find that the City has failed to meet its

burden in establishing the attorney-client privilege with respect

to Documents 16, 17, 21, 23, 26, 51, 53, 54, 61, 62, 68, 69, 73,

74, 97, 98, 99, 100, 101, 102, 103, 104, 122, 123, 124, and 125,

and that these documents should be produced.  See United States

v. Constr. Prods. Research, Inc., supra, 73 F.3d at 473-74;

Safeco Ins. Co. of Am. v. M.E.S., Inc., supra, 2001 WL 6102014

("Focusing on the descriptive portion on the log and ignoring the

conclusory labels[, the facts provided in the privilege log] do

not establish the elements of a claim of attorney-client privi-

lege (e.g., that the email contains legal advice or was prepared

to elicit legal advice from Sgarlata). . . ."); Resolution Trust

Corp. v. Diamond, supra, 773 F. Supp. at 601 ("The court has

concluded that the remaining documents . . . are not covered by

the attorney-client privilege [as the] RTC has not made a suffi-

cient showing that they consist of or contain privileged attor-

ney-client communications."); see also In re McRay, Richardson,
Santana, Wise, and Salaam Litig., 03 Civ. 9685 (DAB)(RLE), 2011
WL 5880994 at *7 (S.D.N.Y. Nov. 22, 2011) (Ellis, M.J.) (finding
attorneys "typographical edits" and "handwritten notes recommend-
ing the inclusion of certain facts or the exclusion of others"
not privileged).

IV.  Conclusion

          Plaintiffs' motion to compel is granted to the extent
that it seeks an Order directing the City to produce Documents
16, 17, 21, 23, 26, 51, 53, 54, 61, 62, 68, 69, 73, 74, 97, 98,
99, 100, 101, 102, 103, 104, 122, 123, 124, and 125.  In all
other respects, plaintiffs' motion to compel is denied.

Dated:  New York, New York
        February 27, 2012

                                SO ORDERED

                                HENRY PITMAN
                                United States Magistrate Judge

31

Copies transmitted to:

Johnathan J. Smith, Esq.
NAACP Legal Defense &
     Education FUND, Inc.
16th Floor
99 Hudson Street
New York, New York  10013

Katharine E.G. Booker, Esq.
Paul, Weiss, Rifkind, Wharton
     & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

Nancy Rosenbloom, Esq.
The Legal Aid Society of
     New York
199 Water Street
New York, New York  10038

Tonya Jenerette, Esq.
Senior Counsel
Special Federal Litigation Division
Office of the Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

Steven J. Rappaport, Esq.
New York City Housing Authority
9th Floor
250 Broadway
New York, New York  10007