UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

KELTON DAVIS, et al.,                    :

               Plaintiffs,        :      10 Civ. 699 (SAS)(HBP)

   -against-                              :      OPINION
                                   AND ORDER
THE CITY OF NEW YORK, et al.,            :

              Defendants.        :

----------------------------------X


       PITMAN, United States Magistrate Judge:


I.  Introduction


       In an Opinion and Order dated February 27, 2012 ("Feb. 27, 2012 Order")(Docket Item 153), familiarity with which is assumed, I granted in part, and denied in part, plaintiffs' motion seeking to compel the production of certain documents that defendant City of New York (the "City") was withholding on the basis of the attorney-client and the deliberative-process privi-leges (Docket Item 119).  Davis v. City of N.Y., 10 Civ. 699 (SAS)(HBP), 2012 WL 612794 (S.D.N.Y. Feb. 27, 2012).

       The City requests reconsideration of certain portions of the Feb. 27, 2012 Order; plaintiffs oppose the City's request for reconsideration and seek reconsideration of a different portion of the Feb. 27, 2012 Order.  For the reasons set forth

below, both requests for reconsideration are denied in all respects.

II.   Facts

    A.   Background

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, and other federal and state laws, in which the plaintiffs, on behalf of themselves and a class of similarly situated individuals, seek injunctive and declaratory relief and damages resulting from the allegedly unlawful trespass enforcement policies and practices of the defendants, the City and the New York City Housing Authority ("NYCHA"), working together with the New York City Police Department ("NYPD").[1]

At the time this suit was commenced, the relevant NYPD policy was reflected in Section 212-60 of the NYPD Patrol Guide ("P.G. 212-60").  Because of complaints and litigation, S. Andrew Schaffer, the NYPD Deputy Commission for Legal Matters undertook the task of revising P.G. 212-60.  After working together with

---

[1] Plaintiffs' allegations are set forth in greater detail in an opinion issued by the Honorable Shira A. Scheindlin, United States District Judge, denying the City's motion for partial summary judgement.  Davis v. City of N.Y., 10 Civ. 699 (SAS), 2011 WL 2652433 (S.D.N.Y. July 5, 2011).

high-ranking NYPD personnel and attorneys from the New York City Corporation Counsel's office, P.G. 212-60 was replaced by Interim Order number 23 ("I.O. 23").

Two categories of documents concerning the revisions to P.G. 212-60 were at issue in the Feb. 27, 2012 Order: "(1) legal memoranda and NYPD Legal Bureau analysis of vertical patrols in NYCHA developments; [and] (2) correspondence and draft revisions to PG 212-60" ("Category One" and Category Two," respectively) (Letter Brief of Tonya Jenerette, counsel to the City, dated Mar. 15, 2011 ("City's Letter Brief"), at 3).

The Honorable Shira A. Scheindlin, United States District Judge, in an Order, dated May 5, 2011 ("May 5, 2011 Order") found several deficiencies in the City's privilege logs and ordered the City to submit revised logs. Davis v. City of N.Y., 10 Civ. 699 (SAS), 2011 WL 1742748 (S.D.N.Y. May 5, 2011). Judge Scheindlin noted that "[c]ertain entries in the [City's privilege] log reflect a blatant abuse of the assertion of privilege," and issued the following instruction to the City:

> Thus while I do not rule here on the applicability of the attorney-client . . . privilege[] as [it has] not been briefed, the City is cautioned to reassess its assertion of all privileges carefully prior to resubmitting the logs.  If a random in camera review of a selected group of documents on the privilege logs reveals that the assertion of privilege was baseless, the Court will not hesitate to find that the City has

>          waived any claim of privilege with regard to the re-
>          mainder of the documents.

<u>Davis v. City of N.Y.</u>, <u>supra</u>, 2011 WL 1742748 at *4.

