USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KELTON DAVIS, et al.,                   :

            Plaintiffs,             :        10 Civ. 699 (SAS)(HBP)

  -against-                             :        MEMORANDUM OPINION
                                                 AND ORDER
THE CITY OF NEW YORK, et al.,           :

            Defendants.             :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        By an endorsed Order dated June 20, 2012, Judge Scheindlin directed that I reconsider my ruling with respect to four documents -- Documents 17, 21, 51 and 54 -- that the City is withholding on the grounds of the attorney-client and deliberative process privileges. On reconsideration, I grant the City's application for in camera review and upon reviewing the documents in camera, I deny the plaintiff's application to compel production.

        The first three documents are draft memoranda prepared by a Police Department attorney to an Assistant Deputy Commissioner addressing several legal issues that arise in connection with vertical patrol stops in NYCHA-owned buildings, with handwritten marginalia. The principal issue that I had with the City's listings for these memoranda in its index of privileged

documents was that the descriptions did not suggest that legal skills had been involved in the preparation of the memoranda. Not every utterance or memo from an attorney to a client is privileged. For example, attorneys routinely author documents such as transmittal letters, memos seeking to schedule meetings, memos advising when meetings will be held and memos reporting on the outcome of legal proceedings. None of these documents would be privileged unless they contained legal advice or analysis or reflected a client confidence communicated for the purpose of obtaining legal advice. If the City had been more forthcoming in its descriptions of these three documents and disclosed the fact that they were draft legal analyses, much time and trouble could have been avoided.

The fourth document is also a draft memorandum prepared by a Police Department attorney to an Assistant Deputy Commissioner addressing numerous legal issues in connection with NYCHA rulemaking. It also reflects the author's legal analysis and is, therefore, privileged.

Accordingly, on reconsideration, plaintiffs' motion to compel production of documents 17, 21, 51 and 54 is denied.

Dated:  New York, New York
        June 26, 2012

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Johnathan J. Smith, Esq.
NAACP Legal Defense &
     Education FUND, Inc.
16th Floor
99 Hudson Street
New York, New York  10013

Katharine E.G. Booker, Esq.
Paul, Weiss, Rifkind, Wharton
     & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

Nancy Rosenbloom, Esq.
The Legal Aid Society of
     New York
199 Water Street
New York, New York  10038

Tonya Jenerette, Esq.
Senior Counsel
Special Federal Litigation Division
Office of the Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

3

Steven J. Rappaport, Esq.
New York City Housing Authority
9th Floor
250 Broadway
New York, New York  10007