SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KELTON DAVIS, WILLIAM TURNER, EDWIN LARREGUI, ANTHONY ANDERSON, SHAWNE JONES, HECTOR SUAREZ, ADAM COOPER, DAVID WILSON, GENEVA WILSON, ELEANOR BRITT, ROMAN JACKSON, KRISTIN JOHNSON, LASHAUN SMITH, ANDREW WASHINGTON, PATRICK LITTLEJOHN, RAYMOND OSORIO, VAUGHN FREDERICK, and R.E., by her parent D.E., individually and on behalf of a class of all others similarly situated,

        Plaintiffs,

- against -

THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY,

        Defendants.
------------------------------------------------------------X

OPINION AND ORDER

10 Civ. 0699 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    BACKGROUND

        This putative class action challenges the policies and practices that the New York City Police Department ("NYPD") and the New York City Housing Authority ("NYCHA") use to enforce prohibitions against trespassing on public

1

housing property.[1] Plaintiffs have brought twelve causes of action against the NYPD and NYCHA under federal, state, and local laws and under the United States and New York State constitutions. Defendants moved for partial summary judgment on most of these claims. The parties agreed to brief these motions in two parts: the first part, adjudicated in an Opinion issued on October 9, 2012 ("*Davis I*"), addressed the individual circumstances of plaintiffs' arrests and tenancies.[2] The second part, which has yet to be adjudicated, will address defendants' policies and practices in the context of *Monell* liability.

Prior to *Davis I*, nine of the sixteen original plaintiffs, including Shawne Jones and Hector Suarez, accepted offers of judgment from the City pursuant to Federal Rule of Civil Procedure 68.[3] NYCHA argued that the Judgment released and discharged it from plaintiffs' claims as well.[4] I did not address the issue at that time, but noted that "it is the parties' intent that will

---

[1]     *See Davis v. City of New York* ("*Davis I*"), — F. Supp. 2d —, 2012 WL 4813837, at *1 (S.D.N.Y. Oct. 9, 2012).

[2]     *See id.* (granting in part and denying in part defendants' motions).

[3]     *See Davis v. City of New York*, No. 10 Civ. 0699, 2011 WL 4946243, at *1 (S.D.N.Y. Oct. 18, 2011).

[4]     *See id.* at *1 n.2.

2

control the scope of the Rule 68 Judgments."[5]

In the original version of *Davis I*, issued October 4, 2012, I assumed based on the parties' briefing that Jones and Suarez had withdrawn their claims against NYCHA.[6] It later became clear that the parties continued to disagree on this issue.[7] At a conference on October 12, 2012, after determining that Jones and Suarez had not withdrawn their claims against NYCHA as part of the Rule 68 Judgment,[8] I invited NYCHA to move for summary judgment with respect to the individual circumstances of Jones's and Suarez's tenancies.[9]

The briefing is now complete. For the reasons stated below, I conclude that NYCHA has not established at this stage of briefing that it is entitled

---

[5] *Id.* The details of the Rule 68 Judgment concerned only the City, and made no reference to NYCHA. *See* 2/7/11 Judgment Pursuant to Rule 68 ("Rule 68 Judgment") at 2 (Jones and Suarez taking "judgment against defendant The City of New York"). NYCHA's belief that the Judgment released and discharged it from Jones's and Suarez's claims was based in part on a clearly unintended plural "s" included in boilerplate language in the penultimate paragraph, which stated "this judgment shall act to release and discharge *defendants*." Rule 68 Judgment at 3 (emphasis added). *See* Transcript of 10/12/12 Conference ("Tr. 10/12") at 5:24–6:9, 8:19–9:17, 13:5–14:9.

[6] *See* 10/4/12 Opinion & Order at 54 & n.151.

[7] *See* 10/9/12 Order; 10/11/12 Letter from Matthew J. Moses, Counsel for Plaintiffs, to the Court.

[8] *See* Tr. 10/12 at 9:15–17.

[9] *See id.* at 14:20–15:25.

to summary judgment on Jones's and Suarez's section 1981 claims.

