UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELTON DAVIS, et al., individually and on behalf of a class of all others similarly situated;

                Plaintiffs,

- against -

THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY;

                Defendants.



10 Civ. 0699 (SAS)
ECF Case

## STIPULATION OF SETTLEMENT AND ORDER

**WHEREAS**, on January 28, 2010, Plaintiffs in the above-captioned action filed a Complaint pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1981; the Fourth and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d); Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. ("Fair Housing Act"); the United States Housing Act, 42 U.S.C. § 1437, et seq.; the Constitution and laws of the State of New York; and the New York City Human Rights Law; and

**WHEREAS**, the Amended Complaint, filed on May 27, 2011, alleges that Defendant City of New York ("City") has violated, and continues to violate, the federal and state constitutional and statutory rights of public housing residents and their guests due to its alleged policy and practice of stopping, questioning, detaining, and arresting persons in residences owned and operated by the New York City Housing Authority ("NYCHA")—the vast majority of whom are African American or Latino—on suspicion of criminal trespass without sufficient

legal basis and on a racially discriminatory basis, resulting in the interference of residents' ability to enjoy their homes and receive police protection, a municipal service, like other New York City residents on the basis of their race and/or ethnicity; and

**WHEREAS**, the Amended Complaint further alleges that Defendant NYCHA issued "Highlights of House Rules, Lease Terms and Policy" ("House Rules"), which contains allegedly unreasonable terms and conditions—specifically, (a) the alleged requirement that NYCHA residents and their guests cooperate with inquiries from officers of the New York City Police Department ("NYPD") and (b) the prohibition against an allegedly vague, undefined activity called "lingering"—that allegedly deny NYCHA residents the rights to exclusive use and occupancy of their leased units and the right to entertain guests in their homes by facilitating unlawful trespass enforcement practices; and

**WHEREAS**, on August 29, 2013, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court certified two overlapping classes defined as follows:

*Stopped Class:* All African-American and Latino NYCHA residents and/or family members, authorized guests or visitors of NYCHA residents, who, since January 28, 2007, have been or will be unlawfully stopped, seized, questioned, frisked, searched, and/or arrested for trespass by New York City Police Department ("NYPD") officers in or around NYCHA residences, including on the basis of race and/or ethnicity.

*Resident Class:* All authorized NYCHA residents who belong to the Stopped Class or whose family members, authorized guests or visitors, since January 28, 2007, have been or will be unlawfully stopped, seized, questioned, frisked, searched, and/or arrested for trespass by NYPD officers in or around NYCHA residences, including on the basis of race and/or ethnicity; and

**WHEREAS**, the Parties have engaged in extensive discovery relating to Defendants' policies and practices with respect to police services, including without limitation trespass enforcement policies and practices in and around NYCHA residences; and

**WHEREAS**, the Parties have engaged in three rounds of summary judgment briefing, resulting in three published decisions of this Court: *Davis v. City of New York*, 812 F. Supp. 2d 333 (S.D.N.Y. 2011); *Davis v. City of New York*, 902 F. Supp. 2d 405 (S.D.N.Y. 2012); *Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013); and

**WHEREAS**, the terms of this Stipulation of Settlement and Order ("Stipulation") were extensively and vigorously negotiated in good faith over a period of several months; and

**WHEREAS**, the negotiations have resulted in this Stipulation, which, subject to the approval of the Court, settles this action in the manner and upon the terms set forth below,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

### A. INTRODUCTION

1. The Parties enter into this Stipulation after arm's length, good faith negotiations for the purpose of avoiding the burdens of further litigation, and to mutually support vigorous, lawful, and nondiscriminatory enforcement of the law. Settlement of this action under the terms stated in this Stipulation is in the public interest as it avoids further diversion of private, City, and NYCHA resources to adversarial action by the Parties.

