UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELTON DAVIS, *et al.*, individually and on behalf of a class of all others similarly situated;

                Plaintiffs,

- against -

THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY;

                Defendants.

10 Civ. 0699 (SAS)
ECF Case

---

**DECLARATION OF ERIN E. ELMOUJI IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Erin E. Elmouji declares pursuant to 28 U.S.C. § 1746:

1. I am an attorney associated with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), 1285 Avenue of the Americas, New York, New York 10019-6064, attorneys for Plaintiffs in the above-captioned action. I respectfully submit this declaration in support of the Parties' Joint Motion for Final Approval of Class Settlement and Dismissal with Prejudice.

2. I was personally involved in the negotiations that led to the Stipulation of Settlement and Order ("Settlement Agreement").

3. The negotiations were conducted by counsel that represented the Parties throughout this litigation. The Plaintiffs were represented by three legal organizations: The Legal Aid Society of New York ("Legal Aid"), NAACP Legal Defense & Educational Fund, Inc. ("LDF"), and Paul, Weiss. Defendant City of New

York ("City") was represented by Corporation Counsel of the City of New York, and Defendant New York City Housing Authority ("NYCHA") was represented by the NYCHA Law Department.

4. Legal Aid has litigated many complex federal and state individual and class action impact lawsuits on behalf of low-income people in New York. The following are some examples of Legal Aid's litigation on behalf of clients affected by policing, the criminal and juvenile justice systems, and public housing: *People ex rel. Maxian o/b/o Roundtree* v. *Brown*, 77 N.Y. 2d 422 (1991) (established maximum 24-hour arrest to arraignment time); *Billips* v. *Horn*, No. 04 Civ. 1086 (S.D.N.Y.) (jail time credit for mentally ill prisoners and people held in police custody); *J.G.* v. *Mills*, No. 04 Civ. 5415 (E.D.N.Y.) (education rights of court-involved youth); *Grubbs* v. *Safir*, No. 92 Civ. 2132 (S.D.N.Y.) (conditions in pre-arraignment holding pens); *John F.* v. *Carrion*, Index No. 407117/2007 (Sup. Ct. N.Y. County) (ending routine shackling of children brought to court from juvenile facilities); *P. Davis* v. *New York City Housing Authority*, 278 F.3d 64 (2d Cir. 2002) (ensuring freedom from racial segregation in public housing); *Escalera* v. *New York City Housing Authority*, 425 F.2d 853 (2d Cir. 1970), *cert. denied*, 400 U.S. 853 (1970) (established fair procedures for NYCHA tenants facing eviction); *Rivera* v. *New York City Housing Authority*, 1998 U.S. Dist. LEXIS 2816 (S.D.N.Y. Mar. 11, 1998); *McNeill* v. *New York City Housing Authority*, 719 F. Supp. 233 (S.D.N.Y. 1989); and *Wilson* v. *New York City Housing Authority*, No. 96 Civ. 1765 (S.D.N.Y.).

5. LDF has a long-standing concern with the fair and unbiased administration of the criminal justice system in general, and in ensuring fair and non-discriminatory police practices in particular. For this reason, LDF has served as counsel

in seminal criminal justice cases throughout the country, including *Furman* v. *Georgia*, 408 U.S. 238 (1972) (declaring U.S. death penalty unconstitutional); *McCleskey* v. *Kemp*, 481 U.S. 279 (1987) (challenging role of race in the administration of the death penalty); *Williams* v. *State*, No. B-3340-9907-CR (Dist. Ct. Swisher County, Tex. June 16, 2003) (securing bail and immediate release from incarceration for thirty-five defendants in Tulia, Texas who were ultimately pardoned), and has appeared as *amicus curiae* in many others, including *Miller-El* v. *Dretke*, 545 U.S. 231 (2005) (finding *prima facie* case of racial discrimination in prosecutor's use of peremptory challenges after reviewing variety of evidence); *Roper* v. *Simmons*, 543 U.S. 551 (2005) (barring death penalty for children under 18 years old at time of offense); *Berghuis* v. *Smith*, 559 U.S. 314 (2010) (addressing claim of jury underrepresentation); *Graham v. Florida*, 560 U.S. 48 (2010) (declaring juvenile life without parole unconstitutional for children convicted of non-homicide offenses); and *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (finding mandatory life without parole sentences imposed on children to violate the Eighth Amendment). LDF has also served as legal counsel in many of the major fair housing and other civil rights litigation across the country, including: *Griggs* v. *Duke Power Co.*, 401 U.S. 424 (1971) (recognizing disparate impact liability in Title VII employment discrimination cases); *Greater New Orleans Fair Housing Action Center* v. *HUD*, No. 08 Civ. 01938 (D.D.C.) (challenging federal grant formula to assist rebuilding of homes destroyed by Hurricanes Katrina and Rita as discriminatory under Fair Housing Act); and *Thompson* v. *HUD*, No. 95 Civ. 309 (D. Md.) (reaching settlement in housing discrimination case challenging racial segregation in Baltimore's public housing). In addition, LDF has successfully argued before the United States Supreme Court in *Lewis* v. *City of Chicago*,

