UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KELTON DAVIS, WILLIAM TURNER,
EDWIN LARREGUI, ANTHONY
ANDERSON, SHAWNE JONES, HECTOR
SUAREZ, ADAM COOPER, DAVID
WILSON, GENEVA WILSON, ELEANOR
BRITT, ROMAN JACKSON, KRISTIN
JOHNSON, LASHAUN SMITH, ANDREW
WASHINGTON, PATRICK LITTLEJOHN,
RAYMOND OSORIO, VAUGHN
FREDERICK, and R.E., by her parent D.E.,
individually and on behalf of a class of all
others similarly situated,

         Plaintiffs,

    - against -

THE CITY OF NEW YORK and NEW
YORK CITY HOUSING AUTHORITY,

         Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/15

**MEMORANDUM OPINION AND ORDER**

10 Civ. 0699 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       This short Memorandum Opinion and Order accompanies the Final Order of Approval of Settlement and Dismissal with Prejudice filed together with this Order. I write solely to note that I am ordering the transfer of this case to Judge Analisa Torres – at the request of all parties – because this case is undoubtedly related to two other cases now pending before her – *Floyd v. City of New York*, and *Ligon v. City of New York*.

1

A brief history is in order. *Daniels v. City of New York* was filed in 1999.[1] That case resulted in the entry of a Stipulation of Settlement, in which the City agreed to maintain a written anti-racial profiling policy that complies with the U.S. and New York State Constitutions, to audit officers who engage in stop and frisks, and to provide the results of these audits to plaintiffs' attorneys. This Court retained jurisdiction over the performance of the Stipulation for four years. Near the end of that period, the *Daniels* plaintiffs alleged that the City was not complying with the Stipulation. Their complaint could have been heard as a contempt proceeding or as a new and related lawsuit challenging the City's compliance with this Court's order in *Daniels*. The latter course was chosen and *Floyd* was filed in 2008.[2] *Davis* was filed two years later in 2010,[3] and *Ligon* two years after that in 2012.[4] All three cases challenged the City's allegedly unconstitutional implementation of stop and frisk policies by the New York City Police Department. *Floyd* and *Ligon* were resolved after a trial and a preliminary injunction hearing respectively, in which certain remedies were ordered. These

---

[1] No. 99 Civ. 1695 (filed March 8, 1999).

[2] No. 08 Civ. 1034 (filed January 31, 2008).

[3] No. 10 Civ. 699 (filed January 28, 2010).

[4] No. 12 Civ. 2274 (filed March 28, 2012).

remedies are now known as the "Joint Remedial Process." The City initially appealed those judgments. While the appeals were pending the Court of Appeals ordered the cases reassigned to a new judge.[5] While the appellate court suggested that the cases were improperly accepted as related to *Daniels*,[6] it nonetheless reassigned the two cases in tandem.[7] The City announced its intent to withdraw its appeals when a new administration took office in January 2014. When the withdrawal of the appeals was finalized, the Joint Remedial Process began.

Now that the *Davis* case has been settled, and this Court has found that the settlement is fair, reasonable, and adequate, the parties have *jointly* requested that the *Davis* case be transferred to Judge Torres as it is *related* to *Floyd* and *Ligon* and all parties believe that the three related cases should be part of one remedial process.[8] I, too, believe that there should be one remedial process as the

---

[5]   *Ligon v. City of New York*, 736 F.3d 118 (2d Cir. 2013).

[6]   *See id.* at 124–26.

[7]   *See id.* at 129.

[8]   *See* Stipulation of Settlement and Order at 10 [Dkt. 330]. *See also* Transcript of Fairness Hearing, April 22, 2015, Remarks of Jin Hee Lee, counsel for Plaintiffs, at 7–8 ("And, perhaps most importantly, this settlement calls for the plaintiffs' participation as equal parties in the court monitoring process that was ordered in the *related* case of *Floyd v. City of New York*.") (emphasis added). *See also id.* at 8 ("And through this court monitoring process plaintiffs will work in collaboration with the City, the court monitor and the plaintiffs in both *Floyd* and also the other *related* case, *L[i]gon v. City of New York*, to implement systemic

cases all challenged the same conduct and the remedies imposed by this Court will benefit the plaintiffs in all three cases.

I am transferring the *Davis* case with regret as it would have been most appropriate for the judge that supervised this case – and the related cases – for more than five years to supervise the implementation of the remedies imposed by the Court or agreed to by the parties. Nonetheless, I do so because it is most important that the parties work together in one Joint Remedial Process to repair the damage that was done during the years that the defendants in these cases violated the plaintiffs' constitutional rights. The Joint Remedial Process is underway and like all New Yorkers I have the highest hopes for its success.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
April 28, 2015

---

reform of the NYPD.") (emphasis added).

## Appearances

### For Plaintiffs:

Elana R. Beale, Esq.
Erin E. Elmouji, Esq.
Jason L. Meizlish, Esq.
Julia Tarver-Mason Wood, Esq.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Christina Swarns, Esq.
Jin Hee Lee, Esq.
Rachel M. Kleinman, Esq.
NAACP Legal Defense &
Educational Fund, Inc.
99 Hudson Street, 1600
New York, New York 10013
(212) 965-2200

William Gibney, Esq.
Marlen S. Bodden, Esq.
Amanda C. Moretti, Esq.
The Legal Aid Society
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3300

### For Defendant City of New York:

Judson K. Vickers
Lisa M. Richardson
Linda Donahue
Assistant Corporation Counsel
New York City Law Department
100 Church Street, 3-174
New York, New York 10007
(212) 513-0462

### For Defendant NYCHA:

Donna M. Murphy, Esq.
New York City Housing Authority
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5152