USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

KELTON DAVIS, *et al.*, individually and on behalf of a class of all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK and NEW YORK CITY HOUSING AUTHORITY,

Defendants.

---------------------------------------------------------------X

10 Civ. 699 (AT)

**STIPULATION AND ORDER INCORPORATING THE TERMS AND PROVISIONS OF THE *FLOYD/LIGON* REMEDIAL ORDER INTO *DAVIS***

**WHEREAS**, on January 28, 2010, Named Plaintiffs in the above-captioned action filed a Complaint pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1981; the Fourth and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d); Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act"); the United States Housing Act, 42 U.S.C. § 1437, *et seq.*; the Constitution and laws of the State of New York; and the New York City Human Rights Law; and

**WHEREAS**, the Amended Complaint, filed on May 27, 2011, alleges that Defendant City of New York ("City") has violated, and continues to violate, the federal and state constitutional and statutory rights of public housing residents and their guests due to its alleged policy and practice of stopping, questioning, detaining, and arresting persons in residences owned and operated by the New York City Housing Authority ("NYCHA")—the vast majority of whom are African American or Latino—on suspicion of criminal trespass without sufficient legal basis and on a racially discriminatory basis, resulting in the interference of residents' ability to enjoy their homes and receive police protection, a municipal service, like other New York City residents on the basis of their race and/or ethnicity; and

**WHEREAS**, the Amended Complaint further alleges that Defendant NYCHA issued "Highlights of House Rules, Lease Terms and Policy" ("House Rules"), which contains allegedly unreasonable terms and conditions—specifically, (a) the alleged requirement that NYCHA residents and their guests cooperate with inquiries from officers of the New York City Police Department ("NYPD") and (b) the prohibition against an allegedly vague, undefined activity called "lingering"—that allegedly deny NYCHA residents the rights to exclusive use and occupancy of their leased units and the right to entertain guests in their homes by facilitating unlawful trespass enforcement practices; and

**WHEREAS**, in an August 12, 2013 Opinion and Order in the related actions of *Floyd, et al. v. City of New York*, 08 Civ. 1034 (AT) and *Ligon, et al. v. City of New York*, 12 Civ. 2274 (AT), as modified by the Order Modifying Remedial Order, dated July 30, 2014, the Court imposed an order of permanent injunction in *Floyd* and a final order of preliminary injunction in *Ligon*, and ordered several forms of injunctive relief; and

**WHEREAS**, the injunctive relief that the Court ordered in the *Floyd* and *Ligon* actions included the appointment of an independent monitor ("Monitor") to oversee the reform process in those actions; and

**WHEREAS**, the injunctive relief that the Court ordered in the *Floyd* and *Ligon* actions further included a "Joint Remedial Process," under the guidance of a Facilitator named by the Court, to provide a wide array of stakeholders the opportunity to be heard in the reform process, especially those who are most affected by the NYPD's use of stop and frisk; and

**WHEREAS,** on August 29, 2013, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court certified two overlapping classes in this action, defined as follows:

*Stopped Class:* All African American and Latino NYCHA residents and/or family members, authorized guests or visitors of NYCHA residents who, since January 28, 2007,

have been or will be unlawfully stopped, seized, questioned, frisked, searched, and/or arrested for trespass by NYPD officers in or around NYCHA residences, including on the basis of race and/or ethnicity.

*Resident Class:* All authorized NYCHA residents who belong to the Stopped Class or whose family members, authorized guests or visitors, since January 28, 2007, have been or will be unlawfully stopped, seized, questioned, frisked, searched, and/or arrested for trespass by NYPD officers in or around NYCHA residences, including on the basis of race and/or ethnicity; and

**WHEREAS**, the Parties have engaged in extensive discovery relating to Defendants' policies and practices with respect to police services, including without limitation trespass enforcement policies and practices in and around NYCHA residences; and

**WHEREAS**, the Parties have engaged in three rounds of summary judgment briefing, resulting in three published decisions of this Court: *Davis v. City of New York*, 812 F. Supp. 2d 333 (S.D.N.Y. 2011); *Davis v. City of New York*, 902 F. Supp. 2d 405 (S.D.N.Y. 2012); and *Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013); and

**WHEREAS**, the Parties extensively and vigorously negotiated in good faith over a period of several months, and those negotiations resulted in a Stipulation of Settlement and Order, which received a Final Order of Approval of Settlement and Dismissal with Prejudice from the Honorable Shira A. Scheindlin on April 28, 2015, and the Stipulation of Settlement and Order settled this action in the manner and upon the terms set forth therein; and

