

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2020

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

RAJU SUNDARAN
*Senior Counsel*
Telephone:  212-356-2327
Facsimile:  212-356-3509
rsundara@law.nyc.gov aw.nyc.gov

June 8, 2020

**VIA ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *David Floyd, et al. v. City of New York*, 08 Civ. 1034 (AT)
       *Kelton Davis, et al. v. City of New York*, 10 Civ. 699 (AT)
       *Jaenean Ligon, et al. v. City of New York*, 12 Civ. 2274 (AT)

Your Honor:

    I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matters. Defendant City of New York writes, as required by Section IV(A)(ii) of Your Honor's individual practices in civil cases, concerning the filing of certain documents and information under seal.

    Pursuant to the court-ordered briefing schedule, Defendant will file, today, its Opposition to Plaintiffs' Order to Show Cause seeking Emergency Relief. Included in Defendant's opposition papers contain information that, upon information and belief, is confidential and subject to the sealing provisions of Criminal Procedure Law ("CPL") § 160.50.[1]

---

[1] Your Honor's Individual Practices requires that in order for any redaction or sealing of a court filing to be approved, it must be narrowly tailored to serve whatever purpose justifies the redaction or sealing, be consistent with the presumption in favor of public access to judicial documents, and requires the party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. Here, however, given the strict statutory construction of the automatic sealing provisions of New York Criminal Procedure Law ("N.Y. CPL") § 160.50 and because the sealed and redacted material is narrowly tailored

Continued…

Accordingly, in compliance Your Honor's individual practices, Defendant has redacted information relating to Malik Harris in two documents.

Also, in accordance with the procedures set forth for e-filing sealed documents in a civil case in the Southern District of New York, the subject documents, with redactions, are attached to this letter and listed below. For the Court's convenience, the information that is redacted in the documents is marked with red boxes. The documents subject to redactions are as follows:

1. Relevant pages from the Memorandum of Law in Support of Defendant's Opposition to Plaintiffs' Order to Show Cause for Emergency Relief; and

2. Declaration of David Kaen.

For the foregoing reasons, Defendant respectfully request that the Court grant Defendant leave to file the confidential information under seal.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

*Raju Sundaran* /s

Raju Sundaran
Senior Counsel
New York City Law Department

cc: **VIA ECF**
*All Parties on Record*

---

consistent with the implications of N.Y. CPL § 160.50 Defendant did not confer with plaintiffs' counsel. Section IV(A)(ii).

GRANTED. The redacted information is protected by N.Y. CPL § 160.50, and sealing is justified to "to lessen the adverse consequences of unsuccessful . . . criminal prosecutions." *Berry v. Newton*, 06 Civ. 4086, 2008 WL 2876553, at *3 (S.D.N.Y. July 9, 2008).

SO ORDERED.

Dated:  June 10, 2020
        New York, New York

ANALISA TORRES
United States District Judge