# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FLOYD, et al., | No. 08 Civ. 1034 (SAS) |
| Plaintiffs, | DECLARATION OF NEW YORK CITY PUBLIC ADVOCATE JUMAANE D. WILLIAMS |
| - v - | |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

NEW YORK CITY PUBLIC ADVOCATE JUMAANE D. WILLIAMS declares,

pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I submit this affidavit in support of Plaintiffs' Motion to meaningfully include community stakeholders in the *Floyd* monitorship process, particularly with respect to the Monitor's assessments of New York Police Department compliance with court-ordered reforms and constitutional requirements. I am not a party to the above-captioned case.

2. As Public Advocate, I am one of three citywide elected officials, first in line of succession to the Mayor of New York City, and a member of the New York City Council. I have served in this office from February 2019 to present, and previously as Council Member for the 45th District from January 2010-2019.

3. In my time as Council Member, I was the prime sponsor of Local Laws 70 and 71 of 2013 ("the Community Safety Act"), establishing the first Inspector General for the New York Police Department ("NYPD") and prohibiting the usage of bias-based policing. These laws were the direct consequence of the NYPD abuse of the stop-question-and-frisk tactic which gave rise to this litigation.

4. In my capacity as Public Advocate, I communicate regularly with my constituents.  This includes maintaining lines of communication by which constituents can register

complaints about City agency misconduct, including but not limited to the NYPD.  These communications with community members and advocacy organizations such as Communities United for Police Reform are of utmost importance in understanding the lived experiences of New Yorkers which often go overlooked by systems of authority in place.

5.  Such communications were critical in developing and enacting the Community Safety Act.  Involvement of community stakeholders directly in police reform discussions was and remains invaluable in securing community acceptance of the final product.  All too often in the past, lack of transparency around NYPD reform initiatives ended with those reforms seen as superficial and illegitimate by the public, failing to generate meaningful change.

6.  In my capacity as Public Advocate, I can attest to the fact that among New Yorkers of more color, there is a lack of information and clear understanding of the current status of the *Floyd* monitorship and of NYPD stop-question-and-frisk reform overall.  Many are surprised to learn that the monitorship and reform process is an active, ongoing event.

7.  Furthermore, reports of experiences with recent street encounters between my constituents and NYPD officers raise concerns that unconstitutional and racially discriminatory stops are still occurring.  It is critical the *Floyd* monitor and NYPD officials involved in the reform process receive these persons' experiences directly.

8.  I support granting the Plaintiff's Motion because the work done by the Monitor and the stop-question-and-frisk reform movement at large has come too far and means too much to risk falling apart due to lack of transparency or legitimacy among New Yorkers of more color.

Dated:  New York, New York
        July 12, 2021

_____
JUMAANE D. WILLIAMS
PUBLIC ADVOCATE FOR THE CITY OF NEW YORK