UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DAVID FLOYD, *et al.*,

              Plaintiffs,

  -against-

THE CITY OF NEW YORK, *et al.*,

              Defendants.
---------------------------------------------------------X

08 Civ. 1034 (AT)

---------------------------------------------------------X
KELTON DAVIS, *et al.*,

              Plaintiffs,

  -against-

CITY OF NEW YORK, *et al.*,

              Defendants.
---------------------------------------------------------X

10 Civ. 699 (AT)

**[PROPOSED] ORDER MODIFYING THE *FLOYD* REMEDIAL ORDER**

For the reasons stated in this Court's Opinion and Order dated _____, 2021, *Floyd* ECF No. _____; *Davis* ECF No._____, it is hereby ORDERED that the August 12, 2013 Opinion & Order in *Floyd v. City of New York*, *Floyd* ECF No. 372 ("Remedial Order"), as modified by this Court's Order of July 30, 2014, *Floyd* ECF No. 466, is further modified as follows. Additions are indicated by <u>underlined font</u>:

1. Paragraph 6 on pp. 12-13 of the Remedial Order is modified as follows:

   6. The Monitor will regularly conduct compliance and progress reviews to assess the extent to which the NYPD has implemented and complied with the Immediate and Joint Process Reforms <u>to remedy the Court's findings of Fourth and Fourteenth Amendment violations, as set forth in the *Floyd* August 12, 2013 Opinion and Order,</u>

Floyd ECF No. 373, and to comply with the Stipulation and Order Incorporating the Terms and Provisions of the *Floyd/Ligon* Remedial Order into *Davis v. City of New York*, 10 Civ. 0699, *Davis* ECF No. 481. These compliance and progress reviews will include, but are not limited to, the following elements:

    a. Annual community surveys assessing the public's perceptions of and experiences with NYPD's practices regarding investigative street encounters and trespass enforcement in and around public housing complexes. The Monitor shall retain an independent researcher identified by the Community Collaborative Board described in paragraph 10 below to design and conduct the surveys at the NYPD precinct and police service area (PSA) level using participatory action research methods. The survey shall assess the public's perception of both whether stops and/or trespass arrests are supported by adequate legal justification and whether stops and/or trespass arrests are occurring in a racially discriminatory manner. The survey instrument and administration methodology shall be developed in consultation with the parties and the Community Collaborative Board, with whom the Monitor shall also share the survey results data.

    b. Biannual field audits of the stop-and-frisk and trespass enforcement activity of a representative sample of NYPD officers using integrity testing methods. Such field audits shall be conducted by an independent researcher whom the Monitor selects from a list of candidates identified by the Community Collaborative Board and shall examine both whether stop-and-frisk and trespass enforcement activity is supported by adequate legal justification and

      whether stop-and-frisk and trespass enforcement activity is occurring in a racially discriminatory manner;

2. Paragraph 7 on p. 13 of the Remedial Order is modified as follows:

    7. The Monitor will issue public reports every six months detailing the NYPD's compliance with the Immediate and Joint Process Reforms, <u>including, but not limited to, summarizing the results of the compliance and progress reviews described in paragraphs 6(a)-(b) above.</u> The Monitor will also file these reports with the Court, <u>which will hold public status conferences with the Monitor, the parties, and the Community Collaborative Board described in paragraph 10 below at least twice annually until the Monitor's term comes to an end.</u>

3. Paragraph 10 on p. 13 of the Remedial Order is modified as follows:

    10. The Monitor may request technical assistance from outside experts. He may also employ staff assistance as he finds reasonable and necessary. <u>In addition, the Court will appoint a 7-member Community Collaborative Board ("CCB") to advise the Monitor and the Court regarding the NYPD's implementation of and compliance with the Immediate and Joint Process Reforms. The CCB will operate and be funded as described at pp. 244-247 of the Court-Appointed Facilitator's *Joint Remedial Process Final Report and Recommendations* ("Facilitator's Report"), *Floyd* ECF No. 597, *Davis* ECF No. 399, and shall have access to and the ability to publicly share all documents, information and data from the NYPD and Monitor that it needs to complete its work. The CCB's seven (7) members will include two (2) representatives from Communities United for Police Reform, two (2) representatives of NYCHA housing, and three (3) additional</u>

<u>representatives from organizations with a demonstrated record of working on issues related to the NYPD's stop-and-frisk and trespass enforcement practices and of working directly with those communities most heavily impacted by those practices. The CCB's members will select one of the CCB member organizations to oversee hiring of CCB staff.</u>

4. Section II.B.2.c of the Remedial Order is modified as follows:

In light of the complexity of the supervision, monitoring, and disciplinary reforms that will be required to bring the NYPD's use of stop and frisk into compliance with the Fourth and Fourteenth Amendments, it may be appropriate to incorporate these reforms into the Joint Remedial Process negotiations described below. However, to the extent that the Monitor can work with the parties to develop reforms that can be implemented immediately, the Monitor is encouraged to include those reforms in the proposed Immediate Reforms. <u>All Immediate and Joint Process disciplinary reform proposals shall be developed in consultation with the CCB and using a notice and public comment process coordinated by the Monitor.  The public comments on each discipline reform proposal shall be shared with the CCB and the parties before that proposal is finalized, and the CCB may file comments with the Court on any final proposals that the Monitor and/or the parties submit to the Court for approval.</u>

SO ORDERED

Dated: _____, 2021

_____
U.S.D.J.