UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2021

| | |
|---|---|
| DAVID FLOYD, *et al.*, | |
| Plaintiffs, | |
| -against- | |
| CITY OF NEW YORK, | 08 Civ. 1034 (AT) |
| Defendant. | |
| KELTON DAVIS, *et al.*, | |
| Plaintiffs, | |
| -against- | 10 Civ. 699 (AT) |
| CITY OF NEW YORK, | |
| Defendant. | |
| JAENEAN LIGON, *et al.*, | |
| Plaintiffs, | |
| -against- | 12 Civ. 2274 (AT) |
| CITY OF NEW YORK, | **ORDER** |
| Defendant. | |

ANALISA TORRES, District Judge:

    On October 11, 2018, the Court entered an order (the "Confidentiality Order") designating as confidential all information that is shared between the participants in the remedial process in these matters. *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. Oct. 11, 2018), ECF No. 650, at 2–4.[1] Paragraph 8 of the Confidentiality Order requires parties that seek to submit confidential information to the Court to give the other participants notice of the information at issue and an opportunity to move the Court for an order requiring that the information be filed under seal. *Id.* at 6.

---

[1] All cites to the docket refer to the docket in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y.).

On March 24, 2021, after Plaintiffs timely notified the Monitor that they intended to file certain information deemed confidential under the Confidentiality Order (the "Confidential Information"), the Monitor filed on the public docket a motion seeking an order requiring that the Confidential Information be filed under seal and remain sealed (the "Motion to Seal"). ECF No. 819. The Monitor also submitted under seal a letter explaining why such an order would be appropriate, along with exhibits identifying the Confidential Information. ECF Nos. 820, 820-1, 820-2, 820-3.

On March 25, 2021, Plaintiffs filed under seal a motion to compel (the "Motion to Compel"), requesting that the Court direct the Monitor to (i) provide all parties equal access to an unfiled draft document being prepared by the Monitor's team (the "Draft Report"), and (ii) file on the public docket the Draft Report before it is shared with the Court, or show that the sealing of the Draft Report is narrowly tailored to serve a higher value, to comply with the public's constitutional and common-law right of access. ECF No. 824. The Motion to Compel refers throughout to the Confidential Information. *Id.* Further, on April 8, 2021, Plaintiffs submitted under seal a brief opposing the Motion to Seal, arguing that the Court should unseal the Confidential Information within the Motion to Compel, as well as within the documents accompanying the Motion to Seal, on the ground that the Confidential Information's publication is required by the right of access. ECF No. 829. On June 1, 2021, the Monitor filed under seal a consolidated response to the Motion to Compel and Plaintiff's April 8 brief opposing sealing. ECF No. 836.

The Court has considered the parties' arguments regarding access to the Draft Report. Given the Monitor's representation that no party will have access to the Draft Report, a directive requiring equal access is not called for. *See* ECF No. 836, at 4. The Court also concludes that because the Draft Report has not been filed and is not finalized, it is not a document to which the public's right of access applies. *See, e.g.*, *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 139 (2d Cir. 2017); *United States v. Sater*, No. 98 Civ. 1101, 2019 WL 3288389, at *2 n.3 (E.D.N.Y. July 22, 2019) (distinguishing internal court documents such as "early, unpublished drafts of judicial opinions" from filed documents); *cf. United States v. Erie Cty.*, 763 F.3d 235, 240–41 (2d Cir. 2014) (holding that final reports of a monitor submitted to the court are judicial documents). For these reasons, the Motion to Compel is DENIED.

The Court has also considered the parties' arguments regarding the sealing of the Confidential Information. The Court concludes that the First Amendment right of access does not attach to the Confidential Information in the Motion to Compel, because the "logic" prong of the experience and logic test required for the First Amendment right to attach—which asks whether "public access plays a significant positive role in the functioning of the particular process in question," *Erie County*, 763 F.3d at 239 (citation omitted)—is not met. All information relevant to the public's "overseeing" of the "matter of public concern" of the Court's monitorship of the New York Police Department is disclosed in this order. *Erie Cty.*, 763 F.3d at 242. Therefore, the filing of the Motion to Compel on the public docket would not play a "significant positive role" in the functioning of the Court's decision-making process. *United States v. Smith*, 985 F. Supp. 2d 506, 517 (S.D.N.Y. 2013) (quoting *Press–Enter. Co. v. Superior Court of Cal.*, 478 U.S. 1, 8–9 (1986)). Further, after conducting an individualized review of each piece of Confidential Information, the Court has determined that although a weak common

law right of access attaches to the Motion to Compel, *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019), that presumption is overcome by the need to preserve the free flow of information between the Monitor and the parties, *cf. United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998).  Finally, because the Confidential Information is referred to throughout the papers—in both the briefing on the Motion to Compel and the Motion to Seal—redaction would not be practical.  *See United States v. Pirk*, 282 F. Supp. 3d 585, 602–03 (W.D.N.Y. 2017).

      Accordingly, the Motion to Seal is GRANTED.  The Motion to Compel is DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 819 and 824.

      SO ORDERED.

Dated: July 30, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge

3