USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FLOYD, *et al.*,<br><br>       Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>       Defendant. | 08 Civ. 1034 (AT) |
| KELTON DAVIS, *et al.*,<br><br>       Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>       Defendant. | 10 Civ. 699 (AT) |
| JAENEAN LIGON, *et al.*,<br><br>       Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>       Defendant. | 12 Civ. 2274 (AT)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

  On August 12, 2013, the Court found the City of New York (the "City") liable for violating the Fourth and Fourteenth Amendments to the U.S. Constitution due to the New York City Police Department's ("NYPD") stop-and-frisk practices. *Floyd v. City of New York*, 959 F. Supp. 2d 540, 658–67 (S.D.N.Y. 2013). That same day, the Court granted and defined a permanent injunction based on the violations identified in its opinion (the "Remedial Order"). *Floyd v. City of New York*, 959 F. Supp. 2d 668 (S.D.N.Y. 2013).[1] As part of its broad power to determine an appropriate remedial process, the Court appointed Peter L. Zimroth to serve as an independent

---

[1] The Remedial Order also covers the constitutional violations at issue in *Ligon v. City of New York*, No. 12 Civ. 2274 (S.D.N.Y. March 28, 2012). *See Floyd*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013).

monitor to oversee the institution of certain reforms to remedy the NYPD's unconstitutional practices. *Floyd*, No. 08 Civ. 1034, ECF Nos. 384, 473.[2]

On July 29, 2021, Plaintiffs filed a motion requesting that the Court modify the Remedial Order to provide more avenues for community engagement and involvement in the remedial process. *E.g.*, *Floyd*, No. 08 Civ. 1034, ECF No. 840; *see also*, *e.g.*, *Floyd*, No. 08 Civ. 1034, ECF Nos. 373, 466. On August 20, 2021, Mr. Zimroth requested an extension of time to respond to Plaintiffs' motion. *Davis v. City of New York*, No. 10 Civ. 699, ECF No. 585. On November 8, 2021, Mr. Zimroth died. *Floyd*, No. 08 Civ. 1034, ECF No. 877. On January 13, 2022, the Court appointed a new monitor, Mylan L. Denerstein (the "Monitor"). *Id.*

On August 25, 2022, the Monitor filed a letter appending a proposal for a Community Liaison position and a corresponding job description. *E.g.*, *Floyd*, No. 08 Civ. 1034, ECF No. 888. The creation of the Community Liaison position is intended "to engage the community by offering the public, particularly members most impacted by the [NYPD's] . . . stop, question, and frisk policing and trespass enforcement, more opportunities to be heard and to provide input into the Court-ordered remedial reforms." *Id.*

Accordingly, by **September 30, 2022**, Plaintiffs shall file a supplemental brief discussing whether the Monitor's Community Liaison proposal addresses their concerns regarding community engagement and involvement in the remedial process, and whether it leads them to alter the relief requested in their motion. By **October 14, 2022**, the City shall file its response.

Additionally, Mr. Zimroth's August 20, 2021 request for additional time to respond to Plaintiffs' motion is DENIED as moot. *See Davis*, No. 10 Civ. 699, ECF No. 585; *cf. Floyd*, No. 08 Civ. 1034, ECF No. 848.

The Clerk of Court is directed to terminate the motions at *Floyd*, No. 08 Civ. 1034, ECF No. 840, and *Davis*, No. 10 Civ. 699, ECF Nos. 578 and 585.

SO ORDERED.

Dated: September 9, 2022
New York, New York

ANALISA TORRES
United States District Judge

---

[2] On February 4, 2015, the parties in *Davis v. City of New York* adopted by stipulation the remedies set forth in the *Floyd* Remedial Order, including the appointment of the monitor. *Davis*, No. 10 Civ. 699, ECF No. 330 (S.D.N.Y. Feb. 4, 2015).