

<div style="display:flex;justify-content:space-between;">

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
Senior Counsel
phone: (212) 356-2423
tzimmerm@law.nyc.gov

</div>

October 5, 2022

**VIA ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  Re: *David Floyd, et al. v. City of New York, et al.*, 08-CV-1034 (AT);
     *Kelton Davis, et al. v. City of New York, et al.*, 10-CV-699 (AT);
     <u>Response to Plaintiffs' Letter Of September 30, 2022</u>

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to represent the City of New York in the above captioned actions. Defendant writes in response to Plaintiffs' letter of September 30, 2022, in which Plaintiffs request an extension of time to file supplemental briefing in support of the motion they filed on July 29, 2021. Plaintiffs' request for an opportunity to *possibly* support their motion at a later date should be denied, as should the underlying motion.

  To date, the City has expended millions of dollars, and trained or retrained tens-of-thousands of its police officers, and has been found in substantial- or partial-compliance with the vast majority of the compliance tasks. Despite their role as parties to this process every step of the way, Plaintiffs filed the motion at issue in July 2021, requesting that the Court reconsider its previous decisions arising out of the Joint Remedial Process ("JRP"), and adopt an onerous and complex new structure for "Community Engagement" that the Court previously declined to impose. As discussed in the City's and the Monitor's oppositions to that motion,[1] Plaintiffs failed

---

[1] *See generally Floyd*, ECF No. 855 (filed Sept. 14, 2021) *and Davis*, ECF No. 587 (filed Sept. 3, 2021).

to adequately support their request to modify the previous orders with evidence of changed circumstances.[2]

Now, when asked by this Court whether their requested relief from July 2021 is still needed in light of the Monitor's proposal for the appointment of an independent Community Liaison,[3] Plaintiffs' response is: they don't know.[4]

In short, Plaintiffs have requested relief that they are no longer confident is necessary. Rather than withdraw their motion—an action solely within their power—they instead ask that the Court continue to hold that motion "in abeyance" until some as-yet-unspecified date, sixty days after the Community Liaison—who is not even selected yet—proposes their plan to engage the communities at issue. This request should be denied, and the underlying motion should similarly be denied.

Rather than wait for Plaintiffs to decide if they are satisfied with the proposals of the Community Liaison, Defendant respectfully asks the Court to deny Plaintiffs' motion since the relief originally sought was not properly supported by a legal basis for amending the Remedial Order and revisiting the JRP. It would be a waste of judicial resources to keep such a motion on the Court's docket.

For the foregoing reasons, the Court should deny Plaintiffs' request to extend any supplemental briefing to their motion indefinitely and deny that motion in its entirety at this juncture. If the Court does grant Plaintiffs' request, the City requests the ability to respond to any subsequent filing made by Plaintiffs.

Defendant thanks the Court for its consideration of these matters.

Respectfully Submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc:   All Parties (*via ECF*)

---

[2] *See Floyd*, ECF No. 855 at pp. 5–11.

[3] *Davis*, ECF No. 510.

[4] *See Floyd*, ECF No. 891 at 3 ("It remains to be seen whether the Community Liaison's Plan will incorporate the type of meaningful community involvement and oversight contemplated in the Motion's request. . .").