UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FLOYD, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

08 Civ. 1034 (AT)

KELTON DAVIS, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

10 Civ. 699 (AT)

JAENEAN LIGON, et al.,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

12 Civ. 2274 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      In an opinion and order issued on August 12, 2013, the Court held that the New York City Police Department's (the "NYPD") stop-and-frisk practices violated Plaintiffs' Fourth and Fourteenth Amendment rights. *Floyd v. City of New York*, 959 F. Supp. 2d 540, 658–67 (S.D.N.Y. 2013). In a separate order issued the same day (the "Remedial Order"), the Court directed the NYPD to institute certain reforms to remedy its unconstitutional practices and appointed an independent monitor (the "Monitor") to oversee the institution of those reforms. *Floyd v. City of*

*New York*, 959 F. Supp. 2d 668 (S.D.N.Y. 2013)[1]; *Floyd*, No. 08 Civ. 1034, ECF Nos. 384, 473, 877.[2]

On July 29, 2021, Plaintiffs filed a motion requesting that the Court modify the Remedial Order to provide more avenues for community engagement and involvement in the remedial process. *E.g.*, *Floyd*, No. 08 Civ. 1034, ECF No. 840; *see also*, *e.g.*, *Floyd*, No. 08 Civ. 1034, ECF Nos. 373, 466.

On August 25, 2022, the Monitor filed a letter appending a proposal for a community liaison position and a corresponding job description. *Floyd*, No. 08 Civ. 1034, ECF No. 888.[3] In order to identify suitable individuals for the position, the Monitor established a selection committee consisting of representatives from Plaintiffs, the City (together, the "Parties"), and the Monitor team (collectively, the "Selection Committee"). *Floyd*, No. 08 Civ. 1034, ECF No. 897 at 2. The Selection Committee jointly reviewed applications, identified candidates to interview, interviewed the candidates and, "by consensus, recommended candidates to the Monitor and the Court." *Id.* The Parties also assembled a community advisory group, which interviewed the final candidates and "provided their input directly to the Monitor." *Id.* The Court interviewed the finalists and has decided to appoint Germain Thompson as the community liaison (the "Community Liaison").

Mr. Thompson is a community organizer at the Legal Aid Society, where he conducts and coordinates community education workshops and campaigns, including "know your rights" workshops within the community. In his role, he has organized rallies, protests, and lobbying efforts, coordinated voter registration events, and conducted surveys on community needs. He also regularly plans basketball tournaments to raise awareness and funds for youth and young adults impacted by gun, domestic, and street violence. He has spoken at events on police reform, violence, and community organizing.

Mr. Thompson was born in Queens, New York, and raised in South Carolina. He graduated from the United States Air Force School and served in the United States Air Force. He will be committed to the communities which have been negatively impacted by the NYPD's stop-and-frisk practices and will foster relationships within those communities and with grassroots organizations.

---

[1] The Remedial Order also covers the constitutional violations at issue in *Ligon v. City of New York*, No. 12 Civ. 2274 (S.D.N.Y. March 28, 2012). *See Floyd*, 959 F. Supp. 2d 668, 671 (S.D.N.Y. 2013).

[2] On February 4, 2015, the parties in *Davis v. City of New York* adopted by stipulation the remedies set forth in the *Floyd* Remedial Order, including the appointment of the monitor. *Davis*, No. 10 Civ. 699, ECF No. 330 (S.D.N.Y. Feb. 4, 2015). On January 13, 2022, the Court appointed Mylan L. Denerstein to replace the late Peter L. Zimroth as monitor. *Floyd*, No. 08 Civ. 1034, ECF No. 877.

[3] On September 9, 2022, in light of the Monitor's proposal, the Court ordered supplemental briefing on Plaintiffs' motion. *Floyd*, No. 08 Civ. 1034, ECF No. 889. Plaintiffs now request that the Court "hold Plaintiffs' motion in abeyance for a period of sixty days following the finalization of the Community Liaison's [p]lan," or, alternatively, were the Court to deny Plaintiffs' request and motion, that "any such denial be without prejudice to move for similar relief at some future date." *Floyd*, No. 08 Civ. 1034, ECF No. 891 at 1. The City of New York (the "City") opposes Plaintiffs' requests and motion, *Floyd*, No. 08 Civ. 1034, ECF No. 892, and the Monitor requests that the Court deny Plaintiffs' motion, *Floyd*, No. 08 Civ. 1034, ECF No. 897. The Court shall address Plaintiffs' requests and motion in a separate order.

Accordingly, the "Community Engagement Liaison Framework," *Floyd*, No. 08 Civ. 1034, ECF No. 888-1, is ADOPTED, and the Community Liaison is directed to undertake the role and carry out the functions set forth therein.

SO ORDERED.

Dated: December 16, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge