**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mylan L. Denerstein
Direct: +1 212.351.3850
Fax: +1 212.351.6350
MDenerstein@gibsondunn.com

May 1, 2025

**VIA ECF**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

Re:  *Floyd, et al. v. City of New York*, 08-CV-1034 (AT),
*Ligon, et al. v. City of New York, et al.*, 12-CV-2274 (AT),
*Davis, et al. v. City of New York, et al.*, 10-CV-0699 (AT),
CUNY ISLG Study of NYPD Stop and Frisk

Dear Judge Torres:

In this Court's February 12, 2021, order, *Floyd* ECF Doc. 817, the Court approved studies to examine compliance with applicable legal requirements in police-civilian encounters, racial disparities in officers' compliance in those encounters, and whether those encounters are appropriately documented. One study was undertaken by the City University of New York's Institute for State and Local Governance (ISLG).  I am pleased to submit the ISLG's report on its study.

The study examined police encounters recorded by body-worn cameras (BWCs) between March 16 and May 15 of 2022. A team of retired New York State judges reviewed the recordings and related documentation of police-civilian encounters to determine their compliance with the Fourth Amendment.

While the ISLG study was conducted independent of the Monitor team, the results of the study are similar to the Monitor's findings in our recent reports.  The team of judges found that unconstitutional stops were particularly prevalent among those stops that were self-initiated by officers and those conducted by officers assigned to a Neighborhood Safety Team (NST).  The study also found that supervisors very rarely identified unconstitutional stops, searches, and frisks. As a result, officers did not receive timely notice of improper actions taken in the field.

With respect to documentation of stops, the study found that for encounters that officers categorized as a stop, the officers failed to submit a stop report for 23% of people stopped.  For

GIBSON DUNN

Honorable Analisa Torres
May 1, 2025
Page 2

encounters that officers categorized as a low-level encounter (i.e., not a stop, arrest or summons), the judges identified stops that were not documented in 3% of the encounters.

Respectfully,

*Mylan L. Denerstein*

Mylan L. Denerstein
Independent Monitor

Attachment:   An Examination of NYPD Stop and Frisk Practices