Pursuant to Judge Scheindlin's May 5, 2011 Order, the City submitted a revised privilege log on May 27, 2011, as well as a "redlined" version illustrating the revisions made to the original privilege log.  On October 21, 2011, plaintiffs moved to compel the production of 125 documents which the City asserted were protected by the deliberative-process privilege, the attorney-client privilege, or both (<u>see</u> Exhibit J to the Declaration of Judson Vickers in Opposition to Plaintiffs' Motion to Compel Production of Documents, dated Nov. 9, 2011 ("Vickers Decl.")(Docket Item 128)).[2]

The City asserted the deliberative-process privilege as to 107 documents; the plaintiffs challenged the assertion of this privilege as to 19 of these documents, on the ground that the City had not established, through the information provided in the revised privilege log, or through other evidence, the applicability of the privilege.  The plaintiffs also argued that all 107 documents withheld on the basis of the deliberative-process

---

[2] For the purposes of this Opinion and Order, I shall use the document numbers from Exhibit J to the Vickers Declaration to refer to the individual documents, rather then referring to the documents by Bates number.

privilege should be produced because the plaintiffs' need for the documents, outweighed the publics' interest in nondisclosure.

The City also asserted the attorney-client privilege as to all 125 documents; the plaintiffs challenged that assertion with respect to 124 of those documents, either on the ground that the City has provided insufficient information in its revised privilege log to support the assertions of privilege, or on the ground that the information in the privilege log did not suggest a communication to a client containing legal advice.

In my Feb. 27, 2012 Order, I first found that the descriptions in the privilege log with respect to 18 of the 19 documents[3] withheld on the basis of the deliberative-process privilege, and challenged by plaintiffs, were insufficient to show the applicability of the privilege. <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2012 WL 612794 at *6. I also held that the City had waived the deliberative-process privilege as to these documents by its failure to comply with Judge Scheindlin's May 5, 2011 Order directing it to revise the privilege log to address a deficiency in the descriptions. <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2012 WL 612794 at *6. I further found the dispute to be moot

---

[3] These are Documents 2, 15, 16, 17, 19, 21, 24, 25, 46, 50, 51, 54, 55, 60, 68, 73, 74, and 105 on Exhibit J to the Vickers Decl.

with respect to the remaining putative deliberative-process documents, because the plaintiffs did not also challenge the City's assertion of the attorney-client privilege with respect to these documents.[4]  <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2012 WL 612794 at *6.

Next, I held that plaintiffs had not shown a sufficient basis to pierce the deliberative-process privilege with respect to the 88 documents[5] which were otherwise unchallenged:

> Although the burden of persuasion continues to rest with the party seeking to prevent disclosure, and the allegations at issue in this litigation are very serious, after considering the nature of these documents, the City's proffered reasons for withholding them, the lack of allegations which would bring the deliberations directly in issue and the lack of a sufficiently articulated need for these documents, I find that, on balance, the plaintiffs' need does not outweigh the "public interest in nondisclosure."

<u>Davis v. City of N.Y.</u>, <u>supra</u>, 2012 WL 612794 at *10 (footnote omitted).

---

[4] Document 96.

[5] These are Documents 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 20, 22, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 52, 56, 57, 58, 59, 63, 64, 65, 66, 67, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, and 121.

Consequently, I also found plaintiffs' challenge to the City's assertion of the attorney-client privilege to be moot as to these documents.

Still in dispute were thirty-six documents,[6] with respect to which the City either asserted only the attorney-client privilege, or the City asserted both privileges but had failed to sustain its assertion of the deliberative-process privilege.

With respect to ten of the remaining documents,[7] "I f[ound] that the City ha[d] met its burden [of] providing a description sufficient to demonstrate either the giving of legal advice, or the creation of a document which most likely contains client confidences disclosed in connection with a request for legal advice." Davis v. City of N.Y., supra, 2012 WL 612794 at *10 (footnotes omitted).