## II. DISCUSSION

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] I assume familiarity with the law laid out in *Davis I*. The same legal principles apply here.

### A. Jones's and Suarez's Claims Under Title VI of the Civil Rights Act of 1964, the Fair Housing Act, the New York State and New York City Human Rights Laws, and the United States Housing Act

Jones and Suarez are residents of NYCHA apartment buildings.[11] They bring claims against NYCHA under Title VI of the Civil Rights Act of 1964; Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA"); the Civil Rights Act of 1866 (42 U.S.C. § 1981); the New York State and New York City Human Rights Laws; and the United States Housing Act ("USHA").[12] I address Jones's and Suarez's section 1981 claim below. All other claims are

---

[10] Fed. R. Civ. P. 56(a).

[11] *See* NYCHA's Memorandum of Law in Further Support of Motion for Summary Judgment ("NYCHA Mem.") at 3, 6; Plaintiffs' Memorandum of Law in Opposition to Defendant NYCHA's Supplemental Motion for Summary Judgment ("Pl. Mem.") at 3, 4.

[12] *See* Pl. Mem. at 1.

addressed here.

In *Davis I*, I ruled on summary judgment motions relating to similar claims by three other NYCHA resident plaintiffs: Eleanor Britt, Patrick Littlejohn, and Rikia Evans.[13] With regard to defendants' summary judgment motions on these resident plaintiffs' Title VI, FHA, New York State and New York City Human Rights Laws, and USHA claims, I determined that each claim raised issues that went beyond plaintiffs' individual circumstances and could not be addressed before the second round of summary judgment briefing on plaintiffs' *Monell* claims.[14] The same analysis applies here.[15] Accordingly, NYCHA's motion for summary judgment on Jones's and Suarez's claims under Title VI, the FHA, the New York State and New York City Human Rights Laws, and the USHA is denied without prejudice.[16]

---

[13]  *See Davis I*, 2012 WL 4813837, at *16–25.

[14]  *See id.*

[15]  I was not persuaded by NYCHA's suggestion that Jones's and Suarez's individual circumstances are material to their USHA claim against NYCHA. *See* NYCHA Mem. at 2. As I stated in *Davis I*, the question of whether NYCHA has contravened USHA's prohibition on "unreasonable terms and conditions" in its leases "involves an inquiry into NYCHA's practices and policies rather than into plaintiffs' individual circumstances." *Davis I*, 2012 WL 4813837, at *22, *25.

[16]  NYCHA has already properly renewed its motion for summary judgment on all resident plaintiffs' claims as part of the second round of summary

5

B.  Jones's and Suarez's Claim Under 42 U.S.C. § 1981

As I stated in *Davis I*,[17] 42 U.S.C. § 1981 protects the rights of all persons "to make and enforce contracts" free from discrimination on the basis of race. Section 1981(b) states:

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of *all benefits, privileges, terms, and conditions* of the contractual relationship. (Emphasis added.)

Section 1981 "offers relief when racial discrimination . . . impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."[18] Like Evans, Littlejohn, and Britt, Jones and Suarez are authorized residents on a lease (that is, a contract) with NYCHA.[19] The question is whether Jones's and Suarez's rights under their contractual relationship with NYCHA have been impaired because of racial discrimination.

---

judgment briefing. *See* NYCHA's 12/5/12 Memorandum of Law in Support of its Motion for Summary Judgment.

[17]  *See Davis I*, 2012 WL 4813837, at *18.

[18]  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

[19]  *See Davis I*, 2012 WL 4813837, at *18; Plaintiffs' Rule 56.1 Statement of Additional Material Facts in Opposition to Defendant NYCHA's Supplemental Motion for Summary Judgment ¶¶ 4, 26.