2. Defendants deny any and all liability and deny that they had or have a policy, or engaged in or currently engage in a pattern or practice of conduct, that deprived persons of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

3. This Stipulation does not, and shall not be deemed to, constitute an admission by Defendants as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs. This Stipulation does not constitute an admission, adjudication, or finding on the merits of the above-captioned action.

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## B. DEFINITIONS

1. "Class Members" shall mean all members of both classes as defined by the Court, cited in the Preamble above.

2. "Class Representatives" shall mean all "Named Plaintiffs" in the above-captioned action, as defined in Paragraph 12 below.

3. "Class Counsel" shall mean Plaintiffs' attorneys of record in the above-captioned action.

4. "City" shall mean the City of New York.

5. "Court-Ordered Monitoring" shall mean the remedies, including without limitation, the appointment of a Monitor to oversee reforms of the NYPD and the joint remedial process for developing supplemental reforms, ordered by the Court in the Floyd Remedies Opinion, defined in Paragraph 10 below.

6. "Defendants" shall mean Defendant City of New York and Defendant New York City Housing Authority.

7. "Dismissal Date" shall mean the date on or shortly after the Final Approval Date, defined below, on which the District Court dismisses the case with prejudice.

8. "Effective Date" is thirty (30) days after the "Dismissal Date," following the "Final Approval Date," defined below, and shall also be the date upon which this Stipulation enters into effect, subject to Paragraph 22 below.

9. "Final Approval Date" shall mean the date on which this Court approves this Stipulation, following a fairness hearing.

10. "Floyd Remedies Opinion" shall mean the Opinion and Order in *Floyd* v. *City of New York*, 08 Civ. 1034 (SAS), dated August 12, 2013 (Doc. No. 372), as modified by the Order Modifying Remedial Order, dated July 30, 2014 (Doc. No. 466), attached as Exhibits A and B, respectively, to this Stipulation.

11. "House Rules" shall mean NYCHA's "Highlights of House Rules, Lease Terms and Policy."

12. "Named Plaintiffs" shall mean Plaintiffs Shawne Jones, Hector Suarez, Eleanor Britt, Roman Jackson, Kristin Johnson, Lashaun Smith, Andrew Washington, Patrick Littlejohn, Raymond Osorio, Vaughn Frederick, and Rikia Evans.

13. "Named Resident Plaintiffs" shall mean Shawne Jones, Hector Suarez, Eleanor Britt, Patrick Littlejohn, and Rikia Evans.

14. "NYCHA" shall mean the New York City Housing Authority.

15. "NYPD" shall mean the New York City Police Department.

16. "Parties" shall mean Plaintiffs, Defendant City of New York, and Defendant New York City Housing Authority.

17. "PG 212-60" shall mean NYPD Patrol Guide 212-60 "Interior Patrol of Housing Authority Buildings," which instructs NYPD officers on the proper performance of interior patrols in NYCHA residences.

5

18. "Plaintiffs" shall mean the Named Plaintiffs and Class Members.

19. "Preliminary Approval Date" shall mean the date on which this Court endorses this Stipulation.

20. "Stipulation" shall mean this Stipulation of Settlement and Order executed by the Parties in the above-captioned action.

21. "Substantial Compliance" shall mean both compliance with all material aspects of the reforms pertaining to the above-captioned action arising from the recommendations of the Court-Ordered Monitoring, and the reforms required by this Stipulation. Noncompliance with mere technicalities, or temporary failure to comply during a period of otherwise sustained compliance, will not constitute a failure of Substantial Compliance. However, temporary compliance during a period of otherwise sustained non-compliance shall not constitute Substantial Compliance. Substantial Compliance shall be measured using milestones to be set in the Court-Ordered Monitoring.

22. Notwithstanding the foregoing in Paragraphs B.7-B.9, in the event that any appeals or petitions are taken or filed regarding the Court's approval of this Stipulation or entry of a final judgment in this action, any and all obligations required to be undertaken pursuant to this Stipulation by Defendants are stayed pending the final determination of any such appeals or petitions. The Stipulation shall not become effective nor shall the Defendants be required to undertake any obligations in the event that the final determination of any such appeals or petitions results in a rejection of the settlement as set forth in this Stipulation or a reversal of the order dismissing the action with prejudice.