*Ill.*, 560 U.S. 205 (2010) (Title VII disparate impact case challenging employment discrimination against black Chicago firefighter applicants) and *Northwest Austin Municipal Utility Dist. No. 1* v. *Holder*, 557 U.S. 193 (declining to invalidate preclearance requirement under Section 5 of Voting Rights Act) (2009).

6. Paul, Weiss is an international law firm representing clients ranging from large corporations and financial institutions to pro bono clients in need of legal representation in both criminal and civil matters. Paul, Weiss has represented clients in litigation concerning civil rights, women's rights, rights of asylum, prisoners rights, and the treatment of homeless people. Paul, Weiss has served as counsel in cases, including complex class action matters, protecting the rights of the underserved, including *Brito* v. *New York City Housing Authority*, No. 09 Civ. 1621 (E.D.N.Y.) (disability rights class action on behalf of public housing residents with mobility impairments regarding NYCHA's failure to maintain elevators in reasonable operating condition); *Port Authority Police Asian Jade Society of New York & New Jersey Inc.* v. *Port Authority of New York and New Jersey*, No. 05 Civ. 3835 (S.D.N.Y.) (Title VII intentional discrimination case on behalf of Asian-American Port Authority police officers denied promotions to Sergeant); and *O'Toole et al.* v. *Cuomo*, No. 13 Civ. 4166 (E.D.N.Y.) (disability rights class action on behalf of mentally ill residents of adult homes in New York City regarding living conditions in such adult homes).

7. Prior to the commencement of these settlement negotiations, this case was scheduled for trial on October 21, 2013. (Conf. Transcript of April 5, 2013, 10:18.) In August 2013, the Court postponed this trial date, (Conf. Transcript of Aug. 21,

2013, 9:4), and adjourned proceedings *sine die* on November 14, 2013, and December 5, 2013. (Dkt. Nos. 292, 293) Initial settlement discussions began in 2014.

8. This Agreement was actively negotiated for over five months, from on or about July 2014 through January 2015, Settlement Agreement was executed and submitted to the Court for preliminary approval on January 7, 2015.

9. Counsel for Plaintiffs and Defendants conducted numerous meetings both by phone and in person over the settlement negotiations period.

10. Counsel for Plaintiffs and Defendants appeared before the Court on the following dates to update the Court on the status of settlement negotiations and to identify key issues of unresolved contention: July 17, 2014, September 9, 2014, October 10, 2014, November 10, 2014, December 9, 2014, and January 9, 2015.

11. In negotiating the terms of the Settlement Agreement, counsel for Plaintiffs and Defendants exchanged numerous versions of Defendants' key policy and practice documents, and made extensive revisions to each of these documents. The final revised versions of these documents were appended as exhibits to the Settlement Agreement filed with this Court: the NYPD Patrol Guide No. 212-60; the NYPD Basic Recruit Course Lesson Plan on Patrol Operations/ Interior Patrols; the NYPD NYCHA Rules, Regulations, and Signage Lesson Plan; the NYPD Trespass Crimes Fact Sheet; and the NYCHA House Rules. (Settlement Agreement Exhs. C-G.) Minor revisions to these documents were submitted to the Court on February 4, 2015, and April 9, 2015.

12. The settlement negotiations were conducted at arm's-length by litigating attorneys for all Parties, and on certain occasions, expanded meetings including Corporation Counsel Zachary Carter, LDF President and Director-Counsel Sherrilyn Ifill,

Legal Aid Attorney-in-Chief Seymour James, and Paul, Weiss partner Michele Hirshman were convened on key issues of contention.

13. The Fact Discovery period in this matter was open from April 2010 until March 2012, with ongoing discovery obligations necessitating the continuing exchange of discovery through October 2013.

14. The Parties exchanged thousands of pages of discovery, and numerous megabytes of electronic data over the discovery period.

15. Fifty-three depositions of fact witnesses and designated 30(b)(6) witnesses were conducted in this matter between March 16, 2011 and July 2, 2013.

16. During the discovery period, Plaintiffs served three sets of interrogatories and four requests for document production on the City; and served one set of interrogatories, two requests for document production, and one request for admission on NYCHA.