**WHEREAS**, the district court retained jurisdiction to enforce the Stipulation of Settlement and Order and to issue and enforce orders related to the Stipulation of Settlement and Order in the above-captioned action;

**WHEREAS**, on April 28, 2015, this case was transferred from the Honorable Shira A. Scheindlin to the Honorable Analisa Torres for oversight of the remedies set forth in Sections D, E, F, G, and H of the Stipulation of Settlement and Order pursuant to Paragraph N.3 therein; and

**WHEREAS**, this Stipulation and Order Incorporating the Terms and Provisions of the *Floyd/Ligon* Remedial Order Into *Davis* ("Stipulation of Incorporation"), entered into pursuant to Paragraph H.5 of the Stipulation of Settlement and Order, is substantially and materially the same as Exhibit I of the Stipulation of Settlement and Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

## A. INTRODUCTION

1. Plaintiffs and the City enter into this Stipulation of Incorporation after arm's length good faith negotiations, and now jointly request that the Court endorse this Stipulation of Incorporation to incorporate, in full, the terms and provisions of the *Floyd/Ligon* Remedial Order, as defined below, into the above-captioned case, including without limitation the duties of the Monitor and the Joint Remedial Process, for the purpose of enforcing the Stipulation of Settlement and Order as it pertains to reforms to the NYPD's practices that relate to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring, and discipline of officers.

2. The City denies any and all liability and denies that it had or has a policy or engaged in or currently engages in a pattern or practice of conduct that deprived persons of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

3. This Stipulation of Incorporation does not, and shall not be deemed to, constitute an admission by the City as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs. This Stipulation of Incorporation does not constitute an admission, adjudication, or finding on the merits of the above-captioned action.

4. The City's participation in the Court-Ordered Monitoring is not, and shall not be deemed to constitute, an admission by the City as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs.

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

**B. DEFINITIONS**

1. "Class Members" shall mean all members of both classes as defined by the Court, cited in the Preamble above.

2. "Class Representatives" shall mean all "Named Plaintiffs" in the above-captioned action, as defined in Paragraph B.13 below.

3. "City" shall mean the City of New York.

4. "Court-Ordered Monitoring" shall mean the remedies, including without limitation, the appointment of a Monitor to oversee reforms of the NYPD and the joint remedial process for developing supplemental reforms, ordered by the Court in the *Floyd/Ligon* Remedial Order, defined in Paragraph B.11 below.

5. "Defendants" shall mean Defendant City of New York and Defendant New York City Housing Authority.

6. "Dismissal Date" shall mean the date on or shortly after the Final Approval Date, defined below, on which the District Court dismissed the case with prejudice pursuant to the Stipulation of Settlement and Order.

7. "Effective Date" is thirty (30) days after the "Dismissal Date," following the Final Approval Date," defined below, and shall also be the date upon which the Stipulation of Settlement and Order entered into effect.

8. "Facilitator" shall mean the Facilitator appointed by the Court in the *Floyd/Ligon* Remedial Order to guide the Joint Remedial Process ordered therein.

9. "Final Approval Date" shall mean the date on which the Court approved the Stipulation of Settlement and Order, following a fairness hearing.

10. "Final Recommendation" shall mean a written, final recommendation for the implementation of remedies delivered by the Monitor, to the parties to the Court-Ordered Monitoring, pursuant to the Order Regarding Monitor's Final Recommendations, as defined in Paragraph B.17 below.

11. "*Floyd/Ligon* Remedial Order" shall mean the Opinion and Order in *Floyd, et al. v. City of New York*, 08 Civ. 1034 (SAS), and *Ligon, et al. v. City of New York*, 12 Civ. 2274 (SAS), dated August 12, 2013 (Doc. Nos. 372 and 120, respectively), as modified by the Order Modifying Remedial Order, dated July 30, 2014 (Doc. Nos. 466 and 198, respectively), attached as Exhibits 1 and 2, respectively, to this Stipulation of Incorporation. For purposes of this Stipulation of Incorporation, the parties agree that the definition of "*Floyd/Ligon* Remedial Order" shall be interpreted as identical to the definition of "Floyd Remedies Opinion" contained in Paragraph B.10 of the Stipulation of Settlement and Order.