I also added the following in a footnote:

> The plaintiffs argue that the City's revised privilege log does not indicate a communication between a client and an attorney, but rather a communication between attorneys at the NYPD Legal Bureau and that these documents are, therefore, not protected by the

---

[6] These are Documents 2, 15, 16, 17, 19, 21, 23, 24, 25, 26, 46, 50, 51, 53, 54, 55, 60, 61, 62, 68, 69, 73, 74, 97, 98, 99, 100, 101, 102, 103, 104, 105, 122, 123, 124, and 125 on Exhibit J to the Vickers Declaration.

[7] These are Documents 2, 15, 19, 24, 25, 46, 50, 55, 60, and 105.

attorney-client privilege (see Memo. in Support at 12-
15, citing Jackson v. City of N.Y., 05 Civ. 721
(RWS)(MHD), 2006 WL 2789990 (S.D.N.Y. Sept. 27, 2006)
(Dolinger, M.J.)).  However, with respect to government
lawyers, it is not uncommon for attorneys to partici-
pate in the provision of legal advice in dual capaci-
ties -- both giving legal advice to agency employees
and requesting legal advice from in-house or outside
counsel.  See In re the County of Erie, 473 F.3d 413,
421 (2d Cir. 2007).  Here, because it is the NYPD as an
entity which is the client and the holder of the privi-
lege, see United States v. Int'l Bhd. Of Teamsters, 119
F.3d 210, 214-15 (2d Cir. 1997), it is likely that
certain members of the NYPD Legal Bureau, such as
Deborah Zoland, Assistant Deputy Commissioner for Legal
Matters, were essentially functioning as the requester
of legal advice.  The fact that Ms. Zoland or others
may have played the role as the requester of legal
advice on behalf of the NYPD is especially likely
considering the delegation of all matters related to
the revisions of P.G. 212-60 to S. Andrew Schaffer,
head of the NYPD legal bureau and Ms. Zoland's supervi-
sor.  Additionally, documents created by attorneys
which contain client confidences obtained in the course
of rendering legal advice, even if not a communication
between attorney and client, are properly privileged.
ECDC Envtl., L.C. v. N.Y. Marine Gen. Ins. Co., 96 Civ.
6033 (BSJ)(HBP), 1998 WL 614478 at *10-*11 (S.D.N.Y.
June 4, 1998) (Pitman, M.J.).

Davis v. City of N.Y., supra, 2012 WL 612794 at *11 n.15.

     With respect to the remaining 26 documents:[8]

     I f[ound] the description of each document [to be]
     insufficient to sustain an assertion of privilege. . .
     .  The City's descriptions simply do not suggest that
     an attorney's legal skills were involved in the prepa-
     ration of these documents. . . .  Because the proponent
     of the privilege bears the burden of proof, where it is

---

     [8] These are Documents 16, 17, 21, 23, 26, 51, 53, 54, 61,
62, 68, 69, 73, 74, 97, 98, 99, 100, 101, 102, 103, 104, 122,
123, 124, 125.

> not clear that a document involves a legal communica-
> tion and a client confidence, production must be or-
> dered.

Davis v. City of N.Y., supra, 2012 WL 612794 at *11 (footnote

omitted).

In sum, I directed the City to produce Documents 16,

17, 21, 23, 26, 51, 53, 54, 61, 62, 68, 69, 73, 74, 97, 98, 99,

100, 101, 102, 103, 104, 122, 123, 124, and 125, and denied

plaintiffs' motion in all other respects.

I also declined to review the documents in camera

because (a) Judge Scheindlin Ordered the City to supplement its

privilege log and did not give the City the option of supplement-

ing its log or submitting the documents for in camera review, (b)

"if in camera review were an adequate remedy to a deficient

privilege log, there would be little reason for litigants to

comply with the Federal Rules of Civil Procedure and the Local

Rules and prepare an index of documents withheld on the ground of

privilege," and (c) in camera review is conducted only in excep-

tional circumstances.  Davis v. City of N.Y., supra, 2012 WL

612794 at *6 n.9.