In *Davis I*, I determined that "[b]oth the right to come and go as they please *and* the right to accommodate guests are material to plaintiffs' contracts; whether those contracts have been legally impaired is a fact-intensive inquiry."[20] I then concluded:

> Plaintiffs Evans and Littlejohn have proffered concrete evidence showing that since their arrests, they feel less free to come and go from their buildings and to have guests visit them. Evans has testified that police officers referred to her as "nigger" when she was arrested and Littlejohn testified that his friend Washington was also called a "nigger" in Littlejohn's building while he was attempting to visit Littlejohn. If she believes plaintiffs' testimony, a reasonable juror could find that the City has impaired Evans' and Littlejohn's residential leases in violation of section 1981. Summary judgment on this claim is therefore denied.
> In contrast, plaintiffs have offered no evidence regarding the alleged impairment of Britt's contract. Therefore, defendants' motions for summary judgment on Britt's section 1981 claim [are] granted.[21]

Plaintiffs' section 1981 claim is directed toward all defendants and does not specify how NYCHA, specifically, impaired plaintiffs' contracts through racial discrimination.[22] Drawing all reasonable inferences in favor of plaintiffs, I assume that plaintiffs will seek to establish the following: (1) NYCHA has worked

---

[20] *Davis*, 2012 WL 4813837, at *19 (emphasis added).

[21] *Id.* at *19–20 (citations and footnotes omitted).

[22] *See* Amended Complaint ("Am. Compl.") ¶¶ 266–271.

"in conjunction and collaboration" with the NYPD on trespass enforcement at NYCHA buildings;[23] (2) the NYPD's trespass enforcement policies and practices are racially discriminatory;[24] and (3) these policies and practices impaired plaintiffs' contractual rights in violation of section 1981.[25] The first two points depend on policies and practices that go beyond the individual circumstances of Jones's and Suarez's tenancies, and thus cannot be addressed before the second round of summary judgment briefing. The third point, however, can be addressed now: have Jones and Suarez raised a genuine issue of material fact as to whether their individual contracts with NYCHA were impaired by the NYPD's and NYCHA's trespass enforcement policies and practices? If not, NYCHA would be entitled to summary judgment on Jones's and Suarez's section 1981 claims.

Jones and Suarez, like Evans and Littlejohn, have proffered concrete evidence showing that as a result of trespass enforcement policies and practices in their buildings, they feel less free to come and go or to have guests visit them. Based on the testimony of Jones and Lashaun Smith, a reasonable juror could find that Smith, Jones's friend and the godfather of her son, visited Jones less after he

---

[23] Pl. Mem. at 1.

[24] *See* Am. Compl. ¶¶ 267–269.

[25] *See id.*

was illegally stopped and arrested for trespass as he exited Jones's building.[26]

Jones also testifed that the police stopped Jones's brother in her building on more than one occasion, and stopped her boyfriend at least once.[27] Jones testified that she now tells her male cousins to call before they visit "to let me know if I can meet them downstairs."[28] She does this to "avoid the cops stopping them and

---

[26] *See* Excerpts of 8/4/11 Transcript of Jones Deposition ("Pl. Jones Tr.") at 93–95, 121, Exhibit ("Ex.") 1 to 11/14/12 Declaration of Katharine E.G. Brooker, Counsel for Plaintiffs, in Support of Plaintiffs' Opposition to NYCHA's Motion for Summary Judgment ("Brooker Decl."); Excerpts of 3/16/11 Transcript of Smith Deposition ("Pl. Smith Tr.") at 48–50, 66, 78–80, 88, 92, 112, Ex. 4 to Brooker Decl.; *Davis I*, 2012 WL 4813837, at *6–7 (reasonable juror could conclude Smith's stop and arrest was unlawful). NYCHA argues that Smith stopped visiting Jones regularly because Smith moved to Virginia, and that Smith explicitly denied that his arrest made him less likely to visit someone who lived in NYCHA property. *See* Reply Memorandum of Law of Defendant NYCHA in Support of Its Motion for Summary Judgment on Plaintiffs' Individual Claims ("NYCHA Reply Mem.") at 6. Smith's testimony on these points, however, is somewhat unclear. Smith explains his lack of concern for being arrested again at Jones's building, for example, by stating: ". . . I don't, I don't stay in contact with police. I come, I get down, and get out the building. I don't be in there too long." Pl. Smith Tr. at 112. Though the question is close, a reasonable juror could find that Smith does not fear being arrested in Jones's building because he has already altered his routine to spend less time there.