## C. MUTUAL AGREEMENT OF PRINCIPLES

1. The Parties agree that NYCHA residents and their authorized visitors have the same legal rights as the residents and authorized visitors of any other residential building in

New York City, and deserve the utmost courtesy and respect during their interactions with NYPD officers.

2. The Parties agree that further development of cooperative and trusting relationships between NYPD officers and NYCHA residents facilitates effective policing, and that negative interactions between NYPD officers and NYCHA residents and their authorized visitors can have a long-lasting, harmful impact on those relationships.

3. The Parties agree that the secured access of building entryways and effective policing within the building are important to maintain the safety and security of NYCHA residences.

4. The Parties agree that in performing patrols in or around NYCHA residences, the NYPD's primary role is to provide a safe and secure living environment for NYCHA residents and their guests.

5. The Parties agree that the proper enforcement of New York State trespass law is an important component of the maintenance and security of NYCHA residences.

6. The Parties agree that the enforcement of New York State trespass law must, at all times, comply with the United States Constitution and all other relevant state and federal laws.

>   (a) Plaintiffs and the City agree that NYPD officers must have at least an "objective credible reason" in order to approach any person in or around a NYCHA residence, and that simply entering, being in, or exiting a NYCHA residence does not constitute an "objective credible reason."

7

(b) Plaintiffs and the City agree that NYPD officers who request information from any person in or around a NYCHA residence, based on an "objective credible reason," as defined in *People v. De Bour*, 40 N.Y.2d 210 (1976) and its progeny, cannot question that person in an accusatory manner.

(c) Plaintiffs and the City agree that NYPD officers must have a "founded suspicion" of criminal activity, as defined in *People v. De Bour*, 40 N.Y.2d 210 (1976) and its progeny, in order to ask any person in or around a NYCHA residence pointed or accusatory questions that would cause a person to reasonably believe that he or she is suspected of a crime, but officers may not ask such questions in a manner that would cause a reasonable person to believe that he or she cannot terminate the encounter and walk away.

(d) Plaintiffs and the City agree that NYPD officers must have a "reasonable suspicion" of criminal activity in order to stop and/or detain any person in or around a NYCHA residence such that a reasonable person would believe that he or she cannot terminate the encounter and walk away.

(e) Plaintiffs and the City agree that NYPD officers must have "probable cause" of criminal activity in order to arrest any person in or around a NYCHA residence.

7. The Parties agree that it is imperative to have rules, policies, and procedures to prevent NYCHA residents and their authorized guests from being subjected to a request for information without objective credible reasons, accusatory questions without founded suspicion that criminal activity is afoot, stops or detentions without reasonable suspicion, or arrests without probable cause.

8. The Parties agree that proper and sufficient training, supervision, monitoring, and disciplining of NYPD officers are necessary to prevent unlawful stops and arrests in or around NYCHA residences.

### D. REVISIONS TO NYPD PATROL GUIDE

1. Plaintiffs and the City have extensively negotiated the terms of PG 212-60 and have agreed to revisions that will promote constitutional interactions between NYPD officers and persons encountered during interior patrols in NYCHA residences.

2. The revised version of PG 212-60, to which both Plaintiffs and the City agree, is attached as Exhibit C to this Stipulation.

### E. REVISIONS TO CERTAIN NYPD TRAINING MATERIALS

1. Plaintiffs and the City have extensively negotiated the terms of the NYPD training materials regarding trespass enforcement in NYCHA residences and enforcement of NYCHA House Rules and have agreed to revisions that will aid in training NYPD officers to engage in constitutional interactions while in or around NYCHA residences and/or while performing interior patrols in or around NYCHA residences.