17. During the discovery period, Defendant City of New York served four sets of interrogatories and two requests for document production on Plaintiffs.

18. During the discovery period, Defendant NYCHA served one combined set of interrogatories and request for document production on Plaintiffs.

19. Over the course of discovery, disputes arose that required the intervention of a Magistrate Judge and this Court. (*See, e.g.* Opinions and Orders and Endorsed Letters of Magistrate Judge Pitman, dated Sept. 9, 2011 (Dkt. No. 100); Nov. 1, 2011 (Dkt. No. 123); Nov. 3, 2011 (Dkt. No. 125); Feb. 27, 2012 (Dkt. No. 153); June 4, 2012 (Dkt. No. 171); and June 26, 2012 (Dkt. No. 191); *see also* Opinions and Orders and Endorsed Letters of Judge Scheindlin, dated Feb. 28, 2011 (Dkt. No. 62); May 5,

2011 (Dkt. No. 67); May 23, 2011 (Dkt. No. 68); Feb. 17, 2012 (Dkt. No. 151); and June 14, 2012 (Dkt. No. 172).)

20. Third-party discovery was also sought from New York Lawyers for the Public Interest; the District Attorneys' Offices of New York County, Kings County, Queens County, Bronx County, and Richmond County. Requested discovery was collected from the District Attorneys' Offices of New York County, Kings County, Queens County, and Bronx County; and depositions were taken of five third-party witnesses.

21. Plaintiffs served on Defendants reports from their expert Jeffrey Fagan on June 29, 2012, July 25, 2012, October 4, 2012, and October 11, 2012.

22. Plaintiffs served on Defendants the report from their expert Robert McCrie on June 29, 2012.

23. Plaintiffs served on Defendants the report from their expert Joseph E. Brann on June 29, 2012.

24. Defendant City served on Plaintiffs and NYCHA the report from its expert James K. Stewart on August 17, 2012.

25. Defendant City served on Plaintiffs and NYCHA the report from its experts, Dennis C. Smith and Robert M. Purtell, on August 21, 2012.

26. Defendant NYCHA served on Plaintiffs and the City the report from its expert, James F. Murphy, on August 24, 2012.

27. Plaintiffs Eleanor Britt, Rikia Evans, Shawne Jones, Patrick Littlejohn, and Hector Suarez continue to reside in NYCHA apartments at present.

28. Upon information and belief, Plaintiffs have received over 40 comments in support of the Settlement Agreement from class members to date in response to the Class Notice.

29. Attached as Exhibit 1 is a true and correct copy of the Stipulation of Settlement and Order, filed on January 7, 2015, with corrected Exhibits C, D, E, H, and G filed on February 4 and April 9, 2015 (Dkt. Nos. 322, 329, 335).

30. Attached as Exhibit 2 is the Proposed Final Order of Approval and Dismissal with Prejudice.

31. Attached as Exhibit 3 is a true and correct copy of the Class Notice published in *The New York Daily News*. Upon information and belief, the Notice was published on the following dates: March 2, 8, and 12, 2015.

32. Attached as Exhibit 4 is a true and correct copy of the Class Notice published in *The New York Post*. Upon information and belief, the Notice was published on the following dates: March 2, 8, and 12, 2015.

33. Attached as Exhibit 5 is a true and correct copy of the Class Notice published in *The Amsterdam News*. Upon information and belief, the Notice was published on the following dates: March 5, 12, and 19, 2015.

34. Attached as Exhibit 6 is a true and correct copy of the Spanish language Class Notice published in *El Diario*. Upon information and belief, the Notice was published on the following dates: March 2, 7, and 13, 2015.

35. Plaintiffs reviewed and edited the translated notice prior to publication, to ensure its consistency with the original Class Notice. Upon information

and belief, the published Spanish language Notice is an accurate translation of the original Class Notice.

36. Attached as Exhibit 7 is a true and correct copy of the Class Notice posted in all NYCHA developments. Upon information and belief, the Notice was posted from March 2, 2015, through March 16, 2015.

37. Attached as Exhibit 8 is a true and correct copy of the Motion in Support of Stop-and-Frisk Trespassers Policy at the NYCHA Property, dated February 4, 2015, from Yuri Yusov, which objects to the Settlement Agreement.

38. Attached as Exhibit 9 is a true and correct copy of the Written Objection Submission Form from Derek Raymond Franks, which was postmarked March 31, 2015. Mr. Franks sets forth the facts of his allegedly unlawful stop and arrest for trespass after visiting his cousin in a NYCHA residence and does not convey an objection to the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York
April 15, 2015

_____
Erin E. Elmouji