12. "Monitor" shall mean the independent monitor appointed by the Court in the *Floyd/Ligon* Remedial Order to oversee the reform process in those actions.

13. "Named Plaintiffs" shall mean Plaintiffs Shawne Jones, Hector Suarez, Eleanor Britt, Roman Jackson, Kristin Johnson, Lashaun Smith, Andrew Washington, Patrick Littlejohn, Raymond Osorio, Vaughn Frederick, and Rikia Evans.

14. "NYCHA" shall mean the New York City Housing Authority.

15. "NYPD" shall mean the New York City Police Department.

16. "Order Regarding Monitor's Final Recommendations" shall mean the Order in *Floyd, et al. v. City of New York*, 08 Civ. 1034 (SAS), and *Ligon, et al. v. City of New York*, 12 Civ. 2274 (SAS), dated February 3, 2015 (Doc. Nos. 476 and 206, respectively), as modified by the First Amendment to Order Regarding Monitor's Final Recommendations, dated April 27, 2015 (Doc. Nos. 509 and 231, respectively), attached as Exhibits 3 and 4, respectively, to this Stipulation of Incorporation.

17. "Parties" shall mean Plaintiffs, Defendant City of New York, and Defendant New York City Housing Authority.

18. "Plaintiffs" shall mean the Named Plaintiffs and Class Members.

19. "Stipulation of Incorporation" shall mean this Stipulation and Order Incorporating the Terms and Provisions of the *Floyd/Ligon* Remedial Order into *Davis*, executed by Plaintiffs and the City in the above-captioned action.

20. "Stipulation of Settlement and Order" shall mean the Stipulation, executed by the Parties in the above-captioned action, dated January 7, 2015, and approved by the Honorable Shira A. Scheindlin on April 28, 2015, which is attached as Exhibit 5 to this Stipulation of Incorporation.

21. "Substantial Compliance" for purposes of this Stipulation of Incorporation shall mean compliance with all material aspects of the reforms pertaining to the above-captioned action arising from the recommendations of the Court-Ordered Monitoring, along with any

revisions to Exhibits C, D, E, and F of the Stipulation of Settlement and Order that are agreed upon by Plaintiffs and the City pursuant to Paragraph E.1 below. Noncompliance with mere technicalities, or temporary failure to comply during a period of otherwise sustained compliance, will not constitute a failure of Substantial Compliance. However, temporary compliance during a period of otherwise sustained noncompliance shall not constitute Substantial Compliance. Substantial Compliance shall be measured using milestones to be set in the Court-Ordered Monitoring.

## C. INCORPORATION OF THE TERMS AND PROVISIONS OF THE *FLOYD/LIGON* REMEDIAL ORDER

1. The terms and provisions of the *Floyd/Ligon* Remedial Order are incorporated in full into the above-captioned case, including without limitation the duties of the Monitor and the Joint Remedial Process, for the purpose of enforcing the Stipulation of Settlement and Order as it pertains to reforms to the NYPD's practices that relate to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring, and discipline of officers.

## D. ROLE AND DUTIES OF THE MONITOR

1. For purposes of resolving Plaintiffs' claims in the above-captioned action, the person appointed to serve as the Monitor to oversee the reform process in the above-captioned action shall, at all times, be the same person appointed to serve as the Monitor to oversee the reform process in the related *Floyd* and *Ligon* actions for the duration of the Court-Ordered Monitoring.

2. The duties of the Monitor in the Court-Ordered Monitoring in the above-captioned action shall be identical to the duties of the Monitor in the Court-Ordered Monitoring in the *Floyd/Ligon* Remedial Order, except that the Monitor's duties, responsibilities, and authority in the above-captioned action shall be no broader than necessary to ensure that the

NYPD's practices related to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring, and discipline of officers, are in compliance with the Fourth and Fourteenth Amendments to the United States Constitution and New York State common law.

3. The Monitor shall deliver Final Recommendations in the above-captioned action regarding arrests for criminal trespass, trespass stops, and any training, supervision, monitoring, or discipline issues that relate to trespass enforcement in or around NYCHA residences, in the manner prescribed in the Order Regarding Monitor's Final Recommendations.

4. Any Orders issued by this Court in connection with the *Floyd/Ligon* Remedial Order, including those arising from a Final Recommendation delivered in the related *Floyd* and *Ligon* actions, will have full force and effect in the above-captioned action.