B.   The Present
     Discovery Dispute

The City seeks reconsideration "only to the extent of
requesting an in camera review of four legal memoranda . . . .
Documents 17, 21, 51 and 54" (Letter Brief of Judson Vickers,
counsel to the City, dated March 2, 2012 ("City's Letter Brief"),
at 1 and Exhibit A annexed thereto).

Plaintiffs' oppose the City's request for reconsidera-
tion and also cross-move for reconsideration of my Feb. 27, 2012
Order, to the extent I denied plaintiffs' motion to compel ten
documents -- Documents 2, 15, 19, 24, 25, 46, 50, 55, 60, and 105
(Letter Brief of Johnathan J. Smith, counsel to the plaintiffs,
dated Mar. 12, 2012 (Plaintiffs' Letter Brief) at 3 and Appendix
A annexed thereto).

III.  Analysis

A.   Legal Principles
     Relating  to
     Motions for Reconsideration

Motions for reconsideration are appropriate only in
very limited circumstances.  As explained by the Honorable
Michael B. Mukasey, United States District Judge, now retired, in

McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F. Supp. 833, 833 (S.D.N.Y. 1989):

> Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." Weissman v. Fruchtman, 658 F. Supp. 547 (S.D.N.Y. 1987). The proponent of such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Civil Rule 6.3] to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Lewis v. New York Telephone, No. 83 Civ. 7129, slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169 (S.D.N.Y. 1988).

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court

on the underlying motion." Am. Alliance Ins. Co. v. Eagle Ins.
Co., 163 F.R.D. 211, 213 (S.D.N.Y. 1995) (Sweet, D.J.), rev'd on
other grounds, 92 F.3d 57 (2d Cir. 1996), citing Ameritrust Co.
Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993) (Sweet,
D.J.); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993)
(Sweet, D.J.), aff'd sub nom., Fulani v. Bentsen, 35 F.3d 49 (2d
Cir. 1994); E. Coast Novelty Co. v. City of N.Y., 141 F.R.D. 245,
245 (S.D.N.Y. 1992) (Sweet, D.J.); B.N.E., Swedbank, S.A. v.
Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992) (Sweet, D.J.);
Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991)
(Sweet, D.J.); Ashley Meadows Farm, Inc. v. Am. Horse Shows
Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985) (Sweet, D.J.).
Thus, "a party in its motion for reargument 'may not advance new
facts, issues or arguments not previously presented to the
court.'" In re Integrated Res. Real Estate Ltd. P'ships Sec.
Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1993) (Sweet, D.J.),
quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 86
Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4, 1989)
(Cannella, D.J.), rev'd on other grounds, 967 F.2d 742 (2d Cir.
1992); accord Caribbean Trading & Fid. Corp. v. Nigerian Nat'l
Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991); see also
Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994).
"These limitations serve to ensure finality and to prevent losing

12

parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters."  In re City of N.Y., as Owner & Operator of M/V Andrew J. Barberi, CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enter. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); Cohn v. Metropolitan Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.); In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (Kaplan, D.J.); Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc ., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (Scheindlin, D.J.).

      B.   Application

          1.   The City's Motion
               For Reconsideration

     The City asserts two purported bases for reconsideration.  Neither are meritorious.

     First, the City argues that reconsideration of Documents 17, 21, 51, and 54, by way of in camera review, is appropriate because plaintiffs did not challenge these documents on the ground that the privilege log is inadequate, merely on the ground that the documents contain "communications . . . between

13

lawyers, with no indication of communicating legal advice to client" (City's Letter Brief 2).