[27] *See* Excerpts of 8/4/11 Transcript of Jones Deposition ("NYCHA Jones Tr.") at 18–21, 28–29, Ex. A to 10/26/12 Declaration of Steven J. Rappaport, Counsel for NYCHA, in Further Support of NYCHA's Motion for Summary Judgment ("Rappaport Decl.").

[28] NYCHA Jones Tr. at 138:6–8.

taking them in for nothing."[29]

Suarez testified that he suffers from a serious back injury and often relies on family members and friends to deliver meals to his home.[30] He testified that Adam Cooper, a friend and the boyfriend of Suarez's niece, was illegally stopped and arrested for trespass after delivering a meal to Suarez.[31] When Suarez made his way downstairs and attempted to explain that Cooper was an invited guest, the officers allegedly told him to "mind [his] business, to get the [fuck] back upstairs," then threatened him with arrest if he did not comply.[32] Suarez stated that the way the officers spoke to him was "embarrassing."[33] A reasonable juror could find that Suarez being ordered to return to his apartment, and being threatened with arrest if he did not comply, impaired Suarez's right to come and go as he pleased.

In addition, since the incident described above, Cooper has visited Suarez less often than before.[34] NYCHA emphasizes the following exchange,

---

[29] *Id.* at 138:19–20.

[30] *See* Excerpts of 9/1/11 Transcript of Suarez Deposition at 44, 64–67, Ex. 2 to Brooker Decl.

[31] *See id.* at 64–70, 87–88, 100, 137.

[32] *Id.* at 71–80.

[33] *Id.* at 115.

[34] *See* Excerpts of 9/1/11 Transcript of Suarez Deposition at 116:12–19, Ex. B to Rappaport Decl.

which immediately follows Suarez's testimony that Cooper visits less often than he used to:

> Q. Do you know why that is?
> A. No. Maybe because he's working.
> Q. Do you believe that this arrest, the fact that Mr. Cooper was arrested as he was leaving your apartment, do you believe that that has affected the frequency with which he visits you?
> A. I can't say.[35]

Because no other explanation is offered for Cooper's decision to visit Suarez less often after the stop and arrest than before, a reasonable juror could find that the change in Cooper's visiting resulted from Cooper's encounter with the police.

Viewing the evidence in the light most favorable to Jones and Suarez, a reasonable juror could find that the trespass enforcement policies and practices in Jones's and Suarez's buildings have impaired their rights under their residential leases with NYCHA in violation of section 1981. NYCHA's motion for summary judgment on Jones's and Suarez's section 1981 claims is therefore denied to the extent that it relied upon their contractual rights having not been impaired.

### III. CONCLUSION

NYCHA has not established at this stage of briefing that it is entitled

---

[35] *Id.* at 116:20–117:1. Suarez also stated that no other guests to his apartment have been stopped, and that the incident involving Cooper's stop and arrest has not affected him in any way other than making him angry and embarrassed. *See id.* at 115–16.

to summary judgment on Jones's and Suarez's section 1981 claims. NYCHA's motion for summary judgment on these claims will be addressed again at the second round of summary judgment briefing. The Clerk of the Court has already closed this motion [Docket No. 183].

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 14, 2013

## Appearances

**For Plaintiffs:**

Katharine E.G. Brooker, Esq.
Matthew J. Moses, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Debo P. Adegbile, Esq.
Christina Swarns, Esq.
Johanna B. Steinberg, Esq.
Jin Hee Lee, Esq.
Johnathan Smith, Esq.
Ria Tabacco, Esq.
NAACP Legal Defense & Educational Fund, Inc.
99 Hudson Street, 16th Floor
New York, New York 10013
(212) 965-2200

Steven Banks, Esq.
William D. Gibney, Esq.
Steven Wasserman, Esq.
Nancy Rosenbloom, Esq.
Marlen S. Bodden, Esq.
Legal Aid Society of New York
199 Water Street
New York, New York 10038
(212) 577-3419

**For Defendant NYCHA:**

Steven Jay Rappaport, Esq.
New York City Housing Authority
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5152