2. The revised versions of the "Basic Recruit Course Lesson Plan on Patrol Operations/Interior Patrols" and "NYCHA Rules, Regulations, and Signage Lesson Plan," to which both Plaintiffs and the City agree, are attached as Exhibits D and E, respectively, to this Stipulation.

9

### F. TREPASS CRIME FACT SHEET

1. Plaintiffs and the City agree that the NYPD's Trespass Crime Fact Sheet form (PD 351-144) should be completed by NYPD officers, prior to arraignment, any time they effect an arrest for trespass in or around a NYCHA residence.

2. The revisions to the Trespass Crime Fact Sheet, to which both Plaintiffs and the City agree, are attached as Exhibit F to this Stipulation.

### G. REVISIONS TO NYCHA'S HOUSE RULES

1. Plaintiffs and NYCHA have negotiated revisions to the terms of the House Rules regarding cooperation with NYPD inquiries and the prohibition against lingering.

2. The revisions to the House Rules, to which both Plaintiffs and NYCHA agree, are attached as Exhibit G to this Stipulation.

### H. PARTICIPATION IN COURT-ORDERED MONITORING

1. Plaintiffs and the City stipulate that changes to the NYPD's practices related to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring and discipline of officers, will be addressed as part of the Court-Ordered Monitoring ordered by the Court in the Floyd Remedies Opinion, except with respects to Exhibits C, D, E, F, and G, which were discussed in Sections D, E, F, and G above.

2. Plaintiffs and the City stipulate that the Court-Ordered Monitoring will address arrests for criminal trespass, as well as trespass stops, and any training, supervision, monitoring or discipline issues that relate to trespass enforcement in or around NYCHA residences that would otherwise be a part of the remedies in the above-captioned action.

3. Plaintiffs and the City stipulate that, for purposes of resolving Plaintiffs' claims in the above-captioned action, the Court-Ordered Monitoring related to trespass enforcement in or around NYCHA residences will be identical to the Court Ordered Monitoring

in the Floyd Remedies Opinion, including the duration of the Court-Ordered Monitoring. The Parties further stipulate that after an additional two years of Court oversight after termination of the Court-Ordered Monitoring, and assuming continued Substantial Compliance, Plaintiffs will not oppose a City Motion to terminate this Stipulation.

4. The Parties stipulate that following the Final Approval Date and the Dismissal Date, the Parties will jointly request that this case be transferred by the Effective Date to the Honorable Analisa Torres for oversight of the remedies set forth in Sections D, E, F, G and H of this Stipulation pursuant to Paragraph N.3 herein.

5. Plaintiffs and the City stipulate that, after this case has been transferred to the Honorable Analisa Torres, Plaintiffs and the City will jointly request that the Court endorse a Stipulation and Order to incorporate, in full, the terms and provisions of the Floyd Remedies Opinion into the above-captioned case, including the duties of the Monitor, for the purpose of enforcing the Stipulation as it pertains to reforms to the NYPD's practices that relate to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring and discipline of officers.

6. The Parties stipulate that any Orders issued by the Honorable Analisa Torres arising from the recommendations of the Court-Ordered Monitoring pertaining to the above-captioned action will be adopted and have full force in the above-captioned action.

7. Plaintiffs and the City stipulate that the terms of the City's Substantial Compliance with respect to the reforms required by this Stipulation will be pursuant to Paragraphs B.21 and H.3 herein.

## I. INDIVIDUAL DAMAGES CLAIMS AGAINST DEFENDANT CITY

1. The City has agreed to pay a total of $270,000 to settle the Named Plaintiffs' individual damages claims.

11

2. The Plaintiffs and City agree that each Named Plaintiff will sign and execute a Stipulation of Settlement and Order of Dismissal, a General Release, and an Affidavit Regarding Status of Liens. The failure of an individual plaintiff to execute any of the aforementioned documents will result in non-payment of damages to that Named Plaintiff, but will not otherwise affect the operation of this Stipulation or the rights of any other Named Plaintiff or Class Members.