**E. SCOPE OF COURT-ORDERED MONITORING**

1. Changes to the NYPD's policies and practices related to trespass enforcement in or around NYCHA residences, including training, supervision, monitoring, and discipline of officers, will be addressed as part of the Court-Ordered Monitoring ordered by the Court in the *Floyd/Ligon* Remedial Order, except with respect to Exhibits C, D, E, F, and G of the Stipulation of Settlement and Order, which were discussed in Sections D, E, F, and G therein. However, upon agreement between Plaintiffs and the City, further revisions to Exhibits C, D, E, and F of the Stipulation of Settlement and Order are permissible in the Court-Ordered Monitoring and any such revisions are subject to the Order Regarding Monitor's Final Recommendations. This Paragraph supersedes any inconsistent provision contained in Paragraph H.1 of the Stipulation of Settlement and Order.

2. The Court-Ordered Monitoring shall address arrests for criminal trespass, as well as trespass stops, and any training, supervision, monitoring, or discipline issues that relate

to trespass enforcement in or around NYCHA residences that would otherwise be a part of the remedies in the above-captioned action.

3. The Court-Ordered Monitoring in the above-captioned action related to trespass enforcement in or around NYCHA residences shall be identical to the Court-Ordered Monitoring in the *Floyd/Ligon* Remedial Order, including the duration of the Court-Ordered Monitoring.

4. Following an additional two years of Court oversight after termination of the Court-Ordered Monitoring, and assuming Substantial Compliance as defined in Paragraphs B.21 and H.3 of the Stipulation of Settlement and Order, Plaintiffs will not oppose a City Motion to terminate the Stipulation of Settlement and Order.

**F. DURATION OF COURT-ORDERED MONITORING**

1. For the purposes of resolving Plaintiffs' claims in the above-captioned action, the Court-Ordered Monitoring in this action shall end when the Court-Ordered Monitoring ends in the *Floyd* action, assuming that the City can show by a preponderance of the evidence at that time that it has achieved Substantial Compliance in the above-captioned action as defined in Paragraph B.21 of this Stipulation of Incorporation.

2. This Stipulation of Incorporation shall apply retroactively, to and including the Effective Date of the Stipulation of Settlement and Order in the above-captioned action, to encompass all actions taken by Plaintiffs or the City in the context of the Court-Ordered Monitoring from the Effective Date until the end of the Court-Ordered Monitoring in the above-captioned action.

**G. MODIFICATION OF THE STIPULATION AND ORDER OF INCORPORATION**

1. This Stipulation of Incorporation, in conjunction with the Stipulation of Settlement and Order, represents the entire agreement among Plaintiffs and the City, and no oral

agreement entered into at any time nor any written agreement, except the Stipulation of Settlement and Order, entered into prior to the execution of this Stipulation of Incorporation shall be deemed to exist, or to bind Plaintiffs and the City hereto, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions herein, except that this Stipulation of Incorporation shall be interpreted in a manner consistent with the Stipulation of Settlement and Order. This Stipulation of Incorporation can be modified only on the written consent of the Named Plaintiffs and the City, or upon order of the Court.

## H. SIMILARITY OF THIS STIPULATION AND ORDER OF INCORPORATION TO EXHIBIT I OF THE STIPULATION OF SETTLEMENT AND ORDER

1. Plaintiffs and the City stipulate that they understand this Stipulation of Incorporation to be substantially and materially the same as Exhibit I of the Stipulation of Settlement and Order.

[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

**I. NULLIFICATION**

1. In the event the Court does not approve this Stipulation of Incorporation, Plaintiffs and the City shall meet and confer in good faith to determine whether to agree upon a modified Stipulation of Incorporation. If they are unable to do so, this Stipulation of Incorporation shall become null and void.

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
By: Jin Hee Lee
Raymond Audain
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200

NEW YORK CITY LAW DEPARTMENT
Office of Zachary W. Carter
Corporation Counsel of the City of New York
By: David Cooper
100 Church Street
New York, NY 10007
Tel. (212) 356-2579
*Attorney for Defendant City of New York*

THE LEGAL AID SOCIETY OF NEW YORK
By: Steven Wasserman
Cynthia Conti-Cook
199 Water Street, 6th Floor
New York, NY 10038
Tel: (212) 577-3419
*Attorneys for the Plaintiff Class and Individual Plaintiff Class Representatives*

Dated: New York, New York
August 1, 2019

SO ORDERED.

Dated: August 1, 2019
New York, New York

ANALISA TORRES
United States District Judge