The City mischaracterizes the arguments plaintiffs asserted with respect to these four documents.  In their motion to compel, plaintiffs made two arguments challenging the asser-tion of the attorney-client privilege.  First, the plaintiffs argued that the "Court-Ordered privilege logs do not provide sufficient information about the authors or recipients of the challenge documents to support [the assertion of the] attorney-client privilege" (Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of Documents, dated Oct. 21, 2011 ("Memo. in Support")(Docket Item 120), at 10).  Second, plain-tiffs argued that the "attorney-client privilege does not apply" to these documents because they appear to be "communications between lawyers that do not indicate the provision of legal advice to a client" (Memo. in Support 12).  Reading plaintiffs' Memo. in Support together with the charts of challenged documents plaintiffs attached to the Amended Declaration of Jon Hee Lee in Support of Plaintiffs' Motion to Compel Production of Documents, dated Oct. 26, 2011 (Docket Item 122)("Lee Decl."), it is clear that plaintiffs challenged these four documents only on the latter ground (Exhibit F to Lee Decl.).  However, notwithstanding the title of Exhibit F to the Lee Decl. -- "Challenged Entries

14

Asserting Attorney-Client Privilege (Attorney-Attorney Communica-
tions Not Conveyed To A Client)" -- plaintiffs' latter argument
had two distinct parts.  First, plaintiffs argued that these
documents cannot be protected by the attorney-client privilege
because they appear to be communications shared between attorneys
at the NYPD Legal Bureau that were never transmitted to a client
-- a claim I expressly rejected.  See Davis v. City of N.Y.,
supra, 2012 WL 612794 at *11 n.15.  However, the plaintiffs also
argued that these documents should be produced because "in order
for the attorney-client privilege to apply to the Challenged
Documents, the City must demonstrate that the documents consti-
tute requests for, or the provision of, legal advice. . . .  The
Court-Ordered Privilege Logs to not indicate that . . . the
Challenged Documents were a . . . communication where the 'pre-
dominant purpose . . . is to render or solicit legal advice'"
(Memo. in Support 14-15, quoting In re County of Erie, 473 F.3d
413, 419 (2d Cir. 2007)).  It was on basis of this aspect of the
plaintiffs' second argument that I directed the City to produce
these documents.  See Davis v. City of N.Y., supra, 2012 WL
612794 at *11 ("The City's descriptions simply to not suggest
that an attorney's legal skills were involved in the preparation
of these documents. . . .  Because the proponent of the privilege
bears the burden of proof, where it is not clear that a document

15

involved a legal communication and a client confidence, produc-
tion must be ordered.").

The City also argues that reconsideration is warranted
because any omissions from the subject-matter descriptions are
"relatively minor, given the author's status as an attorney in
the office of [NYPD] Legal Affairs, as well as the timing of the
creation of these (and similar) memorandum" with "[s]uch omis-
sions includ[ing] Defendant's failure to indicate the memorandum
in question is a memorandum of law, as opposed to a memorandum"
(City's Letter Brief 2).

Here too, the City fails to show that I overlooked
controlling decisions or factual matters that were put before me
on the motion.  In opposition to the plaintiffs' motion to
compel, the City argued that:

> [P]laintiffs argue that the documents listed in
> Lee Dec. Exhibit F are not protected by the attorney-
> client privilege because . . . (2) they constitute
> general legal analysis rather than specific legal
> advice.  Plaintiffs Brief at 14-15.
>
> Plaintiffs are wrong.  As previously noted, the
> vast majority of these documents are classic legal
> memoranda addressing a variety of legal issues relating
> to NYCHA vertical patrols, PG 212-60 revisions, tres-
> passing on NYCHA property and NYCHA rulemaking.  As
> such, they should be afforded the same attorney-client
> privilege protections such documents would possess in
> the context of litigation involving non-governmental
> parties

(Defendant City of New York's Memorandum of Law in Opposition to
Plaintiffs' Motion to Compel Production of Documents, dated Nov.
9, 2011 ("Memo. in Opp.")(Docket Item 127), at 12 (emphasis
added)(footnote and citation omitted)).

After considering the City's argument, reviewing the
privilege log entries, and bearing in mind Judge Scheindlin's May
5, 2011 Order in which she gave the City a second opportunity to
submit a privilege log with descriptions sufficient to support
the asserted privileges, I found some entries to be sufficient
and some to be insufficient.  The City appears to be requesting
that I reevaluate that decision without pointing to facts or law
which I have overlooked.[9]  Accordingly, the City's motion for
reconsideration is denied.[10]

---

[9] The City also fails to articulate any basis for
reconsidering my holding declining to review the challenged
documents in camera.