### J. ATTORNEYS' FEES AND COSTS FROM DEFENDANT CITY

1. The City has agreed to pay attorneys' fees totaling $2,487,481.50 and costs totaling $464,242.64 to Class Counsel for all attorney time and expenses incurred through September 30, 2014.

2. The City shall pay reasonable attorneys' fees and costs to Class Counsel based upon agreed hourly rates for time spent to date from October 1, 2014, until the date of the transfer to the Honorable Analisa Torres. Class Counsel shall submit invoices for their time and costs. Any disputes over fees and costs shall be adjudicated by the Court.

3. Plaintiffs' receipt of attorneys' fees and costs incurred in connection with the Court-Ordered Monitoring will be subject to Court approval. The City reserves its rights to object to any application for such fees and costs.

### K. INDIVIDUAL DAMAGES FROM DEFENDANT NYCHA

1. NYCHA has agreed to pay damages to the Named Resident Plaintiffs totaling $25,000.00 to settle their individual claims.

2. The Plaintiffs and NYCHA agree that each Named Resident Plaintiff will sign and execute a Stipulation of Settlement and Order of Dismissal, a General Release, and an Affidavit Regarding Status of Liens. The failure of an individual plaintiff to execute any of the aforementioned documents will result in non-payment of damages to that Named Resident

Plaintiff, but will not otherwise affect the operation of this Stipulation or the rights of any other Named Resident Plaintiff or the Class Members.

### L. NYPD DOCUMENT MAINTENANCE AND DISCLOSURE

1. The NYPD shall maintain, consistent with NYPD procedures and, if applicable, any modifying orders by the Court, all records that document its compliance with the remedies set forth in Sections D, E, F, G, and H of this Stipulation.

2. The NYPD shall maintain all files regarding any investigation of misconduct relating to any complaint pertaining to a stop and/or arrest for suspicion of trespass on NYCHA property, as well as all disciplinary files maintained in conjunction therewith, as required by current regulations of the City and the NYPD, and, if applicable, any modifying orders by the Court.

3. The City shall disclose to Class Counsel and the Monitor during the Court-Ordered Monitoring any information related to the Court-Ordered Monitoring that the Monitor determines should be disclosed to Class Counsel, and such information shall be disclosed at intervals determined by the Monitor.

### M. CLASS NOTICE

1. The Parties shall cause to be published a notice to Class Members in the form attached hereto as Exhibit H. Such notice shall be published in the *New York Daily News*, the *New York Post*, the *Amsterdam News*, and *El Diario* three times within the same two-week period, or as otherwise ordered by the Court, and shall be posted conspicuously in central locations in all NYCHA residential buildings.

2. Costs of publication of notice shall be borne by the City.

13

### N. EFFECT OF THE SETTLEMENT STIPULATION ON THE PENDING ACTION

1. Plaintiffs will take all necessary and appropriate steps to obtain approval of this Stipulation and dismissal of the above-captioned action with prejudice. If the Court approves this Stipulation, and if there is an appeal from such decision, Defendants will join Plaintiffs in defense of the Stipulation.

2. On or after the Final Approval Date, the District Court will dismiss the above-captioned action, with prejudice and without costs, expenses, or fees in excess of the amount authorized by the Court or agreed upon by the Parties in accordance with Paragraphs B.7 and Section J herein.

3. Subsequent to dismissal of this action with prejudice, the District Court shall retain jurisdiction for purposes of monitoring and ensuring compliance with Sections D, E, F, G, and H of this Stipulation and pursuant to Paragraph H.4. herein. The District Court shall also retain jurisdiction over this action for the purpose of adopting any orders resulting from the Court-Ordered Monitoring and enforcing compliance with any other terms and provisions of this Stipulation pursuant to Paragraph H.6 herein.