[10] The City, implicitly acknowledging the weakness with the
grounds on which it seeks reconsideration, cites National Council
of La Raza v. Department of Justice, 03 Civ. 2559 (LAK), 2004 WL
2314455 (S.D.N.Y. Oct. 14, 2004) as "persuasive legal authority"
in support of its request for reconsideration.  In National
Council, the Honorable Lewis A. Kaplan, United States District
Judge, reconsidered an order directing a party to produce
purportedly privileged documents after in camera review, despite
a finding that "strict application of Rule 6.3 would require
denial of the motion for reconsideration," because "the
deliberative process privilege, and FOIA Exemption 5, serve
important public interests."  2004 WL 2314455 at *1.  Considering
the multiple opportunities the City had to update its privilege
log or supplement its assertion of privilege with affidavits or
(continued...)

    2.   Plaintiffs' Motion
        <u>For Reconsideration</u>

The plaintiffs move for reconsideration of my Feb. 27, 2012 Order, to the extent I declined to compel the production of ten documents, on the basis that I erred in my legal analysis and conclusions.[11]

Plaintiffs argue that my finding that "the City has met its burden in providing a description sufficient to demonstrate either the giving of legal advice, or the creation of a document which most likely contains client confidences disclosed in connection with a request for legal advice," <u>Davis v. City of N.Y.</u>, <u>supra</u>, 2012 WL 612794 at *11, was error because "there is no indication that a client requested and/or received the infor- mation" (Plaintiffs' Letter Brief 4).  Plaintiffs also contend that my finding that the attorney-client privilege applies even though the documents were transmitted between attorneys working in the NYPD Legal Bureau was error (Plaintiffs' Letter Brief 4).

_____

[10](...continued)
other evidence, and considering the more narrow interests involved in disputes over the attorney-client privilege, rather than the deliberative-process privilege and FOIA Exemption 5, I decline to grant the City the same leeway Judge Kaplan granted the defendant in <u>National Council</u>.

[11] These are Documents 2, 15, 19, 24, 25, 46, 50, 55, 60, and 105.

They argue that my decision warrants reconsideration because there is no case law on point which supports the proposition that communications between government attorneys within one agency's legal department can be protected by the attorney-client privilege and because the descriptions in the City's privilege log do not demonstrate that NYPD Legal Bureau attorneys were functioning in dual capacities with some attorneys functioning as representatives of the NYPD entity, while others, functioning as legal advisors to the NYPD (Plaintiffs' Letter Brief 4-5).

Plaintiffs do not cite any controlling facts or legal authorities that were called to my attention in connection with the underlying motion that I overlooked.  Rather, the plaintiffs' motion treats my Feb. 27, 2012 Order as if it were an invitation to further discussion and merely attempts to debate further the issues resolved by that Order.  Thus, the plaintiffs' motion for reconsideration also fails.

IV.   <u>Conclusion</u>

The City's and the plaintiffs' motions for reconsideration are denied in their entirety.


Dated:  New York, New York
        June 4, 2012


                                SO ORDERED


                                _____
                                HENRY PITMAN
                                United States Magistrate Judge




Copies transmitted to:

Johnathan J. Smith, Esq.
NAACP Legal Defense &
     Education FUND, Inc.
16th Floor
99 Hudson Street
New York, New York  10013

Katharine E.G. Booker, Esq.
Paul, Weiss, Rifkind, Wharton
     & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

Nancy Rosenbloom, Esq.
The Legal Aid Society of
     New York
199 Water Street
New York, New York  10038

Tonya Jenerette, Esq.
Senior Counsel
Special Federal Litigation Division
Office of the Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

Steven J. Rappaport, Esq.
New York City Housing Authority
9th Floor
250 Broadway
New York, New York  10007