4. The terms of this Stipulation shall be a full, final, and complete resolution of this action.

5. The Parties reserve their right to appellate review of the Court's decisions concerning compliance under the Stipulation, as governed by applicable law.

### O. DISPUTE RESOLUTION

1. At any time prior to the expiration of this Stipulation, should the Class Representatives and/or Class Members determine that either and/or both of Defendants failed to comply with any term of the Stipulation, Class Counsel shall forward written notifications of

14

such non-compliance to the Deputy Commissioner of Legal Matters of the NYPD, General Counsel of NYCHA, and to the Office of the Corporation Counsel.

2. Should the Defendant, whom Class Representatives and/or Class Members contend has failed to comply with any term of the Stipulation, agree that it has not complied with the specified term(s), that Defendant shall specifically perform said term(s) within a reasonable period of time, to be mutually agreed upon through the good faith efforts of the Parties and their counsel.

3. Should the Defendant, whom Class Representatives and/or Class Members contend has failed to comply with any term of the Stipulation, dispute the determination of non-compliance by the Class Representatives and/or Class Members, or if the Parties cannot agree on a time frame within which that Defendant is to perform an obligation with which it agrees it has not complied, or in the event that Defendant fails to perform an obligation it has agreed to perform in accordance with the provisions of Paragraph O.2 above, Class Representatives and/or Class Members may apply to the Court for an order directing specific performance of that term or terms. Class Representatives and/or Class Members cannot make such an application before thirty (30) days after the initial notification of non-compliance to the NYPD, NYCHA, and the Office of the Corporation Counsel.

4. In no event shall any of the Defendants be adjudged in contempt for proven non-compliance with any of the terms or provisions of this Stipulation, unless and until the Defendants fail to comply with an order from the Court directing specific performance of such terms or provisions, obtained by the Class Representatives and/or Class Members in compliance with the provisions of Section O herein.

## P. RELEASE

1. The Stipulation, as of the Effective Date, resolves in full any and all claims or rights of action against the Defendants and their predecessors, successors, or assignees together with past, present and future officials, employees, representatives, and agents of the NYPD, NYCHA, and the City of New York (the "Released Persons"), by any Plaintiffs and/or Class Members, including Class Representatives, contained in and/or arising from the Complaint and Amended Complaint in this action, and any other claims or rights of action that Plaintiffs and/or Class Members, including Class Representatives, may have based upon or arising from any alleged policy, pattern, or practice of unconstitutionality in the trespass stop, question, frisk, and arrest practices of the NYPD, and the alleged unreasonable terms and conditions of NYCHA's House Rules, that could have been raised at this time in this action and for which the Class Representatives had standing to raise when filing the Complaint and Amended Complaint, with the exception of individual damages claims for which separate Stipulations will be required pursuant to Paragraphs I.2 and K.2 herein.

2. As of the Effective Date, Plaintiffs and/or Class Members, including the Class Representatives, hereby release and waive any and all claims and rights to pursue, initiate, prosecute or commence any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, before any court, administrative agency or other tribunal, or to file any complaint with regard to acts of commission or omission by the Released Persons related to, connected with, arising out of, or based upon, the allegations contained in, or arising from, the Complaint and Amended Complaint in this action for which the Class Representatives had standing to raise when filing the Complaint and Amended Complaint, with the exceptions of individual damages claims, for which separate Stipulations will be required pursuant to Paragraphs I.2 and K.2 herein.

16

3. This Stipulation does not affect the rights of an individual Class Member to bring individual damages claims against Defendants for what they believe is a violation of their rights, including any claims related to, connected with, arising out of, or based upon the allegations contained in or arising from the Complaint and Amended Complaint in this action.

4. This release will be, and may be, raised as a complete defense to and will preclude any action or proceeding encompassed by the release of the Released Persons subject to Paragraph P.3 above.

## Q. APPLICATION AND PARTIES BOUND

1. Each Plaintiff and/or Class Member, including the Class Representatives, shall be deemed to have submitted to the jurisdiction of this Court.

2. This Stipulation applies to, and is binding upon, the Plaintiffs and/or Class Members, including the Class Representatives, Defendants, and their officers, agents, employees, successors, and assigns. This Stipulation is enforceable only by the Plaintiffs and/or Class Members, including the Class Representatives, and Defendants. The undersigned representatives of the Plaintiffs and/or Class Members, including the Class Representatives, certify that they are authorized to enter into and consent to the terms and conditions of the Stipulation and to execute and legally bind the Plaintiffs and/or Class Members, including the Class Representatives, to the Stipulation.

## R. MODIFICATION OF THE SETTLEMENT STIPULATION AND ORDER

1. This Stipulation represents the entire agreement among the Parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions herein. This Stipulation can be modified only on the written consent of all the Parties.

17

## S. NOTIFICATION OF PARTIES UNDER THE SETTLEMENT STIPULATION AND ORDER

1. All notices contemplated by this Stipulation, other than notice to the class pursuant to Section M, shall be delivered by hand and by email as follows:

Jin Hee Lee
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-3702
jlee@naacpldf.org

Muriel Goode-Trufant
Chief, Special Federal Litigation
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007
Tel. (212) 356-3500
mgoodetr@law.nyc.gov

Elana R. Beale
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3740
ebeale@paulweiss.com

David Farber
General Counsel
New York City Housing Authority
250 Broadway, 9th Floor
New York, NY 10007
Tel. (212) 776-5184
david.farber@nycha.nyc.gov

William Gibney
The Legal Aid Society of New York
199 Water Street, 6th Floor
New York, NY 10038
Tel: (212) 577-3419
WDGibney@legal-aid.org

18

## T. NULLIFICATION

1. This Stipulation is null and void in the event that any of the following do not occur:

   a. Preliminary Approval of this Stipulation by the Court; or

   b. Final Approval by the Court; or

   c. Dismissal of this action with prejudice after Final Approval by the Court; or

   d. Transfer of the above-captioned action to the Honorable Analisa Torres for purposes described in Paragraph N.3 herein; or

   e. Failure to secure the Honorable Analisa Torres's approval and endorsement of the Proposed Stipulation and Order, attached as Exhibit I to this Stipulation, or a Stipulation and Order that is substantially and materially the same as Exhibit I.

Dated: New York, NY
January 7, 2015

*[signature]*

Sherrilyn Ifill
Director Counsel
Janai Nelson
Christina Swarns
Jin Hee Lee
Rachel Kleinman
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592

*[signature]* Brenda E. Cooke

Zachary W. Carter
 Corporation Counsel of the City of New York
Brenda E. Cooke
Muriel Goode-Trufant
NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York 10007
Tel: (212) 356-2344
Fax: (212) 356-3509

*Attorneys for Defendant City of New York*

19

Case 1:10-cv-00699-AT Document 330 Filed 02/04/15 Page 20 of 20
Case 1:10-cv-00699-SAS-HBP Document 322-1 Filed 01/07/15 Page 20 of 20

_[signature]_
Seymour James
 Attorney-in-Chief
William Gibney
Steven Wasserman
THE LEGAL AID SOCIETY OF NEW YORK
199 Water Street, 6th Floor
New York, NY 10038
Tel: (212) 577-3419
Fax: (212) 509-8141

_[signature]_
Michele Hirshman
Erin E. Elmouji
Elana R. Beale
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 492-0740

*Attorneys for the Plaintiff Class and Individual Plaintiff Class Representatives*

_[signature]_
David Farber
 General Counsel
NEW YORK CITY HOUSING AUTHORITY
250 Broadway, 9th Floor
New York, NY 10007
Tel. (212) 776-5184

*Attorney for Defendant New York City Housing Authority*

SO ORDERED.

_[signature]_
2/4/15 Shira H. Scheindlin, USDJ

20